IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:15-cv-01723-AJT-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-44, | ) | |
| | ) | |
| *Defendants in rem.* | ) | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**CERTAIN DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO SET ASIDE THE ENTRY OF DEFAULT**

Defendants Liwei Liu, Dongdong Xu, Teng Wang, Xiaosheng Liu, and Feng Yan

(collectively, "Certain Defendants"), by counsel, pursuant to Fed. R. Civ. P. 55(c), hereby submit

this Memorandum in Support of Motion to Set Aside the Entry of Default obtained by Plaintiff

Associated Recovery, Inc. ("Plaintiff" or "Associated Recovery").  Certain Defendants are the

holders in interest of certain of the domain names against which this *in rem* action is brought, as follows: Liwei Liu (yyg.com), Dongdong Xu (yrn.com), Teng Wang (vcz.com), Xiaosheng Liu (fny.com and zhd.com), and Feng Yan (zulin.com).

## I.     Facts

### A.      Service of Complaint

On December 31, 2015, Associated Recovery filed the present *in rem* action against various domain names, claiming a violation of the Federal Anticybersquatting Consumer Protection Act ("ACPA").  (*See* ECF 1.)  On January 20, 2016, Associated Recovery filed a Motion for an Order to Publish Notice of Action ("Motion").  (*See* ECF 3; ECF 4.)  In its Memorandum in support of the Motion, Associated Recovery alleged to have sent the notices "to the postal and e-mail addresses set forth in the registrations for the Domain Names."  (ECF 4 at 4.)  The Declaration in support of the Motion further clarified that the Plaintiff purported to send a copy of the Complaint "to each of the defendants via e-mail, using the e-mail addresses provided on the Whois records for each of the Internet domain names at issue," and further directed a letter to be sent "to each postal and e-mail addresses set forth in the registrations for the Domain Names" on December 31, 2015.  (ECF 4-1 ¶ 4.)  The Memorandum and Declaration in support of the Motion, however, do not provide any certificates of service of the sending of the Complaint, or identify the specific addresses to which the Complaint was allegedly sent. Rather, the Memorandum only attached "representative copies" of the alleged notices, which themselves concerned just two of the over 40 domain names.[1]  (*Id.* at Composite Attachment 1 and Attachment 2.)  On January 27, 2016, this Court issued an Order to Publish Notice of Action

---

[1] Although one of the two domain names is fny.com, which is one of the six additional domain names that is the subject of this motion, at this time it is not clear that the holder of the domain actually received the notices that were sent.

("Order") and directed that a copy of the Order be published in *The Washington Times* "within fourteen (14) days after entry of this Order."  (ECF 6, ¶ 1.)  The Court further ordered that "[a]ny answer or other response to the Complaint should be filed . . . within twenty-one (21) days from the date of publication of this Order in The Washington Times."  (ECF 6, ¶ 2(C).)  Associated Recovery advised the Court that it published the Court's Order in *The Washington Times* on February 3, 2016.  (*See* ECF 7; ECF 7-1.)

B.      **Efforts to Respond to Plaintiff's Complaint**

Many of the domain names in this case are owned by Chinese parties.  Undersigned counsel have been communicating with a third-party agent in China who has located and established communications with some of the Chinese owners of the domain names that are the subject of this action.  (*See* Declaration of Zunxuan Chen in Support of Certain Defendants' Motion to Set Aside the Entry of Default, dated March 3, 2016 ("Chen Decl.") ¶ 6.)  The third-party agent in China and the undersigned counsel have worked diligently to obtain information regarding the parties in this case.  Communications with the Chinese parties, however, has been frustrated by their unfamiliarity with legal proceedings, negotiations to obtain U.S. legal counsel, communication challenges, time zone differences, and the Chinese New Year festivities, which occurred during February 7-13, 2016 and during which almost all Chinese take off from work and businesses close.  (*Id.* ¶¶ 4-6.)

Based on the efforts of the undersigned counsel and the third-party agent, at the time of the original February 24, 2016 date to respond to the Complaint the undersigned counsel had been then recently retained for this case or were in the process of being retained by defendants who are the owners of a subset of domain names in this case.

Accordingly, shortly before the deadline for any answer, undersigned counsel met and conferred with counsel for Associated Recovery, and the parties agreed to extend the deadline for those defendants to file a response to March 25, 2016.  (ECF 8.)  On February 24, 2016, undersigned counsel filed a Consent Motion for Extension of Time for Certain Defendants to Respond to Plaintiff Associated Recovery, LLC's Complaint ("Consent Motion") (ECF 8), which the Court granted on February 29, 2016, thereby extending the deadline for those defendants to file their response to Plaintiff's Complaint to March 25, 2016 (ECF 11).

**C.      Entry of Default Against Certain Defendants**

On February 25, 2016, Associated Recovery sought an entry of default by the Clerk against the remaining Internet domain names that were not part of the Consent Motion, including yyg.com, yrn.com, vcz.com, fny.com and zhd.com, and zulin.com.  (ECF  9.)  The Clerk granted the entry of default against these domain names on February 26, 2016 (ECF 10), and then granted an amended entry of default on February 29, 2016 (ECF 12).

**D.      Representation of Additional Defendants**

Recently, undersigned counsel learned that the Chinese third-party agent has identified 6 additional domain names and defendants by whom the undersigned counsel are in the process of being retained, and further has clarified certain information concerning the original domain names that were the subject of the Consent Motion.

Specifically, as shown by the revised list below, undersigned counsel is in the process of being retained by the domain names yyg.com, yrn.com, vcz.com, fny.com, zhd.com, and zulin.com and the Certain Defendants Liwei Liu, Dongdong Xu, Teng Wang, Xiaosheng Liu, and Feng Yan.  Further, the corresponding defendant names for six of the original domain names have been clarified, and undersigned counsel hereby advises that they no longer represent two

4

other of the original domains, fx2.com and taolv.com.  An updated list of domain names and

defendants that undersigned counsel has been retained by or is in the process of being retained by

is below:[2]

| Domain Name | Defendant Name |
|---|---|
| meq.com | Jinwu Chen |
| yjr.com | Xumin Huang |
| sqg.com* | Feng Lu |
| xsg.com* | |
| zdp.com | |
| ycx.com | |
| yqp.com | Yuhua Jiang |
| ygx.com | |
| qmh.com | |
| yqt.com* | |
| pixie.com | Zhilong Chu |
| 028.com | Yaoguang Zhu |
| wyd.com | Yanbin Lin |
| kxw.com* | Yu Lin |
| kmq.com* | Xiaofeng Lin |
| xaq.com* | |
| kxq.com | |
| lnm.com | |
| kgj.com | |
| luohe.com | Fengjing Zheng |
| zzm.com | Xiaoying Li |
| xff.com | |
| yyg.com | Liwei Liu |
| yrn.com | Dongdong Xu |
| vcz.com | Teng Wang |
| fny.com | Xiaosheng Liu |
| zhd.com | |
| zulin.com | Feng Yan |

Certain Defendants now file this Motion to Set Aside Entry of Default.  Notably, Certain

Defendants propose to respond to Plaintiff's Complaint on or before March 25, 2016, i.e., the

---

[2] The domain names marked with an asterisk (*) were identified in the Consent Motion with an incorrect Defendant name, which has been corrected in the table above.  (*See* ECF No. 8.)  The above list also has some minor spelling changes to some of the Defendant names previously identified in the Consent Motion.

same date on or before the defendants identified in the Consent Order will respond.  Pursuant to

Local Civil Rule 7(E), counsel for Certain Defendants have met and conferred in good faith with

Plaintiff regarding this motion, but Plaintiff did not consent to lifting the entry of default.

## II.     Argument

Pursuant to Rule 55(c), the "court may set aside an entry of default for good cause."  Fed.

R. Civ. P. 55(c).  The Fourth Circuit has "'repeatedly expressed a strong preference that, as a

general matter, defaults are to be avoided and that claims and defenses be disposed of on their

merits.'"  *Saurikit, LLC v. cydia.com*, No. 1:11CV0888 JCC/JFA, 2011 WL 5843638, at *2 (E.D.

Va. Nov. 21, 2011) (Anderson, J.) (quoting *Colleton Preparatory Academy, Inc. v. Hoover*

*Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)).  In considering whether to set aside an entry

of default:

> a district court should consider whether the moving party has a meritorious
> defense, whether it acts with reasonable promptness, the personal responsibility of
> the defaulting party, the prejudice to the party, whether there is a history of
> dilatory action, and the availability of sanctions less drastic.

*Colleton*, 616 F.3d at 417.  "Rule 55(c) should be 'liberally construed . . . to provide relief from

the onerous consequences of defaults and default judgments.'"  *Byron v. EMC Mortgage Corp.*,

No. CIV.A. 3:09-CV-197-H, 2009 WL 1838993, at *5 (E.D. Va. June 24, 2009) (quoting

*Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)).

### A.     Certain Defendants Promptly Filed This Motion

Undersigned counsel recently learned that the third party agent identified additional

parties, the Certain Defendants, by whom the undersigned counsel are in the process of being

retained.  The Certain Defendants promptly filed this motion to set aside the entry of default,

only seven days after the original grant of the entry of default on February 26, 2016.  This Court

has previously found that a motion to set aside a clerk's entry of default was filed promptly when

it was filed 29 days after the entry of default and 27 days after the defendant was served with the motion for default judgment. *Saurikit*, 2011 WL 5843638, at *2. None of the Certain Defendants have delayed in responding to this case in bad faith, and instead, have promptly taken actions to respond once notified and appreciative of this matter. (Chen Decl. ¶ 7.)

### B.   Plaintiff Will Not Be Prejudiced By Lifting The Entry of Default

In determining whether setting aside the default would prejudice the non-defaulting party, courts consider whether the delay:

> (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud.

*Saurikit*, 2011 WL 5843638, at *5 (citing *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009)). "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418.

Importantly, there is no additional delay to Plaintiff by setting aside the entry of default as to the Certain Defendants. Plaintiff has already agreed to an extension for some defendants to file their answer to March 25, 2016, and Certain Defendants propose to respond on or before that same date. Setting aside the entry of default, and permitting the Certain Defendants to similarly respond to the Complaint by that deadline therefore would not create any further delay.

### C.   Certain Defendants Have A Meritorious Defense

"[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

As part of its claim of violation of the ACPA, Plaintiff must allege that the Certain Defendants (1) "'had a bad faith intent to profit from using the [] domain name,'" and (2) that the

"'domain name is identical or confusingly similar to, or dilutive of, the distinctive [] mark.'" *See Lamparello v. Falwell*, 420 F.3d 309, 318 (4th Cir. 2005) (quoting *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)) (discussing the elements of a cybersquatting claim).  Thus, Plaintiff must claim a trademark right.  Plaintiff, however, does not claim any trademark registrations, and therefore must make these claims under common law, which is "acquired by actual use of the mark in commerce."  *See Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 598 (E.D. Va. 2013).  Yet Plaintiff does not have any common law trademark rights.  Indeed, as discussed in the Complaint, Plaintiff has not used these marks for almost four years.  (ECF 1 ¶ 3.)  Certain Defendants, on the other hand, have been using the marks since that time.  Because Plaintiff does not have any trademark rights, it cannot assert an ACPA claim.

Certain Defendants, moreover, are bona fide purchasers of value of the domain names, as "the Northern District of Texas issued several orders permitting the receivership to sell at least some of the Subject Domain Names."  (*Id.* ¶ 241.)  Further, the Northern District of Texas appointed Damon Nelson to manage the Subject Domain Names.  (*Id.* ¶ 244.)  Contrary to Plaintiff's assertion, Certain Defendants did not know that Nelson allegedly did not have authority to manage and transfer the domain names, and they acted in good faith in acquiring the domain names.  (*See id.* ¶ 245.)

Similarly, Plaintiff's conversion claim will also fail because conversion requires a transfer done without permission. As discussed above, however, the Certain Defendants all purchased the domain names with the authorization of a court order, and Certain Defendants are bona fide purchasers of the domains, with no notice of any wrongdoing in the transfer of the domain names.  *See Fed. Ins. Co. v. Smith*, 144 F. Supp. 2d 507, 519-20 and n.28 (E.D. Va.

2001) *aff'd*, 63 F. App'x 630 (4th Cir. 2003) (noting that a transferee is not liable for conversion where they take possession for valuable consideration).

Plaintiff's quiet title claim will fail for the same reason because Plaintiff must "prove that [it] has superior title to the property."  *See Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F. Supp. 2d 714, 719 (W.D. Va. 2011).  As Certain Defendants are bona fide purchasers, they have superior title, and Plaintiff's claim should fail.

### D.      Remaining Factors

There has been no history of dilatory action by Certain Defendants.  Rather, Certain Defendants have been diligently attempting to obtain relevant information and understand the import of these proceedings in consultation with counsel.  (Chen Decl. ¶ 7.)  The remaining factors will not weigh against Certain Defendants, as Certain Defendants will respond to the Complaint by March 25, 2016.

### III.   Conclusion

WHEREFORE, for the foregoing reasons, the Certain Defendants respectfully request that the Court GRANT its motion setting aside the entry of default (ECF 10) and amended entry of default (ECF 12) and for such other further relief as is appropriate.

Dated:  March 4, 2016                    Respectfully submitted,

                                         _/s/ Claire M. Maddox_
                                         Lora A. Brzezynski, VSB No. 36151
                                         Claire M. Maddox, VSB No. 71230
                                         Dentons US LLP
                                         1900 K Street, NW
                                         Washington, DC  20006
                                         202-496-7500 (phone)
                                         202-496-7756 (fax)
                                         lora.brzezynski@dentons.com
                                         claire.maddox@dentons.com

                                         *Counsel for Defendants Jinwu Chen,*
                                         *Xumin Huang, Feng Lu, Yuhua Jiang,*
                                         *Zhilong Chu, Yaoguang Zhu, Yanbin Lin,*
                                         *Yu Lin, Xiaofeng Lin, Fengjing Zheng,*
                                         *Xiaoying Li, Liwei Liu, Dongdong Xu,*
                                         *Teng Wang, Xiaosheng Liu, Feng Yan*

Of Counsel:

Steven M. Geiszler
Zunxuan D. Chen
Dentons US LLP
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
214-259-0900 (phone)
214-259-0910 (fax)
steven.geiszler@dentons.com
digger.chen@dentons.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of March 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle (VSB 71483)
Levy & Grandinetti
Suite 304
1120 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 429-4560
Fax: (202) 429-4564
mail@levygrandinetti.com

*Counsel for Associated Recovery, LLC*

Dated:  March 4, 2016

*/s/ Claire M. Maddox*
Claire M. Maddox, VSB No. 71230
Dentons US LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500 (phone)
202-496-7756 (fax)
claire.maddox@dentons.com

*Counsel for Defendants Jinwu Chen,
Xumin Huang, Feng Lu, Yuhua Jiang,
Zhilong Chu, Yaoguang Zhu, Yanbin Lin,
Yu Lin, Xiaofeng Lin, Fengjing Zheng,
Xiaoying Li, Liwei Liu, Dongdong Xu,
Teng Wang, Xiaosheng Liu, Feng Yan*

DC 51296728.5