**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| Associated Recovery, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cv-1723-AJT-JFA |
| v. | ) | |
| | ) | |
| John Does 1-44, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Plaintiff Associated Recovery,

LLC (the "Plaintiff" or "Associated Recovery"), submits this memorandum of points and

authorities in support of its Motion for Default Judgment transferring the following domain names to the Plaintiff: 744.com, 3dcamera.com, fxf.com, jtz.com, kou.com, ocu.com, ruten.com, sdu.com, uhw.com, vgj.com, yey.com, yjx.com, ylz.com, and yte.com. (collectively the "Defaulted Domain Names").[1]

The Defaulted Domain Names have failed to appear in response to sufficient and valid service of process pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The Plaintiff now seeks entry of Default Judgment and an order transferring the Defaulted Domain Names to the Plaintiff.[2] In support of the Plaintiff's Motion for Default Judgment the Plaintiff states as follows.

## I. INTRODUCTION

The Plaintiff brings its Motion for Default Judgment pursuant to FED. R. CIV. P. 55(b)(2) and requests entry of default judgment against the Defaulted Domain Names transferring control of those domain names to the Plaintiff. Each of the Defaulted Domain Names is identical to trademarks owned by the Plaintiff. The Plaintiff's trademarks were distinctive and/or famous at

---

[1] Nothing herein shall be construed to affect claims that the Plaintiff may have against other persons or entities responsible for the loss of these domain names.

[2] The Plaintiff also requested the entry of default against the following domain names: fny.com, vcz.com, yrn.com, yyg.com, zhd.com, and zulin.com (the "Six Defaulted Domain Names"). The Clerk entered default against each of the Six Defaulted Domain Names. However, after the Clerk's entry of default, the Plaintiff's counsel received a telephone call from the remaining Defendants' counsel of record indicating that they were being retained by the Six Defaulted Domain Names. A Motion to Set Aside Default was filed today for these Six Defaulted Domain Names. Therefore, the Plaintiff has not moved for default judgment against the Six Defaulted Domain Names at this time. The Plaintiff's decision not to pursue a judgment at this time is a professional courtesy and is not a waiver of any rights the Plaintiff has against the Six Defaulted Domain Names or the Plaintiff's right to request judgment, default or otherwise, against them at a later time.

the time when each of the Defaulted Domain Names was registered to the current registrants, and they remain so to this day. Each of the Defaulted Domain Names, after being improperly taken, was wrongfully registered and is currently being maintained and used by a registrant who lacks any rights or legitimate interests in the Defaulted Domain Names. Finally, each of the Defaulted Domain Names was registered in bad faith and/or is being used in bad faith without the Plaintiff's permission.

The Defaulted Domain Names have defaulted in this action and thereby conceded the truth of the allegations in the Plaintiff's Complaint of violations of the ACPA, quiet title and conversion. There is no genuine issue of fact remaining in this suit as it pertains to the Defaulted Domain Names, and default judgment should be entered against the Defaulted Domain Names providing the Plaintiff with the requested relief by transferring the Defaulted Domain Names to the Plaintiff.

## II.   FACTUAL BACKGROUND

### A.   The Plaintiff and Its Trademark Rights

The Plaintiff is a Limited Liability Company organized and existing under the laws of Wyoming with a principal business address of 1623 Central Avenue, Suite 201, Cheyenne, Wyoming 82001. ECF No. 1, para. 3. The Plaintiff is the assignee of the Defaulted Domain Names, and their associated trademark and goodwill. *Id*., paras. 4 and 106. *See also* para. 103. Included in the assignment was the right for the Plaintiff to sue and to recover possession of the Defaulted Domain Names and recover damages for past, present, and future infringements, dilution, misuse, misappropriation, and other violations. *Id*.

Until 2012, the Plaintiff's predecessor-in-interest was the named registrant of the Defaulted Domain Names. *Id*., paras. 3, 107, 114, 123, 126, 135, 153, 162, 165, 174, 180, 198, 207, 210, and 222. The Plaintiff's predecessor-in-interest and earlier predecessors-in-interest had acquired the Defaulted Domain Names at various times from 2001 through 2004. *Id*., paras. 3 and 102. Three-letter and three-number domain names were often chosen as initials and acronyms for the products and services of the Plaintiff's predecessors-in-interest, and as the trademark names of the websites owned and operated by the Plaintiff's predecessors-in-interest. Such letter and number strings are the subject of frequent Internet searches by consumers and are, therefore, valuable as e-commerce site names. *Id*., para. 105. For over 13 years the Plaintiff's predecessors-in-interest used the domain names in United States commerce in association with e-commerce websites to advertise products for others such as furniture, watches, shoes, computers, groceries, antiques, and eyewear. *Id*., para. 104. The domain names and e-commerce websites were also used to provide a wide range of useful information, links to other sites, and other online services in the fields of sports, travel, shopping, politics, retail services, and videos. *Id*.

### B.     Defendant Defaulted Domain Names

744.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "ID Shield Service" of "5/F Hong Kong Trade Centre, 161-167, DesVoeux Road Central, Hong Kong, 999077, China." ECF No. 1, para. 5 and Exhibit 1 thereto.

3DCAMERA.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "taesong chong" of "D-805 central star, bujeion jin-gu, busan, Korea." *Id*., para. 7 and Exhibit 3 thereto.

FXF.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "whoisguard protected" of "P.O. Box 0823-03411, Panama, Panama." *Id*., para. 10 and Exhibit 6 thereto.

JTZ.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "liuming" of "Chang Su, A2-505 Linhai mountainvilla, ShenZhen,518003, China." *Id*., para. 11 and Exhibit 7 thereto.

KOU.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "WHOIS AGENT" of "17F, No.138 Zhognshan Avenue, Guangzhou, GD, 510000, China." *Id*., para. 14 and Exhibit 10 thereto.

OCU.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "Whois Privacy Corp" of "Ocean Centre, Montagu Foreshore, East Bay Street, Nassau, Bahamas." *Id*., para. 20 and Exhibit 16 thereto.

RUTEN.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "MrChen" of "Fujian, bei jing, bei jing, 100824, China." *Id*., para. 23 and Exhibit 19 thereto.

5

SDU.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "Xiamen eName Network Co., Ltd." of "Software Park wanghai Road No. 19, 603, Xiamenshi Fujian 361000 China." *Id*., para. 24 and Exhibit 20 thereto.

UHW.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "zhaolei, Yueqing 365 Zhao Lei" of "zhe jiang, wen zhou shi, zhe jiang, 325600, China." *Id*., para. 27 and Exhibit 23 thereto.

VGJ.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations is currently registered in the name of "Xiamen eName Network Co., Ltd." of "Software Park wanghai Road No. 19, 603, Xiamenshi Fujian 361000 China." *Id*., para. 29 and Exhibit 25 thereto.

YEY.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "YinSi BaoHu Yi KaiQi (Hidden by Whois Privacy Protection Service)" of "3/F., HiChina Mansion, No.27 Gulouwai Avenue, Dongcheng District, Beijing 100120,China." *Id*., para. 35 and Exhibit 31 thereto.

YJX.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "linchunmei" of "ruanjianyuan, Guangzhoushi, Guangdong, 510665, China." *Id*., para. 38 and Exhibit 34 thereto.

YLZ.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is currently registered in the name of "ChenLongshui,

Bozong Net.Ltd" of "shen zhen shi, guang dong, 518000, China." *Id*., para. 39 and Exhibit 35 thereto.

YTE.COM is an Internet domain name which, according to records in the WHOIS database of domain name registrations is currently registered in the name of "Lior Navi" of "Hanasi 6, Haifa, 34323, Israel." *Id*., para. 43 and Exhibit 39 thereto.

### C. The Current Proceeding

The Plaintiff filed this action against the Defaulted Domain Names on December 31, 2015. (*See* ECF No. 1.) The Complaint seeks the transfer of the Defaulted Domain Names[3] to the exclusive ownership and control of the Plaintiff for violation of the ACPA, as well as relief under claims of quiet title and conversion. *Id*.

The Plaintiff provided the owners of the Defaulted Domain Name registrations with notice of the alleged violations and the Plaintiff's intent to proceed under the Anticybersquatting Consumer Protection Act, which included a copy of the Complaint as filed. *See* ECF No. 4-1, Declaration of Rebecca J. Stempien Coyle in Support of Plaintiff's Motion for Order to Publish Notice of Action (Jan. 20, 2016) ("Coyle Jan. 20, 2016, Decl."), para. 4, and Composite Attachment 1. The notices were sent to the postal and e-mail addresses on file with the registrars of the Defaulted Domain Names. *Id*.; *see also* ECF No. 1, para. 100.

---

[3] The Complaint seeks the same relief for the same legal violations against 30 other domain names. However, the current registrants for these other domain names have either recently appeared and requested additional time to respond to the Complaint or are the Six Defaulted Domain Names. Therefore, at this time the Plaintiff's request for default judgment pertains only to the Defaulted Domain Names. The Plaintiff reserves its rights to seek full relief as requested in the Complaint and as the Court may deem fit from these other recently appeared domain names at the appropriate time.

On January 20, 2016, the Plaintiff filed a Motion for Service by Publication. *See* ECF Nos. 3-5. On January 27, 2016, the Court granted the Plaintiff's Motion for Service by Publication and ordered the Plaintiff to publish the Order providing notice to the Defaulted Domain Names in *The Washington Times* once within fourteen (14) days after entry of the Order. *See* ECF No. 6. The Order further directed the Plaintiff to file a declaration within twenty (20) days after entry of the Order describing the steps that the Plaintiff had taken to comply with the Order. *Id*. The Plaintiff caused the Order of Service by Publication to be published in *The Washington Times* on February 3, 2016. *See* ECF No. 7-1, Declaration or Rebecca J. Stempien Coyle in Support of Plaintiff's Notice of Declaration Regarding Publication (Feb. 16, 2016) ("Coyle Feb. 16, 2016, Decl."), paras. 4-5 and Exhibit A thereto. The Plaintiff filed its declaration describing compliance with the Order on February 16, 2016. ECF No. 7. The Clerk entered a default against the Defaulted Domain Names on February 29, 2016. *See* ECF No. 12.[4]

### III. ARGUMENT

#### A. This Court Has Subject Matter and *In Rem* Jurisdiction over the Defaulted Domain Names

The Plaintiff brought this action on December 31, 2015, alleging violations of the ACPA, seeking to quiet title and alleging conversion. ECF No. 1. The Plaintiff is seeking *in rem* injunctive relief in the form of a transfer of the Defendant domain names, including the Defaulted Domain Names, to the sole ownership and control of the Plaintiff. *Id*. Pursuant to

---

[4]The February 29, 2016, entry of default was an amended entry of default. The first entry of default entered on February 26, 2016, appears to have inadvertently omitted one of the defaulted domain names. *Compare* ECF Nos. 10 and 12.

15 § U.S.C. 1125(d) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction with respect to the Plaintiff's claims arising under federal law.

The Court further has *in rem* jurisdiction over the Defaulted Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) because the Plaintiff, despite the exercise of due diligence, was not able to find a person who would be a defendant in a civil action under 15 U.S.C. § 1125(d)(1). ECF No. 1, paras. 93-94, 99, and 255. The Plaintiff's due diligence included: (1) sending notice of the alleged violation and intent to proceed under the ACPA (and notice of every other filing by the Plaintiff in this proceeding to-date) to the registrants of the Defaulted Domain Names at the postal and email addresses provided in the registration records for the Defaulted Domain Names, (ECF No. 4-1, Coyle Jan. 20, 2016, Decl., para. 4) and (2) publishing notice of the action in *The Washington Times* as directed by the Court (ECF No. 7-1, Coyle Feb. 16, 2016, Decl., para. 4-5). Pursuant to 15 U.S.C. § 1125(d)(2)(C), *in rem* jurisdiction and venue are proper in this district since the Defaulted Domain Names are all .COM domain names, and the .COM domain name registry, VeriSign, Inc. ("VeriSign"), is situated in this judicial district.

**B.     The Plaintiff Has Met the Service of Process Requirements under the ACPA**

As noted above, the Plaintiff has brought an *in rem* action under the ACPA, and the identity of the Defaulted Domain Names' registrant(s) is unknown. Pursuant to the terms of the ACPA, service may therefore be effected by (1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant(s), and (2) publishing notice of the action as directed by the Court. 15 U.S.C. § 1125(d)(2)(A)(ii)(B).

On January 20, 2016, the Plaintiff filed a Motion for Service by Publication. *See* ECF Nos. 3-5. On January 27, 2016, the Court granted the Plaintiff's Motion for Service by

Publication and ordered the Plaintiff to publish the Order providing notice to the Defaulted Domain Names in *The Washington Times* once within fourteen (14) days after entry of the Order. *See* ECF No. 6. The Order further directed the Plaintiff to file a declaration within twenty (20) days after entry of the Order describing the steps that the Plaintiff had taken to comply with the Order. *Id*. The Plaintiff caused the Order of Service by Publication to be published in *The Washington Times* on February 3, 2016. *See* ECF No. 7-1, Coyle Feb. 16, 2016, Decl., paras. 4-5 and Exhibit A thereto. The Plaintiff filed its declaration describing compliance with the Order on February 16, 2016. ECF No. 7. The Plaintiff has thereby satisfied the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii) and adequately served process.

### C.   The Clerk Has Entered Defaults as to the Defaulted Domain Names

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Pursuant to the FED. R. CIV. P. 55(a) the Clerk entered default against the Defaulted Domain Names because the time for filing a responsive pleading had passed and the Defaulted Domain Names had not pled or otherwise defended in this action. The Plaintiff provided notice of the alleged violations and its intent to proceed *in rem* in the United States District Court for the Eastern District of Virginia, including a copy of the Complaint. ECF No. 4-1, Coyle Jan. 20, 2016, Decl., para .4; *see also* ECF No. 1, para. 100. The notices were sent to the postal and e-mail addresses set forth in the registration records for the Defaulted Domain Names. *Id*.

In accordance with the January 27, 2016, Order of Service by Publication, the Defendant Defaulted Domain Names' answer or other response was due no later than February 24, 2016. The Defaulted Domain Names did not request, and the Court did not grant, any formal extension of time of the deadlines set forth in the January 27, 2016, Order. The Defaulted Domain Names have failed to answer or otherwise respond to the Plaintiff's Complaint.

The facts, supported by the uncontroverted declarations filed in this action, clearly demonstrate that the Defaulted Domain Names, and anyone acting on their behalf, and the Defendants John Does 1, 3, 6, 7, 10, 16, 19, 20, 23, 25, 31, 34, 35, and 39, had at least constructive notice if not actual notice of this action.[5] Yet the Defendants and Defaulted Domain Names failed to appear or otherwise defense this action. Therefore, the Clerk appropriately entered default against the Defaulted Domain names pursuant to FED. R. CIV. P. 55(a).

### D.     The Plaintiff Has Sufficiently Pled a Claim under the ACPA

The Defaulted Domain Names have failed to appear or otherwise defend against the Complaint and therefore they are deemed to have admitted each of the well-pled allegations set forth therein. *See* FED. R. CIV. P. 8(b)(6); *see also Ryan v .Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612, n.3, (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted"); *United Press Int'l, Inc. v. UPIphoto.com et al.*, 2013 U.S. Dist. LEXIS 189666 at *9 (E.D. Va. Oct. 18,

---

[5] Indeed, at least one of the Defendant John Does/Defaulted Domain Names confirmed its actual notice by responding to the e-mail notices sent by the Plaintiff's counsel. *See* Declaration of Rebecca J. Stempien Coyle, attached hereto ("Coyle March 4, 2016, Decl."), para. 5 and Composite Exhibit B thereto. Despite clearly having actual notice, this defendant still has not appeared in or otherwise defended itself in this action.

2013), *adopted by* 2013 U.S. Dist. LEXIS 189667 (E.D. Va. Nov. 5, 2013). The well-pled allegations of the Complaint establish that the Plaintiff is entitled to relief, specifically the transfer of the Domain Names. Therefore, default judgment is appropriate against the Defaulted Domain Names. FED. R. CIV. P. 55; *see also United Press Int'l, Inc.*, 2013 U.S. Dist. LEXIS 189666; *Alfieri-Crispin v. Ting*, 2015 U.S. Dist. LEXIS 121606 (E.D. Va. Sept. 11, 2015), *adopted by* 2015 U.S. Dist. LEXIS 121563 (Sept. 11, 2015); and *Traffic Names, Ltd. v. Zhenghui Yiming*, 2015 U.S. Dist. LEXIS 62294, at *4 (E.D. Va. May 12, 2015).

    1.  **Violation of the ACPA**

  Pursuant to the ACPA a person is liable to a trademark owner if that person has a bad-fath intent to profit from the trademark owner's mark and the person registers, traffics in, or uses a domain name that is identical or confusingly similar to, or dilutive of, that mark. 15 U.S.C. § 1125(d)(1)(A); *see also Montblanc-Simplo GmbH v. Montblancpensale.org*, 297 F.R.D. 242, 246 E.D. Va. 2014); *Alfieri-Crispin*, 2015 U.S. Dist. LEXIS 121606 at *7; and *Gong Zheng Jin v. 001HH.com*, 2015 U.S. Dist. LEXIS 70062, at *6-7 (E.D. Va. May 7, 2015). The actions under the ACPA may be brought *in rem* against domain names if certain requirements are met. *See* 15 U.S.C. § 1125(d)(2)(A)(I). Here, the Complaint pleads both that the Defaulted Domain names are identical the Plaintiff's distinctive and/or famous marks and that the registrations of the Defaulted Domain Names was in bad faith. *See* ECF No. 1, paras. 261-264.

    a.  **The Plaintiff Possesses Trademark Rights**

  Infringement of a plaintiff's common law rights in an unregistered mark is sufficient to meet the ACPA's requirement that the domain name in question infringe the plaintiff's trademark. *See CNM.COM, LLC v. Doe*, 2015 U.S. Dist. LEXIS 165569, at *6 (E.D. Va.

Sept. 28, 2015) (Report and recommendation adopted at 2015 U.S. Dist. LEXIS 165319 (E.D. Va. Dec. 8, 2015); *Alfieri-Crispin* , 2015 U.S. Dist. LEXIS 121606 at *7; *Gong Zheng Jin*, 2015 U.S. Dist. LEXIS 70062, at *6-7; and *Traffic Names, Ltd.*, 2015 U.S. Dist. LEXIS 62294 at *4.

"At common law, trademark ownership is acquired by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). The use of a trademark in a domain name is sufficient to create common law trademark rights if the trademark "is used to identify the source of goods and services." *See Tober v. APROV.COM*, 2008 U.S. Dist. LEXIS 73440 at *5 (E.D. Va. Sept. 23, 2008) (citing 1 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 7:17.50, at 7-29 (4th ed. 2008) (additional case citations omitted)).

The Plaintiff's predecessors-in-interest first began acquiring the Defaulted Domain Names at various times from 2001 through 2004 and then used the domain names continuously for 13 years until the domain names were improperly transferred and taken away from the Plaintiff's predecessor-in-interest. ECF No. 1, paras. 3, 102, 107, 114, 123, 126, 135, 153, 162, 165, 174, 180, 198, 207, 210, and 222. The Plaintiff's predecessors-in-interest used the Domain Names in U.S. commerce to advertise products for others such as furniture, watches, shoes, computers, groceries, antiques, and eyewear, and to provide a wide range of useful information, links to other sites, and other online services in the fields of sports, travel, shopping, politics, retail services, and videos. *Id.*, para. 104. The Plaintiff's predecessors-in-interest continuously and exclusively used the Domain Names in U.S. commerce in association with the provision of products and services to Internet consumers. Thus, through its acquisition via proper

assignment, the Plaintiff is entitled to common law trademark rights in the Defaulted Domain Names.

This Court has found that continuous use of a domain name in the promotion of a business is sufficient to establish common law rights in a trademark. *See e.g., Lee v. Kremnev*, 2014 U.S. Dist. LEXIS 177412 at *4 (E.D. Va. Dec. 2, 2014); *CNN.COM LLC*, 2015 U.S. Dist. LEXIS 165569, at *6; *Traffic Names, Ltd.*, 2015 U.S. Dist. LEXIS 62294 at *4; and *Acme Billing Co. v. Doe*, 2015 U.S. Dist. LEXIS 65458 at *8 (E.D. Va. April 28, 2015). The Plaintiff's predecessors-in-interests engaged in continuous use of the Domain names in the promotion of a business and thereby established common law trademark rights in the Domain Names. These common law trademark rights were then validly transferred to the Plaintiff, who, accordingly, is now entitled to common law trademark rights in the Domain Names.

### b. The Defendants Acted in Bad Faith

"The first inquiry under the ACPA is whether [the Defaulted Domain Names' present registrants] acted with a bad faith intent to profit from a protected mark." *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269-71 (4th Cir. 2001); 15 U.S.C. § 1125(d)(1)(A)(I). The ACPA details a non-exhaustive list of several factors for the courts to consider when determining bad faith, including:

(1) Prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
(2) Intent to divert consumers from the mark owner's online location to site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with intent to tarnish or disparage the mark, by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the site;
(3) Provision of material and misleading false contact information when applying for the registration of the domain name, an intentional failure to maintain accurate contact information, or prior conduct indicating a pattern of such conduct;

  (4)  Warehousing of multiple domain names known to be identical or confusingly similar to distinctive marks or dilutive of famous marks, without regard to the goods or services of the parties; and

  (4)  The extent to which a mark is distinctive or famous.

*See* 15 U.S.C. § 1125(d)(1)(B)(I). These "factors are given to the courts as a guide" and do not need to be exhaustively considered in every case. *Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005).

  Here the Defendants acted with a bad faith intent to profit from the Plaintiff's protected marks. First, it does not appear that the Defendants have any intellectual property rights in the Defaulted Domain Names. *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I). Second, material information provided in the registration applications for the Defaulted Domain Names is misleading, such as the registrant's real names and/or addresses. *See* 15 U.S.C. § 1125(d)(1)(B)(i)(VII). For example: (a) the addresses provided for RUTEN.COM, UHW.COM and YLZ.COM are incomplete, (b) the current registrants for 744.COM, FXF.COM, KOU.COM, OCU.COM, and YEY.COM refused to provide any real personal information and relied upon "privacy shields," and (c) e-mails sent to the e-mail addresses provided for FXF.COM "bounce back." *See* ECF No. 1, paras. 5, 10, 14, 20, 23, 27 and 39, and Exhibits 1, 6, 10, 16, 19, 23 and 35 attached thereto; and Coyle Decl. of March 4, 2016, para. 4 and Composite Exhibit A attached thereto. Third, the Defendants are diverting consumers from the Plaintiff's website in a way that could harm the goodwill of the Plaintiff's marks, namely, by prohibiting consumers from accessing the Plaintiff's website by taking control over the Defaulted Domain Names. *See* 15 U.S.C. § 1125(d)(1)(B)(i)(V). Finally, the Defaulted Domain Names are valuable as e-commerce websites and, since the improper transfer, the Plaintiff and its earlier predecessors-in-interest could no longer use the domain names as e-commerce websites. *See* ECF No. 1, paras. 104-105.

The Defendants' acquisition of the Defaulted Domain Names deprived the Plaintiff of the income generated from the domain names. *See also CNM.COM*, 2015 U.S. Dist. LEXIS 165569 at *7 (the misappropriation of domain names by an anonymous hacker "dictate[d] a finding of bad faith as a matter of common sense"); and *Traffic Names Ltd.*, 2015 U.S. Dist. LEXIS 62294 at *11 (finding bad faith element was met when the defendant had taken control of the domain names and deprived the plaintiff of the ability to earn income, as well as due to the fraudulent transfer of the domain name from the plaintiff to the defendant).

### c. The Defaulted Domain Names Are Confusingly Similar to the Plaintiff's Marks

The Defaulted Domain Names are confusingly similar to the Plaintiff's trademarks pursuant to 15 U.S.C. § 1125(d)(1)(A)(ii). As in *CNM.COM*, "[t]he domain names in question are not merely similar to Plaintiff's common law trademarks but are the Plaintiff's own trademarked domain names re-registered under [] assumed name[s]" and therefore "[t]here can be little doubt that this [second] test is met here." 2015 U.S. Dist. LEXIS 165569, at *7-8. *See also Traffic Names Ltd.*, 2015 U.S. Dist. LEXIS 62294 at *10.

### E. Transfer of the Defaulted Domain Names Is Proper at Default Judgment

The remedy for an *in rem* proceeding under the ACPA is either (1) the forfeiture or cancellation of the domain names or (2) the transfer of the domain names to the owner of the mark. 15 U.S.C. § 1125(d)(2)(D)(i). The domain name registry for each of the Defaulted Domain Names is maintained by VeriSign, which is located within this judicial district and thus subject to the Court's jurisdiction. Therefore, this Court may properly enter a default judgment and order the .COM domain name registry, and any relevant domain name registrars, to transfer

16

ownership of the Defaulted Domain Names to the exclusive control and ownership of the Plaintiff.  *See Globalsantafe Corp.*, 250 F. Supp. 2d 610 (discussing the court's power to transfer, or cancel, a domain when the location of the registry is within that judicial district); *see also, e.g., United Press Int'l, Inc.*, 2013 U.S. Dist. LEXIS 189666; *CNM.COM, LLC*, 2015 U.S. Dist. LEXIS 165569; *Gong Zheng Jin*, 2015 U.S. Dist. LEXIS 70062; *Traffic Names, Ltd.*, 2015 U.S. Dist. LEXIS 62294; and *Acme Billing Co.*, 2015 U.S. Dist. LEXIS 65458.

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant this Motion for Default Judgment and order the Domain Names be transferred to the Plaintiff.

Date:   March 4, 2016

Respectfully,

/s/
Rebecca J. Stempien Coyle  (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

# CERTIFICATE OF SERVICE

I, Rebecca J. Stempien Coyle, certify that on March 4, 2016, I electronically filed the foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Claire M. Maddox
>DENTONS US LLP
>1900 K Street, N.W.
>Washington, D.C. 20006
>claire.maddox@dentons.com

I also sent copies for the following domain names: 744.com, 3dcamera.com, fxf.com, jtz.com, kou.com, ocu.com, ruten.com, sdu.com, uhw.com, vgj.com, yey.com, yjx.com, ylz.com, and yte.com. The copies were sent to the registrants of the domain names by e-mail on March 4, 2016, and by air mail on March 7, 2016, at the following postal and e-mail addresses provided by the registrants to the registrars:

>Domain ID Shield Service Co.
>5/F Hong Kong Trade Centre, 161-167 DesVoeux Road Central
>Hong Kong 999077, China
>745187165637504@domainidshield.com

>Taesong Chong
>D-805 Central Star, Bujeon Jin-gu
>Busan 614-030, Korea
>komorijin@gmail.com

>WhoisGuard Protected, WhoisGuard, Inc.
>P.O. Box 0823-03411
>Panama City, Republic of Panama
>15B93ABAFD0B47E787820FDA56E25280.PROTECT@WHOISGUARD.COM

Chang Su, Su Chang
A2-505 Linhai Mountain Villa, Xiameilin Beihuan Road
Shenzhen 518003, China
suchang1978@yahoo.com

WHOIS AGENT, DOMAIN WHOIS PROTECTION SERVICE
17F, No. 138 Zhognshan Avenue
Guangzhou, Guangdong 510000, China
whoisagent@hupo.com

Xiamen eName Network Co., Ltd.
Software Park, Wanghai Road No. 19, 603
Xiamen Shi, Fujian 361000, China
kf94hfkkfm@enamewhois.com
03ur3t0sx@enamewhois.com

Whois Privacy Corp.
Ocean Centre, Montagu Foreshore, East Bay Street
Nassau, Bahamas
5435a938ino23cjv@5225b4d0pi3627q9.whoisprivacycorp.com

Mr. Chen
Fujian, Beijing
Beijing 100824, China
chinaloy@126.com

Lvchangbing
Shuiguohu
Wuhan Shi, Hubei 430071, China
3296868@qq.com

YinSi BaoHu Yi KaiQi
3/F HiChina Mansion, No. 27 Gulouwai Avenue
Dongcheng District, Beijing 100120, China
YuMing@YinSiBaoHu.AliYun.com

Linchunmei
Tianhe Ruanjian Yuan
Guangzhou Shi, Guangdong 510665, China
leetwei@126.com

ChenLongshui, Bozong Net. Ltd.
Shenzhen Guangdong
Shenzhen Shi, Guangdong 518000, China
chenls@bzw.cn
Lior Navi

Hanasi 6
Haifa 34323, Israel
jerolior@gmail.com

                                                  /s/
Rebecca J. Stempien Coyle (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com