**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | | |
|---|---|---|---|
| Associated Recovery, LLC, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | No. 1:15-cv-1723-AJT-JFA | |
| v. | ) | | |
| | ) | | |
| John Does 1-44, | ) | | |
| | ) | | |
| Defendants. | ) | | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS'
MOTION TO SET ASIDE THE ENTRY OF DEFAULT**

The Plaintiff Associated Recovery, LLC (the "Plaintiff" or "Associated Recovery"), by counsel, hereby submits this opposition to Certain Defendants' Motion to Set Aside the Entry of Default (the "Certain Defendants' Motion"). (Dkts. 13 and 14.)

Certain Defendants seek to set aside the Entry of Default based upon the need of the apparent "real party in interest," who is an unidentified Chinese "third-party agent" acting as the puppet master in this litigation. The representations regarding the Chinese third-party agent's needs and actions are hearsay and have no weight in this matter.

The Chinese third-party agent must intervene and identify himself/herself/itself before seeking relief from this Court.

For the reasons set forth below, Associated Recovery respectfully submits that the Certain Defendants' Motion be denied.[1]

## I.   Associated Recovery Has Served the Certain Defendants with Notice of Every One of Its Filing since December 31, 2015

As noted by the Certain Defendants, Associated Recovery filed this action on December 31, 2015. On this same day Associated Recovery sent notice to the e-mail and postal addresses provided in the registrations for each of the Domain Names. *See* ECF No. 4-1, Declaration of Rebecca J. Stempien Coyle in Support of Plaintiff's Motion for Order to Publish Notice of Action (Jan. 20, 2016) ("Coyle Jan. 20, 2016, Decl."), para. 4, and Composite Attachment 1; *see also* ECF No. 1, para. 100. To the extent the Certain Defendants assert that this is not accurate, such an assertion is not well taken, particularly since the Certain Defendants

---

[1] The Certain Defendants further indicate that the names of some of the appeared Defendants need to be corrected or modified. Associated Recovery has not received any information or evidence regarding the proposed changes and, therefore, cannot at this time consent to sought modifications or corrections.

have not alleged they did not receive these notices.[2] However, for the sake of clarity, Associated Recovery attaches hereto as Composite Exhibit 1 the e-mails and letters, as sent, to each of the Certain Defendants on December 31, 2015.

Subsequently, Associated Recovery moved for an order to permit service by publication. ECF No. 3-5. Associated Recovery served each of the Certain Defendants with this motion, once again sending the notice to the e-mail and postal addresses provided for each of the Domain Names. *See* Composite Exhibit 2.

Then, on February 3, 2016, pursuant to the provisions of the ACPA and this Court's Order of January 27, 2016, Associated Recovery caused the Order of Service by Publication to be published in *The Washington Times* on February 3, 2016. *See* ECF No. 7-1, Declaration or Rebecca J. Stempien Coyle in Support of Plaintiff's Notice of Declaration Regarding Publication (Feb. 16, 2016) ("Coyle Feb. 16, 2016, Decl."), paras. 4-5 and Exhibit A thereto. On February 16, 2016, Associated Recovery filed its declaration of compliance. ECF No. 7. Associated Recovery sent each of the Certain Defendants a service copy of this declaration to their respective e-mail and postal addresses. *See* Composite Exhibit 3.

Finally, on February 25, 2016, after filing its request for entry of clerk's default, Associated Recovery sent copies of the request to the e-mail and postal addresses for the Domain Names. *See* ECF No. 9.

---

[2] The Certain Defendants state there is one domain name, fny.com, for whom "it is not clear that the holder of the domain actually received the notices that were sent." Dkt. 14, PageID # 271, n1. This vague, "maybe they did, maybe they did not" statement is certainly not the same as an assertion that notice was not sent by Associated Recovery.

To date Associated Recovery has not received any "bounce back" e-mail response, or any e-mail or postal response, that would indicate that any of its numerous service of filings in this proceeding were not received by the e-mail and postal addresses identified in the registrations for the respective Domain Names.

**II. ARGUMENT**

The "good cause" set forth in the Certain Defendants' Motion is that some unidentified Chinese "third-party agent" has been rounding up the current registrants of the Domain Names at issues, that this unknown Chinese "third-party agent" had a difficult time locating the Certain Defendants, and then had additional difficulty communicating with them. There are a few important details lacking from this asserted "good cause." First, there is no indication of when the mysterious Chinese "third-party agent" first attempted to locate or communicate with any of the Certain Defendants, or how long they have been in communication. Therefore, it is unknown if the excuse presented of the Chinese New Year (which was for but one week out of the nearly two months from the filing of Complaint) was really an issue with the Certain Defendants. Second, since this Chinese "third-party agent" has been organizing the defendants in this action, and since a member of the Certain Defendants' counsel of record had sworn that he is fluent both in speaking and in reading Mandarin, the "language barrier" argument falls flat. Third, and perhaps most troubling, is the lack of identity of the mysterious Chinese "third-party agent" himself (or herself or itself, depending on who/what this "third-party agent" truly is). The Certain Defendants' Motion's extremely vague description and detail indicate that there is an unknown "real party in interest" who is organizing the current registrants of the Domain Names in an effort to block Associated Recovery's efforts to get its property returned. It is unknown

who this "third-party agent" is, what stake he/she/it may or may not have in this proceeding, and what other motive he/she/it may have. This shadowy puppet master, who is pulling the strings, is even more troubling in this case where the undisclosed actions of unknown or unconfirmed individuals and entities were the cause of the loss of the Domain Names of the Plaintiff's predecessors-in-interest in the first place.

There are six factors considered by a Court when deciding whether to set aside an entry of default: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). Here, a review of the factors establishes that the default against the Certain Defendants should remain standing.

### A. The Certain Defendants Lack a Meritorious Defense

Notably, the Certain Defendants do not dispute that the receivership at issue was void and the Northen District of Texas never had the subject matter authority to create the receivership. Rather, the Certain Defendants' meritorious defenses are all predicated on this invalid receivership. As noted by the Northern District of Texas, when considering the propriety of a bankruptcy court's Order for Relief based on the very same receivership at issue here, "'[a] judgment is void if the court that rendered it lacked jurisdiction over the subject matter of the parties' [and a]ccordingly [a fee order] based on the improper Receivership Order [] is void and unenforceable." *Baron v. Schurig*, 2014 U.S. Dist. LEXIS 180, *44-46 (N.D. Tex. Jan. 2, 2014).

5

To be a meritorious defense there must be "some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).  Here, since the Certain Defendants' asserted defenses are all fatally based on an invalid receivership, there is no possibility that the results after a full trial will be contrary to the result achieved by a default, namely, the transfer of the Certain Defendants' domain names to the Plaintiff.

     **B.**     **The Certain Defendants Waited Almost Two Months and Failed to Act with Reasonable Promptness**

The Plaintiff has diligently endeavored to provide service, by e-mail and post, for every filing in this matter to all of the current registrants for the Domain Names, which includes the Certain Defendants.  Specifically, the Plaintiff has provided notice and served copies of each of the following filings on the Certain Defendants:

     the Complaint as filed with the Court, showing the civil action number and indicating it had been filed (*see* ECF No. 4-1, Coyle Jan. 20, 2016, Decl., para. 4, and Composite Attachment 1; *see also* ECF No. 1, para. 100, and Composite Exhibit 1 attached hereto);

     the Motion for Service by Publication (*see* ECF No. 3-5);

     the Plaintiff's declaration of compliance with the Court's January 27, 2016, Order regarding service by publication, which included a copy of the publication (*see* ECF No. 7); and

     the Plaintiff's Request for Entry of Clerk's Default (*see* ECF No. 9).

The Certain Defendants rely upon *Saurikit, LLC v. Cydia.com,* 2011 U.S. Dist. LEXIS 134261 (E.D. Va. Nov. 21, 2011),to argue that they acted with reasonable promptness.

6

However, the constant provision of notice and service by the Plaintiff in the instant case on the Certain Defendants is an important distinction from the plaintiff in *Saurikit*. Indeed, the Court in *Saurikit* noted that the plaintiff's "notice of violation sent to the registrant . . . did not state that the complaint had been filed with the court and the copy of the complaint did not contain a civil action number or any indication it had been filed." *Saurikit, LLC*, 2011 U.S. Dist. LEXIS 134261 at *12. Additionally, the *Saurikit* plaintiff had *not* sent the motion to waive publication or the notice and declaration of publication on the registrant, and had the plaintiff done so "the consideration of [the factor of the promptness of the defendant's action] may have been different." *Id.* In other words, unlike the possible situation in *Saurikit*, the Certain Defendants in this case were aware that the Complaint had been filed on December 31, 2015 and that a default had been sought against them on February 25, 2016.[3]

### C.   The Certain Defendants Are Personally Responsible

This factor of "personal responsibility" weighs against the Certain Defendants. As in *Sauriki*, "[t]here is no doubt that the defaulting party is personally responsible for its actions. This is not a case in which some other person or entity failed to act promptly." 2011 U.S. Dist. LEXIS 134261 at *13.

---

[3] To the extent any of the Certain Defendants argue they did not receive these service copies and notice because of inaccurate e-mail or postal addresses, this failure lies with the Certain Defendants and the information they provided to the registrar when they registered the Domain Names at issue. Notably, providing false contact information is prohibited by ICANN policy and is a basis for forfeiture of all of any of the Certain Defendants' rights in the domain name registration.

**D.     The Plaintiff Would Be Prejudiced**

The Certain Defendants focus their argument regarding prejudice on whether the Plaintiff will suffer any further delay by setting aside the entry of default. However, the extent of any further delay and its impact on the Plaintiff are not the sole consideration of prejudice. Prejudice may also be found if the delay "was used by the defaulting party to collude or commit a fraud." *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009). The Certain Defendants have started that there is a mysterious Chinese "third-party agent" who is rounding up the defendants, in what can only be presumed to be a joint defense agreement to prevent the Plaintiff from recovering the lost property. It is unknown what this "third-party agent" said to the various Certain Defendants, what agreements were reached, or if the "third-party agent" had to convince the Certain Defendants to appear and, if so, why the "third-party agent" wanted the inclusion of the Certain Defendants or why the Certain Defendants were otherwise inclined not to appear.

## III.  CONCLUSION

The request by the Certain Defendants seeking to set aside the Entry of Default should be denied. The request is based upon the need of the apparent "real party in interest," who is an unidentified Chinese "third-party agent" acting as the puppet master in this litigation. The representations regarding the Chinese third-party agent's needs and actions are hearsay and have no weight in this matter.

The Chinese third-party agent must intervene and identify himself/herself/itself before seeking relief from this Court.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully submits that the Certain Defendants' Motion to Set Aside the Entry of Default should be DENIED.

Date:   March 9, 2016

                Respectfully,

                /s/
                Rebecca J. Stempien Coyle  (VSB# 71483)
                Counsel for the Plaintiff
                **Associated Recovery, LLC**
                LEVY & GRANDINETTI
                1120 Connecticut Avenue, N.W., Suite 304
                Washington, D.C. 20036
                Telephone (202) 429-4560
                Facsimile (202) 429-4564
                mail@levygrandinetti.com

## CERTIFICATE OF SERVICE

  I, Rebecca J. Stempien Coyle, certify that on March 9, 2016, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO SET ASIDE THE ENTRY OF DEFAULT by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Claire M. Maddox
> DENTONS US LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006
> claire.maddox@dentons.com

  I also sent copies for the following domain names: 744.com, 3dcamera.com, fxf.com, jtz.com, kou.com, ocu.com, ruten.com, sdu.com, uhw.com, vgj.com, yey.com, yjx.com, ylz.com, and yte.com. The copies were sent to the registrants of the domain names by e-mail and air mail on March 9, 2016, at the following postal and e-mail addresses provided by the registrants to the registrars:

> Domain ID Shield Service Co.
> 5/F Hong Kong Trade Centre, 161-167 DesVoeux Road Central
> Hong Kong 999077, China
> 745187165637504@domainidshield.com
>
> Taesong Chong
> D-805 Central Star, Bujeon Jin-gu
> Busan 614-030, Korea
> komorijin@gmail.com
>
> WhoisGuard Protected, WhoisGuard, Inc.
> P.O. Box 0823-03411
> Panama City, Republic of Panama
> 15B93ABAFD0B47E787820FDA56E25280.PROTECT@WHOISGUARD.COM

Chang Su, Su Chang
A2-505 Linhai Mountain Villa, Xiameilin Beihuan Road
Shenzhen 518003, China
suchang1978@yahoo.com

WHOIS AGENT, DOMAIN WHOIS PROTECTION SERVICE
17F, No. 138 Zhognshan Avenue
Guangzhou, Guangdong 510000, China
whoisagent@hupo.com

Xiamen eName Network Co., Ltd.
Software Park, Wanghai Road No. 19, 603
Xiamen Shi, Fujian 361000, China
kf94hfkkfm@enamewhois.com
03ur3t0sx@enamewhois.com

Whois Privacy Corp.
Ocean Centre, Montagu Foreshore, East Bay Street
Nassau, Bahamas
5435a938ino23cjv@5225b4d0pi3627q9.whoisprivacycorp.com

Mr. Chen
Fujian, Beijing
Beijing 100824, China
chinaloy@126.com

Lvchangbing
Shuiguohu
Wuhan Shi, Hubei 430071, China
3296868@qq.com

YinSi BaoHu Yi KaiQi
3/F HiChina Mansion, No. 27 Gulouwai Avenue
Dongcheng District, Beijing 100120, China
YuMing@YinSiBaoHu.AliYun.com

Linchunmei
Tianhe Ruanjian Yuan
Guangzhou Shi, Guangdong 510665, China
leetwei@126.com

ChenLongshui, Bozong Net. Ltd.
Shenzhen Guangdong
Shenzhen Shi, Guangdong 518000, China
chenls@bzw.cn
Lior Navi

Hanasi 6
Haifa 34323, Israel
jerolior@gmail.com

                                          /s/
                                Rebecca J. Stempien Coyle  (VSB# 71483)
                                Counsel for the Plaintiff
                                **Associated Recovery, LLC**
                                LEVY & GRANDINETTI
                                1120 Connecticut Avenue, N.W., Suite 304
                                Washington, D.C. 20036
                                Telephone (202) 429-4560
                                Facsimile (202) 429-4564
                                mail@levygrandinetti.com