IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| ASSOCIATED RECOVERY, LLC, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | Case No. 1:15-cv-01723-AJT-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-44, | ) | |
| | ) | |
| *Defendants in rem*. | ) | |

In re:

| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
|---|---|---|---|
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**CERTAIN DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO SET ASIDE THE ENTRY OF DEFAULT**

Defendants Liwei Liu, Dongdong Xu, Teng Wang, Xiaosheng Liu, and Feng Yan (collectively, "Certain Defendants"), by counsel, hereby submit their Reply in Support of Motion to Set Aside the Entry of Default. Plaintiff's opposition incorrectly asserts that Certain Defendants did not act with reasonable promptness and that they lack a meritorious defense.

(ECF 21 at 5-7.)  The opposition further conclusorily asserts, but fails to explain, how Plaintiff would be prejudiced by setting aside the entry of default.  (*Id.* at 8-9.)

As set forth in Certain Defendants' Motion to Set Aside the Entry of Default ("Motion"), "good cause" to set aside the entry of default exists because Certain Defendants acted with reasonable promptness and have meritorious defenses, and there is no prejudice to Plaintiff. Plaintiff, however, erroneously argues that the only good cause proffered by Certain Defendants were the efforts of the third-party agent to communicate with Certain Defendants.  (*See* ECF 21 at 4.)  In so arguing, Plaintiff ignores the six-factor analysis for good cause to set aside an entry of default, and fails to properly apply the good cause standard.  Because of these reasons, the Motion should be granted.

**I.     Certain Defendants Acted With Reasonable Promptness**

Plaintiff does not address the timing with which Certain Defendants responded to the entry of default.  Instead, Plaintiff asserts that Certain Defendants did not act with reasonable promptness because they "waited almost two months." (ECF 21 at 4, 6.)  Courts evaluate reasonable promptness based on a defendant's action *after* the entry of default.  "District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside."  *Burton v. The TJX Cos., Inc.*, No. 3:07–cv–760, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008) (citations omitted) (finding that a nine-day period from when defendant found out that a party was seeking default judgment to when defendant acted was reasonable).

Certain Defendants filed their Motion on March 4, 2016, which is only seven days after default was entered on February 26, 2016, and only eight days after default was sought by

Plaintiff on February 25, 2016. Certain Defendants, therefore, have acted with reasonable promptness to set aside the entry of default.

Plaintiff argues that it diligently provided service of filings and that Certain Defendants "were aware that the Complaint had been filed on December 31, 2015." (*Id.* at 6-7.) But whether Plaintiff complied with the provisions of the ACPA in serving Certain Defendants is immaterial as to whether Certain Defendants acted with reasonable promptness. Further, Plaintiff's argument that Certain Defendants did not act with reasonable promptness is premised on the erroneous notion that Certain Defendants received *actual service* of Plaintiff's filings. Notably, however, Plaintiff does not—and cannot—assert that Certain Defendants have been actually served.

Plaintiff asserts that it has not received any "'bounce back' e-mail response, or any e-mail or postal response, that would indicate that any of its numerous service of filings in this proceeding were not received by the e-mail and postal addresses identified in the registrations for the respective Domain Names." (*Id.* at 3-4.) The absence of any responses, however, does not indicate actual service, and Plaintiff has not presented any evidence that Certain Defendants received *actual notice* of the complaint that Plaintiff filed on December 31, 2015 or any other filings.

As discussed in the Motion, undersigned counsel has been working with a third-party agent in China to contact the domain name holders. Plaintiff attempts to portray the third-party agent in a negative light, making numerous references to the third-party agent acting as a "puppet master." Plaintiff further erroneously characterizes the third-party agent as the "real party in interest" and a party that must intervene. (ECF 21 at 1, 4.) Certain Defendants and undersigned counsel have never made any claim that the third-party agent is a responsible party, and there is

no basis for Plaintiff to make this baseless assertion. These statements, to the extent they are even arguments, are misplaced and inappropriate, as the third-party agent is merely an individual who has the contact information for the individual domain holders who purchased the domain names, and who has been involved in reaching and contacting Certain Defendants. The third-party agent is not "pulling the strings," nor does he have any stake in this proceeding. (*See id.* at 4-5.) Moreover, in discussions with the third-party agent, it appears the Certain Defendants have not received any of the emails regarding the suit, contrary to Plaintiff's assertions, further supporting that Certain Defendants responded promptly.

## II.     Certain Defendants Have a Meritorious Defense

Plaintiff incorrectly asserts that because the domain names were sold as part of an invalid receivership, Certain Defendants' "asserted defenses are all fatally based on an invalid receivership." (ECF 21 at 5-6.) Certain Defendants have not conceded, however, that the receivership at issue was void, despite Plaintiff's suggestion otherwise. Indeed, the rulings by the Northern District of Texas, as well as the actions taken by the receiver appointed by the court in Texas, are very much at issue and are central to this case.

Plaintiff, moreover, makes no attempt to address Certain Defendants' meritorious defenses under the ACPA, including that violation of the ACPA requires a trademark right and bad faith intent by Certain Defendants, which are not dependent on the alleged facts concerning the sale of the domain names. *See Lamparello v. Falwell*, 420 F.3d 309, 318 (4th Cir. 2005) (quoting *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001)) (discussing the elements of a cybersquatting claim). Similarly, under Virginia law, Plaintiff does not have valid conversion or quiet title claims, as Virginia does not recognize property rights in domain names, as domain names are a "'product of a contract for services

4

between the registrar and the registrant.'" *See Southeastern Wholesale Corp. v. Cox Commc'ns Hampton Roads, LLC*, No. 2:12CV701, 2013 WL 2147478, at *4 (E.D. Va. May 14, 2013) (finding that Virginia does not recognize property rights in domain names, but leaving it undecided as to whether property rights exist in telephone numbers) (quoting *Network Solutions, Inc. v. Umbro Int'l Inc.*, 259 Va. 759, 770 (2000)). Thus, Certain Defendants have multiple meritorious defenses, and Plaintiff's contention that the sale of domain names pursuant to an allegedly invalid receivership somehow nullifies Certain Defendants' defenses is incorrect.

### III.     Plaintiff Will Not Be Prejudiced By Lifting The Entry of Default

Plaintiff does not dispute that there will not be any further delay by lifting the entry of default. Importantly, Plaintiff also does not argue that any delay by the entry of default has "made it impossible for the non-defaulting party to present some of its evidence," or "made it more difficult for the non-defaulting party to proceed with trial," which are the two factors courts give most weight to when examining prejudice. *See, e.g.*, *Burton*, 2008 WL 1944033, at *4.

Rather, Plaintiff asserts that prejudice may be found if delay "'was used by the defaulting party to collude or commit a fraud.'" (ECF 21 at 9 (quoting *Vick v.* Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009).) Plaintiff, however, does not actually assert that any fraud has been or is being committed. Instead, Plaintiff makes the entirely speculative and meritless argument that the third-party agent is "rounding up the defendants, in what can only be presumed to be a joint defense agreement to prevent the Plaintiff from recovering the lost property." (*Id.*) Such an allegation, even if true, does not amount to fraud or collusion.[1] Plaintiff's attempt to argue prejudice fails. Plaintiff has the burden to demonstrate prejudice, and such unsupported

---

[1] In any event, the third-party agent has not been acting in a fraudulent manner, and has merely served as a contact for the domain holders.

5

speculation cannot amount to a finding of prejudice. *See, e.g.*, *Burton*, 2008 WL 1944033, at *4 ("[Plaintiff] has not alleged, and there is no evidence showing, that [Defendant] delayed in order to collude or commit a fraud, or that [Plaintiff] will not be able to present evidence at trial due to the delay.")

**IV.   Conclusion**

WHEREFORE, for the foregoing reasons, the Certain Defendants respectfully request that the Court GRANT its motion setting aside the entry of default (ECF 10) and amended entry of default (ECF 12) and for such other further relief as is appropriate.

Dated:  March 16, 2016                                  Respectfully submitted,

                                                        */s/ Eric Y. Wu*
                                                        Lora A. Brzezynski, VSB No. 36151
                                                        Claire M. Maddox, VSB No. 71230
                                                        Eric Y. Wu, VSB No. 82829
                                                        Dentons US LLP
                                                        1900 K Street, NW
                                                        Washington, DC  20006
                                                        202-496-7500 (phone)
                                                        202-496-7756 (fax)
                                                        lora.brzezynski@dentons.com
                                                        claire.maddox@dentons.com
                                                        eric.wu@dentons.com

                                                        *Counsel for Defendants Jinwu Chen,
                                                        Xumin Huang, Feng Lu, Yuhua Jiang,
                                                        Zhilong Chu, Yaoguang Zhu, Yanbin Lin,
                                                        Yu Lin, Xiaofeng Lin, Fengjing Zheng,
                                                        Xiaoying Li, Liwei Liu, Dongdong Xu,
                                                        Teng Wang, Xiaosheng Liu, Feng Yan*

Of Counsel:

Steven M. Geiszler
Zunxuan D. Chen
Dentons US LLP
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
214-259-0900 (phone)
214-259-0910 (fax)
steven.geiszler@dentons.com
digger.chen@dentons.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of March 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Rebecca J. Stempien Coyle (VSB 71483)
Levy & Grandinetti
Suite 304
1120 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 429-4560
Fax: (202) 429-4564
mail@levygrandinetti.com

*Counsel for Associated Recovery, LLC*

Dated:  March 16, 2016

*/s/ Eric Y. Wu*
Eric Y. Wu, VSB No. 82829
Dentons US LLP
1900 K Street, NW
Washington, DC  20006
202-496-7500 (phone)
202-496-7756 (fax)
eric.wu@dentons.com

*Counsel for Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Xiaosheng Liu, Feng Yan*