**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

Associated Recovery, LLC,         )
         )
         Plaintiff,      )
         )    No. 1:15-cv-1723-AJT-JFA
      v.        )
         )
John Does 1-44,      )
         )
         Defendants.    )
         )

In re:

| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
|---------|---------|---------|---------|
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS'**
**MOTION TO DISMISS COMPLAINT FOR FAILURE TO JOIN A**
**NECESSARY PARTY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

The Plaintiff Associated Recovery, LLC (the "Plaintiff"), by counsel, submits this

opposition to Certain Defendants' Motion to Dismiss Complaint for Failure to Join a Necessary

Party, or in the Alternative, to Transfer Venue (the "Certain Defendants' Motion to Dismiss"). (ECF Nos. 30-32.)  For the reasons set forth below, the Plaintiff respectfully submits that the Certain Defendants' Motion to Dismiss be denied in its entirety, with the possible exception of only one of the Certain Defendants.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Certain Defendants' Motion to Dismiss is cluttered with a lot of noise, unnecessary "background," and efforts to taint the Court's impression of the Plaintiff or its predecessors.  In reality, much of what is set forth by the Certain Defendants is irrelevant to the issues at hand. The factual and procedural background of the earlier litigation involving the Plaintiff's predecessor Novo Point, LLC ("Novo Point") and the improper Receivership that is actually germane to the Certain Defendants' Motion to Dismiss is quite simple.

The United States Court of Appeals for the Fifth Circuit held that the Receivership Order instituted by the Northern District of Texas was improper and vacated the order appointing a receiver.  *Netsphere, Inc. v. Baron*, 703 F.3d 296, 311 (5th Cir. 2012).

The Northern District of Texas ultimately wound down the Receivership, issuing its order regarding the Receivership's final accounting and discharge on March 27, 2015.  ECF No. 32, Exhibit G.

Also relevant to the Certain Defendants' Motion to Dismiss is that the Plaintiff is not familiar with the domain name assignments and transfer agreements produced in Exhibit F to the Certain Defendants' Motion to Dismiss.  Indeed, the Plaintiff has never before seen any of the

agreements that purported to transfer or assign any of the domain names from Novo Point to others during the Receivership.[1]

## II.  ARGUMENT

### A.  All Necessary Parties Have Been Identified in the Complaint

A party is only necessary if (1) without that party the court cannot accord complete relief among the existing parties, or (2) that person claims an interest relating to the subject matter of action. FED. R. CIV. P. 19(a). "The burden rests on the party raising the defense – here, [the Certain Defendants] – to 'show that the person who was not joined is needed for a just adjudication.'" *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001)). The Certain Defendants have failed to meet this burden.

Perhaps the easiest purported "necessary parties" to dispatch are Messrs. Nelson and Vogel. The Certain Defendants argues that Messrs. Nelson and Vogel "*may be* necessary parties" since they "purportedly transferred the domain names 'without authorization.'" ECF No. 32, pageID# 450 (emphasis added). The Plaintiff notes that the Certain Defendants merely argue that Messrs. Nelson and Vogel *might* be necessary parties. The Certain Defendants' statement of possible need is insufficient to meet their burden of showing that Messrs. Nelson and Vogel are needed for a just adjudication. The Certain Defendants provide no explanation of why the Court cannot accord complete relief without these men. Nor is there any assertion that

---

[1] The Certain Defendants' questions as to why the Plaintiff is seeking the return of its property now are irrelevant. If the Certain Defendants believe the Plaintiff (or its predecessor) had the standing to bring such claims earlier they can bring a properly pled laches defense.

either man can claim an interest relating to the subject matter of the case.  In other words, there is absolutely no indication that either Mr. Nelson or Mr. Vogel has any dog in this fight.  At most, Messrs. Nelson and Vogel may possess some factual knowledge that may be relevant to the claims or defenses of one or more of the Parties in this action.  However, an individual with factual knowledge or testimony is just a witness – not a "party."  *See Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 506 (D. Md. 2002).  (The District of Maryland held that two parties were not "necessary" to an action despite their involvement in the alleged transfers that were at the heart of the case.  The court noted that certain facts had "been established beyond a reasonable doubt in prior proceedings" and "[o]ther matter relating to their involvement in the alleged transfers [] may be determined by either calling them as witnesses if necessary, or using documentary evidence.")  *See also In re Maggard*, 2007 Bankr. LEXIS 3893, *11 (Bankr. E.D. Va. Nov. 13, 2007) (holding that the chapter 7 trustee, who sold the property at issue, was not a necessary party to the litigation, even though he "might be a useful witness, but that [was] a different issue"); and *In re Donoho*, 402 B.R. 687, 699 (Bankr. E.D. Va. 2009) (noting the difference between an important *witness* and a necessary *party*, based on how the action is framed).  Since the most Messrs. Nelson and Vogel could be in this case are witnesses, the Certain Defendants' allegations that they are "necessary parties" must fail.

Next, the Certain Defendants allege Mr. Baron is a "necessary party" because of his "close involvement with Novo Point and the domain names."  ECF No. 32, pageID# 450.  Again, all this "reason" does is establish the possibility that Mr. Baron may possess some factual knowledge that may be relevant to the claims or defenses of one or more of the Parties in this action – and this does not make Mr. Baron a "necessary party."  *See Nat'l Mortg. Warehouse,*

*LLC*, 201 F. Supp. 2d at 506; *In re Maggard*, 2007 Bankr. LEXIS 3893 at *11; and *In re Donoho*, 402 B.R. at 699.

Finally, the Certain Defendants assert Novo Point is a "necessary party" because it was the prior owner of the domain names at issue and the owner of the names at the time of the transfers, and asserts that the "Plaintiff is disputing the validity of the domain name assignments and transfer agreements."  ECF No. 32, pageID #449-450.  These assertions are also fatally flawed. This is *not* a case where the validity of an assignment is at issue.  There has already been a ruling that the Receivership, which was the authority for the transfer, was improper and the District Court had lacked subject matter jurisdiction.  *See Netsphere*, 703 F.3d 296.

The validity of any assignments or transfers conducted under the Receivership's authority rises and falls on the Fifth Circuit's determination of the invalidity of the order instituting the Receivership.  There are no other questions regarding the assignments or transfers of the domain names.  These facts make this case clearly distinguishable from the case law relied upon by the Certain Defendants.  For example, *In re Rouge Industries, Inc.*, 326 B.R. 55 (Bankr. D. Del. 2005) (a non-binding case from another judicial district), concerned the customer of a chapter 11 debtor, who sued that debtor for a determination that the customer's debt was not transferred to a third party buyer.  Additionally, *ADI Constr. of Virginia LLC v. Bordewick*, 2013 U.S. Dist. LEXIS 97708 (E.D. Va. June 12, 2013), concerned the question of whether an entity defined as the "owner" of property in the relevant contract was a necessary party, particularly in light of the fact that the plaintiff had already accepted a settlement which was inconsistent with its stance that this "owner" was not a party or liable in the action.  The Court held the "owner" was a necessary party "because its interest and involvement in the underlying dispute give rise to

a substantial risk of conflicting legal obligations for Defendants if it remains absent from this action." *Id*. at *10-11. *Thimbler, Inc. v. Unique Solutions Design USA, Ltd*., 2014 U.S. Dist. LEXIS 57930 (E.D. N.C. April 25, 2014) is also inapposite.  As with the other contract cases relied upon by the Certain Defendants, in *Thimbler* "resolution of [the plaintiff's] claim against [the defendant would] reasonably require the court to determine the validity of the alleged contract, and, if valid, the rights and obligations of [the plaintiff] and [the "necessary party"] under that contract. *Id*. at *8.  In all of these actions, there were questions as to the propriety or scope of a contract or agreement.  There are no such questions in this case due to the Fifth Circuit's holding that the Receivership was outside the bounds of the District Court's subject matter jurisdiction and improper. *See In re Formtech Industries, LLC*, 439 B.R. 352, 359 (Bankr. D. Del. 2010).  (The Delaware court, in distinguishing the case from *In re Rouge Industries*, held the joinder of the sellers of property was not necessary because the plaintiff, "the party asserting ownership over the property in dispute[, was] already present in the proceeding" and "the validity of the assignment [was] not at issue.")

Additionally, as pled in the Complaint, on or about December 24, 2015, Novo Point assigned its domain names and their associated trademarks and goodwill to the Plaintiff.  This included the right for the Plaintiff to sue and recover possession of the domain names and recover damages for past, present, and future infringements, dilution, misuse, misappropriation and other violations.  ECF No. 1, para. 106.  The Certain Defendants' bemused ponderings, as to whether the assignment from Novo Point to the Plaintiff was proper, are without merit and lack any citation to the record or law.

While the Certain Defendants try to argue that there is a "possibility" of inconsistent obligations because of a lawsuit between Mr. Baron and Novo Point against Mr. Vogel which includes a request for damages, this argument is nonsensical.  According to the Certain Defendants this somehow raises an inconsistent obligation because the Defendant may "likely have claims against Novo Point or Baron (or perhaps even Nelson or Vogel) for recovery of moneys spent" if the Plaintiff prevails in this case.  The Certain Defendants provide no explanation how any inconsistent obligations would appear, or between whom.  It seems that the "obligations" the Certain Defendants refer to are obligations owed to them – not obligations owed to the Plaintiff.  In other words, the Certain Defendants are concerned about their own future claims for relief.  However, the possible claims the Certain Defendants may have against non-parties to this action do not automatically render these persons or entities "necessary parties." *Riesett v. Mayor of Baltimore*, 2013 U.S. Dist. LEXIS 133356, *6-7 (D. Md. Sept. 18, 2013) (citing *Halpern v. Rosenbloom*, 45 F. Supp. 1346, 1354 (S.D.N.Y. 1978) ("[P]laintiffs are not required to anticipate defendants' counterclaims and join all parties that may be necessary for defendant's benefit")).

None of the persons nor the entity identified by the Certain Defendants is a "party" to this action, let alone a "necessary party."  However, even if one of them were a "necessary party," the Certain Defendants' requested remedy of dismissal is extreme.  "Dismissal of a case is a drastic remedy [] which should be employed only sparingly." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999).

For the same reasons that Novo Point and Messrs. Baron, Nelson, and Vogel are not "necessary parties," they are also not "indispensable."  Since none of these "parties" has any

claim of interest to the domain names at issue in the proceeding, it is unclear how their absence in the case could lead to a prejudicial judgment. Moreover, the case cannot simply be transferred to the Northern District of Texas as the Certain Defendants so blithely assert because, as discussed in detail *infra*, the Northern District of Texas lacks jurisdiction under the Anticybersquatting Consumer Protection Act.

### B. The Requested Venue Transfer Violates the *In Rem* Jurisdiction Requirements of the ACPA

The present case is one brought under 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act ("ACPA") and state law claims for quiet title and conversion. ECF No. 1. The Certain Defendants' request to transfer venue completely fails to account for the actual claims of the Complaint or the very specific and controlling jurisdictional language of the ACPA. The request to transfer also conflates venue, subject matter jurisdiction, and personal jurisdiction requirements. As a result, and since jurisdictional requirements are not met by the requested transfer, the majority of the Certain Defendants' discussion on 28 U.S.C. § 1404(a) is moot.

### 1. Venue Cannot Be Transferred to a Court that Lacks *In Rem* Jurisdiction

It is black letter law that three distinct requirements of subject matter jurisdiction over the issues, personal jurisdiction over the defendants, and venue must all be met for a court to be the proper situs for an action. A court's "[j]urisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas Ag v. Marathon Oil*, 526 U.S. 574, 577 (1999). The federal "venue statutes reflect Congress' intent

8

that venue should always lie in *some* federal court whenever federal courts have personal

jurisdiction over the defendant." *Atlantic Marine Construction Co., Inc. v. United States District*

*Court for the Western District of Texas*, 134 S. Ct. 568, 578 (2013) (emphasis in original).  *See*

*also Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003) ("In order to

demonstrate that an action might have been brought in a proposed transferee district, a movant

must establish that both venue *and jurisdiction* with respect to each defendant is proper in the

transferee district" (citation omitted)), and *Liberty Mut. Fire Ins. Co. v. KB Home*, 2013 U.S.

Dist. LEXIS 168984, *8 (E.D. Va. Nov. 25, 2013) (a "federal court must determine that it has

both subject matter jurisdiction and personal jurisdiction and that venue is proper before it can

proceed with a case . . .").

   The wrinkle in this matter is that it is an *in rem* action.  Therefore, the requirement for

personal jurisdiction is supplanted by the requirement for proper *in rem* jurisdiction.[2]  The ACPA

states that the plaintiff may assert an action *in rem* if the plaintiff cannot obtain personal

jurisdiction over the would-be defendant. 15 U.S.C. § 1125(d)(2)(A)(ii)(I).  If an *in rem* action is

filed, it must be brought "in the judicial district in which the domain name registrar, domain

name registry, or other domain name authority that registered or assigned the domain is located."

15 U.S.C. § 1125(d)(2)(A).  "[T]he ACPA's basic *in rem* jurisdictional grant, contained in

subsection (d)(2)(A), contemplates *exclusively* a judicial district within which the registrar or

other domain-name authority is located.  A plaintiff must initiate an *in rem* action by filing a

complaint in that judicial district *and no other*" (emphasis added).  *Mattel, Inc. v. Barbie-*

---

[2] The question of personal jurisdiction, and the lack thereof, is discussed in detail *infra*.

*Club.com*, 310 F.3d 293, 306 (2d Cir. 2002).  The *in rem* jurisdictional grant of the ACPA, as a

federal statute enacted by Congress, cannot be disregarded.

The filing of the instant case, which is based on *in rem* jurisdiction, is proper in this

Court's judicial district because this judicial district is the one where the domain name registry is

located.  Indeed, the ACPA's specific requirements of where an *in rem* action can be brought are

the reason why the Plaintiff brought this case where it did.  Contrary to the Certain Defendants'

blatant efforts to paint the Plaintiff as a "bad actor," the Plaintiff is respecting the ACPA's

requirements.  That is why this *in rem* action was brought in the Eastern District of Virginia,

while the action that appeared to have a basis of *in personam* jurisdiction was brought elsewhere.

The Certain Defendants' Motion to Dismiss never addresses the *in rem* jurisdiction

language of the ACPA.  Any assertion on the part of the Certain Defendants that this requirement

can be disregarded is unsupported and must fail.  To the extent the Certain Defendants assert that

personal jurisdiction applies to each of them, the Plaintiff disagrees, with one caveat, as

explained in detail *infra*.

## 2.     The Northern District of Texas' "Winding Down" Order Cannot Supersede the Jurisdictional Requirements of the ACPA

The clause from the Northern District of Texas' order "winding down" the Receivership,

and relied upon by the Certain Defendants, refers to subject matter jurisdiction and venue.  This

is made clear by the statement "jurisdiction *of this* case" and references to earlier orders and

actions that occurred in that case.  *See* ECF No. 32, Exhibit G.  This clause is not binding on this

case.  First, there is no "dispute" about any of the Northern District of Texas' earlier orders.  The

orders happened, and the Fifth Circuit subsequently held that the District Court acted outside of

its subject matter jurisdiction in ordering the Receivership.  Second, the instant matter is *not* a

dispute about the Receivership or actions by the Receiver or his professionals.[3]  As explained in greater detail *supra*, there is no controversy about what has happened.  The facts germane to this case have largely been decided.  This case is simply one where a plaintiff's property was taken.  The courts have already decided that the taking of the property was improper due to a lack of subject matter jurisdiction, and the plaintiff is seeking to get its improperly taken property back using a federal statute which squarely provides the remedy sought.  While the background noise of the earlier case which led to the improper taking of the property may be "interesting" to some, none of it is being litigated in this proceeding.

Finally, and perhaps most importantly, the Northern District of Texas' March 27, 2015, Order cannot supplant the jurisdictional requirements of the ACPA or the fundamental principle that a court cannot be the proper venue for a matter if that court lacks jurisdiction.  Here, *in rem* jurisdiction can only lie in the judicial district where the domain name registrar, domain name registry, or other domain name authority is located. 15 U.S.C. § 1125(d)(2)(A).  In this case the domain name registry for the domain names at issue is located in this judicial district.  No domain name registrar, domain name registry, or other domain name authority is located in the Northern District of Texas.  As a result, there can be no *in rem* jurisdiction in the Northern District of Texas, and it would be improper to transfer venue to the Northern District of Texas.

---

[3] The Certain Defendants may feel that the Receivership or one of its professionals owes them some compensation, but that matter is for the Certain Defendants to bring at a later date and does not involve the Plaintiff.

### 3. The Forum Selection Clause in the Provided Domain Name Assignments and Transfer Agreements Are Not a Basis for Transfer

The Certain Defendants have provided three domain name assignments and transfer agreements in support of their Motion to Dismiss.  ECF No. 32, Exhibit F.  As noted *supra*, the Plaintiff had never seen these agreements prior to the Certain Defendants' filing of them, and the Plaintiff has no independent knowledge of the agreements.[4]

Upon review of these three domain name assignments and transfer agreements and the statements of domain name ownership made by the Certain Defendants in their Motion, the Plaintiff notes that the Certain Defendants fall into one of three categories of a current purported "owner" of a domain name:

"**Group 1**":  an "owner" who signed domain name assignments and transfer agreements with the Receiver's appointed manager of Novo Point (namely, Xiaofeng Lin who purports to "own" five of the domain names);

"**Group 2**":  an "owner" of the domain name for which a third party signed domain name assignments and transfer agreements with the Receiver's appointed manager of Novo Point (namely, Jinwu Chen, Xumin Huang, Yanbin Li, Genjing Zhen, Dongdong Xu, Yang Gao, Xiohang Shen and Feng Yan, who collectively purport to "own" eight of the domain names); or

"**Group 3**":  an "owner" for whom no domain name assignments and transfer agreements for the domain name have been provided (namely, Feng Lu, Yuhua Jiang, Zhilong Chu,

---

[4] The Plaintiff also notes that the existence of these agreements and their forum selection clauses were not brought to the Plaintiff's attention by the Certain Defendants prior to the filing of the Motion to Dismiss.

Yaoguang Zhu, Yu Lin, Xiaoying Li, Liwei Liu, and Teng Wang, who collectively purport to "own" 14 of the domain names).

The analysis for each of these "groups" differs, in particular between the Xiaofeng Lin and the other two "groups."

### a.    Group 1

In their Motion to Dismiss the Certain Defendants state that Xiaofeng Lin is the "owner" of the domain names kmq.com, xaq.com, kxq.com, lnm.com, and kgj.com (collectively, the "Lin domain names"). ECF No. 32, PageID # 440, n.1. The domain name assignments and transfer agreements provided by the Certain Defendants are purportedly true and accurate copies of these agreements. The Plaintiff has no independent knowledge or ability to confirm these crucial statements. If true, then Xiaofeng Lin appears to have agreed to personal jurisdiction for the five Lin domain names. The Plaintiff therefore is willing to stipulate to the transfer of Xiaofeng Lin to the co-pending Eastern District of Texas, and to be added as a named defendant in that proceeding, *Associated Recovery, LLC v. Butcher et al.*, Case No. 2:16-cv-00126, provided that the Plaintiff receives a sufficient affidavit executed by Xiaofeng Lin attesting that (1) the assignment and transfer agreements related to the Lin domain names signed by him and provided in Exhibit F are true and accurate copies, (2) there was no subsequent assignment or transfer agreement regarding the Lin domain names, (3) Mr. Lin is the current registrant of each of the Lin domain names, and (4) Mr. Lin will not protest or otherwise challenge the Eastern District of Texas' personal jurisdiction over him.

**b.      The Assignment and Transfer Agreements Are Inapplicable to the Remaining Certain Defendants**

Only Xiaofeng Lin has been identified by the Certain Defendants as a signatory to an assignment and transfer agreement for a domain name *and* the current "owner" of that same domain name.  Therefore, the forum selection clause can only be applied to Xiaofeng Lin and the five Lin domain names.  For the remaining Certain Defendants there is no evidence of a binding forum selection clause or other contract that can be properly relied upon to assert personal jurisdiction in Texas.

The persons identified in Group 2 are the purported current "owners" of eight domain names for whom domain name assignments and transfer agreements were signed.  However, *none of the persons in Group 2 was a signatory* on these agreements.  Nor is there any evidence that the current "owners" are bound by these agreements.  Indeed, there is nothing explaining how the current "owners" were transferred or assigned their domain names from the signatories of the agreements with the Receiver's appointed "manager" of Novo Point.  Rather, the current "owners" in Group 2 are secondary purchasers who do not necessarily stand in the same shoes as the signatories of the domain name assignments and transfer agreements.  *See MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 U.S. Dist. LEXIS 88527, *67 (N.D. Tex. Sept. 25, 2009) (when personal goods are sold in a secondary market the "subsequent purchaser does not stand in the shoes of the original purchasers to assume the original purchaser's place in the contract with the promisee").  Moreover, the assignment and transfer agreements are noticeably lacking any of the standard language that the agreements would bind successors, privies, etc. *See* ECF No. 32, Exhibit F.  In sum, there are no facts that support a legally sound theory of personal jurisdiction over these eight current "owners."  The truth of the Plaintiff's well-pled

14

allegations in its Complaint that personal jurisdiction is lacking should be assumed for the purpose of this motion.  Without any personal jurisdiction the allegations against the domain names in Group 2 must proceed under *in rem* jurisdiction.  As explained *supra*, the ACPA requires that *in rem* jurisdiction be situated in this judicial district where the domain name registry is located.  Since jurisdiction for the matter lies solely within this Court, the only permissible venue is also this Court.

For the remaining Certain Defendants in Group 3 and their associated 14 domain names, there is a more fundamental issue with an assertion of personal jurisdiction.  There is simply no evidence to support an assertion that personal jurisdiction exists against the owners in Texas.  The domain names in Group 3 were not in any of the assignment and transfer agreements proffered by the Certain Defendants.  Again, the truth of the allegations of the Complaint should be assumed, and the claims against the domain names in Group 3 must also proceed as *in rem* actions.  Per the terms of the ACPA, that means the only situs for jurisdiction and, consequently, venue is this Court.

## III.   CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully submits that the

Certain Defendants' Motion to Dismiss Complaint for Failure to Join a Necessary Party, or in the

Alternative, to Transfer Venue should be DENIED.

Date:   April 5, 2016

Respectfully,

_____/s/_____
Rebecca J. Stempien Coyle  (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

## CERTIFICATE OF SERVICE

I, Rebecca J. Stempien Coyle, certify that on April 5, 2016, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO CERTAIN DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO JOIN A NECESSARY PARTY OR, IN THE ALTERNATIVE, TO TRANSFER VENUE by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Claire M. Maddox
> DENTONS US LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006
> claire.maddox@dentons.com

I also sent copies for the following domain names:  744.com, 3dcamera.com, fxf.com, jtz.com, kou.com, ocu.com, ruten.com, sdu.com, uhw.com, vgj.com, yey.com, yjx.com, ylz.com, and yte.com.  The copies were sent to the registrants of the domain names by e-mail on April 5, 2016, and by air mail on April 6, 2016, at the following postal and e-mail addresses provided by the registrants to the registrars:

> Domain ID Shield Service Co.
> 5/F Hong Kong Trade Centre, 161-167 DesVoeux Road Central
> Hong Kong 999077, China
> 745187165637504@domainidshield.com
>
> Taesong Chong
> D-805 Central Star, Bujeon Jin-gu
> Busan 614-030, Korea
> komorijin@gmail.com
>
> WhoisGuard Protected, WhoisGuard, Inc.
> P.O. Box 0823-03411
> Panama City, Republic of Panama
> 15B93ABAFD0B47E787820FDA56E25280.PROTECT@WHOISGUARD.COM

Chang Su, Su Chang
A2-505 Linhai Mountain Villa, Xiameilin Beihuan Road
Shenzhen 518003, China
suchang1978@yahoo.com

WHOIS AGENT, DOMAIN WHOIS PROTECTION SERVICE
17F, No. 138 Zhognshan Avenue
Guangzhou, Guangdong 510000, China
whoisagent@hupo.com

Xiamen eName Network Co., Ltd.
Software Park, Wanghai Road No. 19, 603
Xiamen Shi, Fujian 361000, China
kf94hfkkfm@enamewhois.com
03ur3t0sx@enamewhois.com

Whois Privacy Corp.
Ocean Centre, Montagu Foreshore, East Bay Street
Nassau, Bahamas
5435a938ino23cjv@5225b4d0pi3627q9.whoisprivacycorp.com

Mr. Chen
Fujian, Beijing
Beijing 100824, China
chinaloy@126.com

Lvchangbing
Shuiguohu
Wuhan Shi, Hubei 430071, China
3296868@qq.com

YinSi BaoHu Yi KaiQi
3/F HiChina Mansion, No. 27 Gulouwai Avenue
Dongcheng District, Beijing 100120, China
YuMing@YinSiBaoHu.AliYun.com

Linchunmei
Tianhe Ruanjian Yuan
Guangzhou Shi, Guangdong 510665, China
leetwei@126.com

ChenLongshui, Bozong Net. Ltd.
Shenzhen Guangdong
Shenzhen Shi, Guangdong 518000, China
chenls@bzw.cn
Lior Navi

Hanasi 6
Haifa 34323, Israel
jerolior@gmail.com

                                               /s/
_____

Rebecca J. Stempien Coyle  (VSB# 71483)
Counsel for the Plaintiff
**Associated Recovery, LLC**
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com