IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:15-cv-01723-AJT-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-44, | ) | |
| | ) | |
| *Defendants in rem.* | ) | |

In re:

| 744.COM | KXW.COM | UHW.COM | YJX.COM |
|---|---|---|---|
| 028.COM | LNM.COM | VCZ.COM | YLZ.COM |
| 3DCAMERA.COM | LUOHE.COM | VGJ.COM | YQP.COM |
| FNY.COM | MEQ.COM | WYD.COM | YQT.COM |
| FX2.COM | OCU.COM | XAQ.COM | YRN.COM |
| FXF.COM | PIXIE.COM | XFF.COM | YTE.COM |
| JTZ.COM | QMH.COM | XSG.COM | YYG.COM |
| KGJ.COM | RUTEN.COM | YCX.COM | ZDP.COM |
| KMQ.COM | SDU.COM | YEY.COM | ZHD.COM |
| KOU.COM | SQG.COM | YGX.COM | ZULIN.COM |
| KXQ.COM | TAOLV.COM | YJR.COM | ZZM.COM |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Order entered March 28, 2016, by the Honorable Anthony J. Trenga, counsel of record for the Plaintiff, Associated Recovery, LLC and for Certain Defendants,[1] have conferred and submit the following Joint Discovery Plan[2]:

1. **Nature of Claims and Defenses**. The parties discussed the nature and basis of their claims and defenses.

2. **Settlement**. The parties discussed the possibilities for settlement or resolution of the case. Before committing to and scheduling a mediation (or similar dispute-resolution mechanism), the parties will exchange settlement proposals to determine whether their respective positions are close enough to warrant mediation at this point in the case. The parties will notify the Court when they believe mediation is appropriate.

3. **Initial Disclosures Under Rule 26(a)(1).** The parties have agreed that the initial disclosures shall be served on or before April 27, 2016.

4. **Limitations/Phased Discovery**. The parties agree that discovery need not be conducted in phases or be limited to or focused on particular issues, although this does not preclude the use of iterative, proportional steps in conducting discovery. The parties shall conduct discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's March 28,

---

[1] Certain Defendants include the following defendants, with the domain names owned by them in parentheses: Jinwu Chen (meq.com), Xumin Huang (yjr.com), Feng Lu (sqg.com, xsg.com, zdp.com, ycx.com), Yuhua Jiang (yqp.com, ygx.com, qmh.com, yqt.com), Zhilong Chu (pixie.com), Yaoguang Zhu (028.com), Yanbin Li (wyd.com), Yu Lin (kxw.com), Xiaofeng Lin (kmq.com, xaq.com, kxq.com, lnm.com, kgj.com), Genjing Zhen (luohe.com), Xiaoying Li (zzm.com, xff.com), Liwei Liu (yyg.com), Dongdong Xu (yrn.com), Teng Wang (vcz.com), Yang Gao (fny.com), Xiaohang Shen (zhd.com), and Feng Yan (zulin.com).

[2] The remaining domain names, and any associated defendants, have not appeared in this case and are not part of this Joint Discovery Plan: 744.com, 3dcamera.com, fx2.com, fxf.com, jtz.com, kou.com, ocu.com, ruten.com, sdu.com, taolv.com, uhw.com, vgj.com, yey.com, yjx.com, ylz.com, and yte.com.

2016, Order. All discovery shall be concluded by August 12, 2016, as set forth in that Order. Interrogatories, document requests and requests for admission shall be served in sufficient time to allow a response prior to the discovery cutoff date. Expert discovery also shall be concluded by August 12, 2016.

5.    **Written Discovery.** The parties have agreed to meet and confer regarding any objections to written discovery requests.

      **Plaintiff's Position:** It is Plaintiff's position that in light of the foreign Certain Defendants additional interrogatories will be necessary to allow for the use of simpler language in the interrogatories, which will allow for more specificity and clarity. Plaintiff requests at least 60 interrogatories in order to allow the use of simpler language and cover the elements of the counts and anticipated affirmative defenses.

      **Defendants' Position:** Defendants believe the Court's limitation of 30 interrogatories per party is sufficient. But in the event that, after exhausting its 30 interrogatories, Plaintiff can show good cause for additional interrogatories, Defendants are willing to work in good faith with Plaintiff to resolve the issue. Should a dispute arise, Plaintiff would have the ability to move the Court for additional interrogatories.

6.    **Depositions.** The parties have agreed that the rule allowing each party to take 5 non-party depositions is reasonable.[3] Should additional depositions be necessary, the parties will confer and seek court approval to increase that number.

The parties agree that each party will bear its own costs, including travel expenses and attorney fees, for attending any depositions within the United States, regardless of whether that

---

[3] For clarity, Certain Defendants note that the discovery limitations are "per party", not "per side". Thus, each of the Certain Defendants is allotted its own interrogatories and third-party depositions.

party participates in the deposition or merely attends the deposition. The parties further agree that, so long as local law allows, any foreign depositions can occur in a location other than the United States Consulate, that the court reporter for the foreign deposition may by located in the United States and attend the deposition via telephone, and that any counsel can attend the foreign deposition via telephone.

7. **Expert Disclosures and Discovery.** The parties discussed the role of expert opinion testimony. The parties agreed that the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), and Local Rule 26(D)(2) shall be made: 1) by June 8, 2016 for any affirmative experts; 2) by July 6, 2016 for any experts to be called only in rebuttal; and 3) by July 22, 2016 for reply reports by any affirmative experts.

8. **Trial Before Magistrate Judge.** One or more parties do not currently consent to proceed to trial before a Magistrate Judge.

9. **Amendment of Pleadings and Joinder of Parties**. Certain Defendants filed a motion to dismiss the Complaint for failure to join a necessary party, or, in the alternative, to transfer venue, and a hearing on the motion is set for April 15, 2016. The parties agree that there will be no further amendment of pleadings or joinder of additional parties except as set forth in Fed. R. Civ. P. 15 or by Order of the Court. The parties recognize that in light of the unknown identities or involvement of third-parties that motions to amend and/or for joinder of additional parties may be possible.

10. **Protective Order.** The parties anticipate that information, documents, and tangible things relating to confidential business, research, development, proprietary or commercial information may be sought, produced, or exhibited by and among the parties during this litigation. Inappropriate use or public disclosure of such confidential and proprietary

information would be detrimental to the parties as the information could be used to obtain an unfair business advantage and gain a competitive edge.  Accordingly, the parties believe that a Protective Order under Fed. R. Civ. P. 26(c) is appropriate in this case.  The parties will attempt to agree on the terms of a stipulated Protective Order to be submitted to the Court for consideration and will submit the Protective Order with an appropriate motion for entry by the Court as soon as possible.

11.     **Rule 26(f).** All items required to be discussed by Rule 26(f) were discussed.

12.     **Electronic Discovery.**

   a.     **ESI in General.** Counsel have agreed to engage in a reasonable process of producing ESI properly requested in discovery in this action by making a good faith and reasonable inquiry of their ESI systems to identify, collect and process responsive ESI from relevant custodians. In addition, the parties will process the data collected using reasonable culling methodologies and will make good faith efforts to agree upon (1) reasonable date ranges, (2) appropriate lists of search terms or other parameters, and (3) appropriate lists of custodians.

   b.     **Format of Production.**

The parties agree that ESI may be produced in .pdf or .tiff format with searchable text, except as otherwise specified herein regarding spreadsheets.  To the extent a party needs to examine a native file or metadata of particular documents, the other party will produce that ESI in that format upon request.

The parties agree that document productions of Bates numbered documents should have a name or date associated with it and each separate volume delivered must also have a separate VOLUMENAME associated with it. To the extent documents are produced in .tiff format, each production should be organized in four subfolders: IMAGES, FULLTEXT, NATIVE and

LOADFILES.  LOADFILES should contain the metadata, DII, OPT, LST, and custodian append files.  To the extent English-language documents are produced in .pdf, such documents should be text searchable.

The parties agree that spreadsheets should be produced in native format (e.g., as .XLSX files), with searchable text for the entire document, metadata, and bibliographic information. The producing party shall provide only a single image of the first page of the spreadsheet or provide a single placeholder image. The placeholder image shall contain at a minimum the BEGDOC#, and FILENAME.  The Bates range for a spreadsheet shall be a single number.

      c.      **Costs**

Each party will bear its own costs for production, but should the producing party believe that a request is unduly burdensome or costly, the parties agree to meet and confer regarding the request and/or cost sharing.  If no resolution is reached the producing party may seek relief from the Court.

      d.      **Privilege and Waiver**

The parties propose that Federal Rule of Evidence 502(d) shall apply to this case and the parties request that the Court incorporate the following language in its Rule 16(b) Order: Pursuant to the agreement of Parties under Federal Rule of Evidence 502(e) and this order entered under Federal Rule of Evidence 502(d), the production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding.  When any producing party becomes aware of the inadvertent production of such material, then that producing party shall notify the other receiving party, identifying the

document, the portions of the document that were inadvertently produced, and the first date the document was produced. The producing party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production, and the receiving party agrees to not challenge the reasonableness of such efforts. Upon receiving notice of production of privileged or protected information or upon determining that information it received is privileged or protected in whole or in part, the receiving party must within five (5) business days destroy or return such material, including any abstracts thereof, to the producing party. The receiving party may not use or disclose the privileged or protected information unless this Court has determined that the information is not privileged or protected.

If the parties cannot agree as to the claim of privilege, the parties shall meet and confer in good faith to resolve the issue. If the parties reach an impasse regarding the privilege designation for a given document or thing, the producing party shall move the Court for a resolution with seven days after the parties agree an impasse exists.

13. **Privilege Log.** The parties have agreed that, should any documents be withheld from production on the basis that they are privileged, the withholding party shall produce a privilege log in accordance with the Federal and Local Rules. However, the following documents need not be logged:

    a.    Communications with outside counsel after the Complaint was filed; and

    b.    Attorney work product prepared after the Complaint was filed.

The parties have further agreed that a privilege log will be served or updated within 28 days of the production of documents and things from which documents have been withheld or redacted for privilege, but that all privilege logs will be complete and served no later than July 29, 2016.

14. The parties have agreed that, to the extent feasible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via email on each of the other parties, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)( E).  Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by email under the Fed. R. Civ. P. 5(b)(2)(E).  The additional time provided by Fed. R. Civ. P. 6(d) does **not** apply to email service.

Dated:  April 13, 2016

/s/ *Rebecca J. Stempien Coyle*

Rebecca J. Stempien Coyle (VSB# 71483)
Paul Grandinetti (Admitted *pro hac vice*)
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

*Counsel for Plaintiff Associated Recovery, LLC*

/s/ *Eric Y. Wu*

Lora A. Brzezynski, VSB No. 36151
Claire M. Maddox, VSB No. 71230
Eric Y. Wu, VSB No. 82829
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
202-496-7500 (phone)
202-496-7756 (fax)
lora.brzezynski@dentons.com
claire.maddox@dentons.com
eric.wu@dentons.com

Of Counsel:
Steven M. Geiszler
Zunxuan D. Chen
DENTONS US LLP
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
214-259-0900 (phone)
214-259-0910 (fax)
steven.geiszler@dentons.com
digger.chen@dentons.com

*Counsel for Domain Names 028.com, fny.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, pixie.com, qmh.com, sqg.com, vcz.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yqp.com, yqt.com,*

*yrn.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com and Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Yang Gao, Xiaohang Shen, Feng Yan*

## CERTIFICATE OF SERVICE

I, Rebecca J. Stempien Coyle, certify that on April 13, 2016, I electronically filed the foregoing JOINT DISCOVERY PLAN by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Claire M. Maddox
>Eric Y. Wu
>DENTONS US LLP
>1900 K Street, N.W.
>Washington, D.C. 20006
>claire.maddox@dentons.com
>eric.wu@dentons.com

>  /s/
>Rebecca J. Stempien Coyle
>(VSB# 71483)
>Counsel for the Plaintiff
>**Associated Recovery, LLC**
>LEVY & GRANDINETTI
>1120 Connecticut Avenue, N.W.
>Suite 304
>Washington, D.C. 20036
>Telephone (202) 429-4560
>Facsimile (202) 429-4564
>mail@levygrandinetti.com