IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ASSOCIATED RECOVERY, LLC,**

    Plaintiff,

v.

**JOHN DOES 1-44,**

    Defendants *in rem*.

No. 3:16-CV-1025-L

*In re:*

| | | | |
|---|---|---|---|
| 744.COM | KXW.COM | UHW.COM | YJX.COM |
| 028.COM | LNM.COM | VCZ.COM | YLZ.COM |
| 3DCAMERA.COM | LUOHE.COM | VGJ.COM | YQP.COM |
| FNY.COM | MEQ.COM | WYD.COM | YQT.COM |
| FX2.COM | OCU.COM | XAQ.COM | YRN.COM |
| FXF.COM | PIXIE.COM | XFF.COM | YTE.COM |
| JTZ.COM | QMH.COM | XSG.COM | YYG.COM |
| KGJ.COM | RUTEN.COM | YCX.COM | ZDP.COM |
| KMQ.COM | SDU.COM | YEY.COM | ZHD.COM |
| KOU.COM | SQG.COM | YGX.COM | ZULIN.COM |
| KXQ.COM | TAOLV.COM | YJR.COM | ZZM.COM |

**JOINT RULE 26(f) CONFERENCE REPORT**

In accordance with the Court's Order Requiring Status and Scheduling Conference (Dkt. 45), and through the undersigned counsel, Plaintiff Associated Recovery ("Plaintiff") and Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Yang Gao, Xiaohang Shen, and Feng Yan, on behalf of their Accused Domain Names 028.com, fny.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com,

1

meq.com, pixie.com, qmh.com, sqg.com, vcz.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yqp.com, yqt.com, yrn.com, yyg.com, zdp.com, zhd.com, zulin.com, and zzm.com ("Defendants") submit the following Rule 26(f) Conference Report.

## **ISSUES REQUIRED BY THE COURT'S ORDER:**

**a.      Nature of Claims and Defenses**.

Plaintiff's Statement:  The subject domain names were all sold, either directly to the Defendants or predecessors-in-interest of the Defendants, as a result of an Order instituting a Receivership.  Subsequently the Fifth Circuit found that the Receivership Order lacked subject matter jurisdiction.  Therefore, the sales of the domain names per the Receivership Order may be set aside as void, and the Receiver's title to the domain names and authority to sell the domain names was void.  As a result, whether or not the Defendants were bona fide purchasers for value (which the Plaintiff does not admit) is immaterial and the domain names should be returned to the Plaintiff, who is the assignee of the rights to the names and the ability to bring this suit to recover them.

Defendants' Statement:  Defendants believe this case should be dismissed for one or more of three Rule 12(b) bases advanced in Defendants' Renewed Rule 12(b) Motion to Dismiss (Dkt. 47).  In addition, Defendants are bona fide purchasers for value of the disputed domain names, which were transferred pursuant to orders by this Court.  Defendants anticipate additional legal and equitable defenses, such as laches, estoppel, and unclean hands will be raised in the event this action proceeds beyond Defendants' pending motion.

**b.      Settlement**. The parties discussed the possibilities for settlement or resolution of the case.

Plaintiff's Position:  The Plaintiff has asked the Defendants to agree that the Plaintiff may speak privately with a Magistrate Judge, appointed for the purposes of settlement, prior to exchanging a proposal with the Defendants.  The Plaintiff asks for Magistrate Judge Stickely, who has worked

on a related case and is familiar with the background. The early involvement of a Magistrate will lend seriousness to the parties' abilities to listen to and consider each other's proposals as conveyed through the Magistrate Judge, and is due to the complexity of the multi-layered transactions and varying values of the domain names at issue. In other words, a single number does not fit this negotiation. As of now no demands or offers have been exchanged, but they could be quickly exchanged through a Magistrate Judge.

Defendants' Position: In their original Joint Discovery Plan, the parties agreed that "**Before** committing to and scheduling a mediation (or similar dispute-resolution mechanism), the parties will exchange settlement proposals to determine whether their respective positions are close enough to warrant mediation at this point in the case. The parties will notify the Court when they believe mediation is appropriate." Dkt. 38, ¶ 2 (emphasis added). But Plaintiff never made a settlement proposal and now insists that the parties exchange settlement proposals through a neutral party. Defendants are able to seriously listen to and consider any proposal by Plaintiff even without the aid of a Magistrate Judge or other neutral party. The fact that Plaintiff's demands may be vary between domain names or between defendants does not require a neutral party to convey Plaintiff's demands.

**c.     Possible joinder of additional parties**. Defendants filed a Renewed Rule 12(b) Motion to Dismiss (Dkt. 47) that, in part, argues that necessary parties have not been joined in this action. The parties agree that there will be no further amendment of pleadings or joinder of additional parties except as set forth in Fed. R. Civ. P. 15 or by Order of the Court. The parties recognize that in light of the unknown identities or involvement of third-parties that motions to amend and/or for joinder of additional parties may be possible.

**d.     Any anticipated challenges to jurisdiction or venue.** The Eastern District of Virginia transferred this action to this Court pursuant to Defendants' original motion to dismiss (Dkt. 31).

*See* Dkt. 40 (Order transferring action). Defendants' Renewed Rule 12(b) Motion to Dismiss (Dkt. 47), now pending before the Court, raises issues under Rule 12(b)(1) and 12(b)(6). No other challenges to jurisdiction or venue are currently anticipated.

**e. Date by which the case will be ready for trial and estimated length of trial.** The parties currently believe that this action may be ready for trial approximately one year following the Court's ruling on Defendants' Renewed Rule 12(b) Motion to Dismiss (Dkt. 47). The parties currently believe that a trial would require approximately 4 to 4½ days.

**f. Desirability of ADR, and the timing for ADR.**

Plaintiff's Position: The Plaintiff has asked the Defendants to agree to speak privately with a Magistrate Judge, appointed for the purposes of settlement, prior to exchanging a proposal with the Defendants. The Plaintiff asks for Magistrate Judge Stickely, who has worked on a related case and is familiar with the background. The early involvement of a Magistrate will lend seriousness to the parties' abilities to listen to and consider each other's proposals as conveyed through the Magistrate Judge.

Defendants' Position: Before committing to and scheduling a mediation (or similar dispute-resolution mechanism), the parties should exchange settlement proposals to determine whether their respective positions are close enough to warrant mediation at this point in the case. The parties can notify the Court if/when they believe mediation is appropriate.

**g. Any objections to disclosure under Rule 26(a)(1)**

The parties agree, and respectfully propose to the Court, that initial disclosures be served on or before ten business days after the Court rules on Defendants' Renewed Rule 12(b) Motion to Dismiss (Dkt. 47).

**ADDITIONAL ISSUES DISCUSSED BY THE PARTIES**

**Limitations/Phased Discovery**. The parties agree that discovery need not be conducted in phases or be limited to or focused on particular issues, although this does not preclude the use of iterative, proportional steps in conducting discovery.  The parties shall conduct discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules, and the Court's forthcoming Scheduling Order.  Interrogatories, document requests and requests for admission shall be served in sufficient time to allow a response prior to the fact discovery cutoff date.  Expert discovery also shall be concluded by the date set by the Court or, in the absence of a Court-imposed deadline, by a date to be agreed to by the parties.

**Written Discovery.** The parties have agreed to meet and confer regarding any objections to written discovery requests.

Plaintiff's Position:  Plaintiff believes the Federal Rules' default limit of 25 interrogatories per party is sufficient, so long as Defendants do not object to subparts (including the counting of the subparts as separate interrogatories) being used to facilitate communication with non-English speaking Defendants.  The parties can meet and confer at a later date if one or both parties believe that the default limit is insufficient.

Defendants' Position:  Defendants believe that the Federal Rules' default limit of 25 interrogatories per party is sufficient.  Defendants are not willing to agree that they will not object to Plaintiff's use of subparts as a potential means of evading the 25-interrogatory limit. Instead, Defendants are agreeable to working with Plaintiff, to the extent Plaintiff can demonstrate the need, to allowing some subparts *if* truly needed to overcome language barriers. But Defendants believe that to agree *ab initio* never to object to Plaintiff's use of subparts could invite abuse of the 25-interrogatory limit.

**Depositions.** The parties continue to agree that the Eastern District of Virginia's rule allowing each party to take five non-party depositions is reasonable and should be adopted here.[1] Should additional depositions be necessary, the parties will confer and seek court approval to increase that number.

The parties agree that each party will bear its own costs, including travel expenses and attorney fees, for attending any depositions within the United States, regardless of whether that party participates in the deposition or merely attends the deposition. The parties further agree that, so long as local law allows, any foreign depositions can occur in a location other than the United States Consulate, that the court reporter for the foreign deposition may by located in the United States and attend the deposition via telephone, and that any counsel can attend the foreign deposition via telephone.

**Expert Disclosures and Discovery.** The parties discussed the role of expert opinion testimony. The parties agreed that the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) shall be made by the dates set by the Court or, in the absence of Court-imposed deadlines, by dates to be agreed to by the parties.

**Trial Before Magistrate Judge.** One or more parties do not currently consent to proceed to trial before a Magistrate Judge.

**Protective Order.** The parties anticipate that information, documents, and tangible things relating to confidential business, research, development, proprietary or commercial information may be sought, produced, or exhibited by and among the parties during this litigation. Inappropriate use or public disclosure of such confidential and proprietary information would be detrimental to the parties as the information could be used to obtain an

---

[1] For clarity, Certain Defendants note that the discovery limitations are "per party", not "per side". Thus, each of the Certain Defendants is allotted its own interrogatories and third-party depositions.

unfair business advantage and gain a competitive edge. Accordingly, the parties believe that a Protective Order under Fed. R. Civ. P. 26(c) is appropriate in this case. The parties will attempt to agree on the terms of a stipulated Protective Order to be submitted to the Court for consideration and will submit the Protective Order with an appropriate motion for entry by the Court as soon as possible.

**Rule 26(f).** All items required to be discussed by Rule 26(f) were discussed.

**Electronic Discovery.**

a. **ESI in General.** Counsel have agreed to engage in a reasonable process of producing ESI properly requested in discovery in this action by making a good faith and reasonable inquiry of their ESI systems to identify, collect and process responsive ESI from relevant custodians. In addition, the parties will process the data collected using reasonable culling methodologies and will make good faith efforts to agree upon (1) reasonable date ranges, (2) appropriate lists of search terms or other parameters, and (3) appropriate lists of custodians.

b. **Format of Production.**

The parties agree that ESI may be produced in .pdf or .tiff format with searchable text, except as otherwise specified herein regarding spreadsheets. To the extent a party needs to examine a native file or metadata of particular documents, the other party will produce that ESI in that format upon request.

The parties agree that document productions of Bates numbered documents should have a name or date associated with it and each separate volume delivered must also have a separate VOLUMENAME associated with it. To the extent documents are produced in .tiff format, each production should be organized in four subfolders: IMAGES, FULLTEXT, NATIVE and LOADFILES. LOADFILES should contain the metadata, DII, OPT, LST, and custodian append

files.  To the extent English-language documents are produced in .pdf, such documents should be text searchable.

The parties agree that spreadsheets should be produced in native format (e.g., as .XLSX files), with searchable text for the entire document, metadata, and bibliographic information. The producing party shall provide only a single image of the first page of the spreadsheet or provide a single placeholder image. The placeholder image shall contain at a minimum the BEGDOC#, and FILENAME.  The Bates range for a spreadsheet shall be a single number.

  c.  **Costs**

Each party will bear its own costs for production, but should the producing party believe that a request is unduly burdensome or costly, the parties agree to meet and confer regarding the request and/or cost sharing.  If no resolution is reached the producing party may seek relief from the Court.

  d.  **Privilege and Waiver**

The parties propose that Federal Rule of Evidence 502(d) shall apply to this case and the parties request that the Court incorporate the following language in its Rule 16(b) Order: Pursuant to the agreement of Parties under Federal Rule of Evidence 502(e) and this order entered under Federal Rule of Evidence 502(d), the production or disclosure during discovery of an attorney-client privileged, attorney work product, or other protected document or information medium shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding.  When any producing party becomes aware of the inadvertent production of such material, then that producing party shall notify the other receiving party, identifying the document, the portions of the document that were inadvertently produced, and the first date the document was produced.  The producing party need not provide any explanation or evidence

regarding the reasonableness of efforts taken to prevent such production, and the receiving party agrees to not challenge the reasonableness of such efforts. Upon receiving notice of production of privileged or protected information or upon determining that information it received is privileged or protected in whole or in part, the receiving party must within five (5) business days destroy or return such material, including any abstracts thereof, to the producing party. The receiving party may not use or disclose the privileged or protected information unless this Court has determined that the information is not privileged or protected.

If the parties cannot agree as to the claim of privilege, the parties shall meet and confer in good faith to resolve the issue. If the parties reach an impasse regarding the privilege designation for a given document or thing, the producing party shall move the Court for a resolution with seven days after the parties agree an impasse exists.

**Privilege Log.** The parties have agreed that, should any documents be withheld from production on the basis that they are privileged, the withholding party shall produce a privilege log in accordance with the Federal and Local Rules. However, the following documents need not be logged:

a. Communications with outside counsel after the Complaint was filed; and

b. Attorney work product prepared after the Complaint was filed.

The parties have further agreed that a privilege log will be served or updated within 28 days of the production of documents and things from which documents have been withheld or redacted for privilege, but that all privilege logs will be complete and served no later than two weeks prior to the close of discovery.

The parties have agreed that, to the extent feasible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via email on each of the other parties, and such service shall constitute proper

service under Fed. R. Civ. P. 5(b)(2)( E).  Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by email under the Fed. R. Civ. P. 5(b)(2)(E).  The additional time provided by Fed. R. Civ. P. 6(d) does **not** apply to email service.

Dated:  May 16, 2016

Respectfully submitted

By: */s/ Rebecca J. Stempien Coyle*

Rebecca J. Stempien Coyle (VSB# 71483)
Paul Grandinetti (Admitted *pro hac vice*)
**LEVY & GRANDINETTI**
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

*Counsel for Plaintiff Associated Recovery, LLC*

By: */s/ Steven M. Geiszler*

Steven M. Geiszler
Texas Bar No. 24032227
Zunxuan D. Chen
Texas Bar No. 24059564
**DENTONS US LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201-1858
T: (214) 259-0900
F: (214) 259-0910
steven.geiszler@dentons.com
digger.chen@dentons.com

*Of Counsel:*
Lora A. Brzezynski
Claire M. Maddox
Eric Y. Wu
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
202-496-7500 (phone)
202-496-7756 (fax)
lora.brzezynski@dentons.com
claire.maddox@dentons.com
eric.wu@dentons.com

*Counsel for Domain Names 028.com, fny.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, pixie.com, qmh.com, sqg.com, vcz.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yqp.com, yqt.com, yrn.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com and Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Yang Gao, Xiaohang Shen, Feng Yan*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2016 I caused the foregoing document to be served on counsel of record via the Court's CM/ECF system.

>                           */s/ Steven M. Geiszler*
>                           Steven M. Geiszler

96646076