IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ASSOCIATED RECOVERY, LLC,**

    Plaintiff,

v.

**JOHN DOES 1-44,**

    Defendants *in rem*.

No. 3:16-CV-1025-L

*In re:*

| | | | |
|---|---|---|---|
| 744.COM | KXW.COM | UHW.COM | YJX.COM |
| 028.COM | LNM.COM | VCZ.COM | YLZ.COM |
| 3DCAMERA.COM | LUOHE.COM | VGJ.COM | YQP.COM |
| FNY.COM | MEQ.COM | WYD.COM | YQT.COM |
| FX2.COM | OCU.COM | XAQ.COM | YRN.COM |
| FXF.COM | PIXIE.COM | XFF.COM | YTE.COM |
| JTZ.COM | QMH.COM | XSG.COM | YYG.COM |
| KGJ.COM | RUTEN.COM | YCX.COM | ZDP.COM |
| KMQ.COM | SDU.COM | YEY.COM | ZHD.COM |
| KOU.COM | SQG.COM | YGX.COM | ZULIN.COM |
| KXQ.COM | TAOLV.COM | YJR.COM | ZZM.COM |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**<u>FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

I.     INTRODUCTION

The Court should deny Plaintiff's Motion for Leave to File Amended Complaint. The proposed new claims are contrary to the Fifth Circuit's decision in *Netsphere I* and this Court's decisions in *Netsphere II* and *III*, thereby rendering the proposed amendment futile. In addition, Plaintiff's Proposed Amended Complaint adds claims that are redundant to those already in-suit. Plaintiff's filing of the Proposed Amended Complaint does not make it operative as it is also untimely. Finally, the Proposed Amended Complaint's express references to theft and fraud are an affront to Defendants and the Court.

II.    FACTUAL BACKGROUND

Plaintiff filed its original Complaint in the Eastern District of Virginia on December 31, 2015. Dkt. 1. Some of the defendants to that suit (i.e., "Certain Defendants") filed a Motion to Dismiss Complaint for Failure to Join a Necessary Party, Or in the Alternative, to Transfer Venue on March 25, 2016. Dkt. 30. On April 15, the Eastern District of Virginia granted the transfer portion of that motion with respect to Certain Defendants and transferred Plaintiff's claims against those specific defendants to this District. Dkt. 40. The Virginia court did not rule on the Rule 12(b) portion of the Certain Defendants' motion. *See id.*

Two weeks later, on April 29, the transferred Defendants filed a Renewed Rule 12(b) Motion to Dismiss (Dkt. 47). Plaintiff responded on May 20 (Dkt. 57) and, on that same day, filed the motion at bar: Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 58). In addition to updating the court docketing information, the Proposed Amended Complaint (Dkt. 59) adds five new claims for relief under theories of declaratory judgment (¶¶ 278-80), violation

of the Texas Theft Liability Act (¶¶ 281-86), unjust enrichment (¶¶ 287-89), misappropriation (¶¶ 290-95), and fraudulent conveyance (296-304).[1]

## III. ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Request for Leave Under Rule 15(a)(2) Fails.

Plaintiff offers Rule 15(a)(2) as one of the procedural routes for the proposed amendment. That rule provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 12(a)(2). Leave to amend is not merited here.

"Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1352 (Fed. Cir. 2011). Futility is a basis for denying a motion for leave to amend a complaint. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (listing "futility of amendment" as a "justifying reason" for a court's denial of an opportunity to amend); s*ee Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000) (court may deny a motion to amend if it concludes that the proposed amendment would be futile); *Cultor Corp. v. A.E. Staley Mfg. Co.,* 224 F.3d 1328, 1333 (Fed. Cir. 2000) ("Futility of the proposed amendment is an adequate reason to deny leave to amend.").

"The Fifth Circuit has defined 'futility' to mean that 'the amended complaint would fail to state a claim upon which relief could be granted' and has further held that the legal standard developed under Rule 12(b)(6) guides this analysis." *Gonzales v. Columbia Hosp. at Med. City Dallas Subsidiary L.P.*, 207 F. Supp. 2d 570, 573 (N.D. Tex. 2002). "A 12(b)(6) motion to

---

[1] A red-line comparison of the Proposed Amended Complaint to Plaintiff's original Complaint is available at Dkt. 62-1 (Page ID 981-1039).

dismiss should be granted only if the proposed complaint does not include 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Even though "courts should liberally grant parties leave to amend, they have discretion to deny leave if the amendment is futile." *Green v. Buckley Madole, P.C.*, No. 3:14-cv-3742-N-BN, 2015 WL 1505703, at *4 (N.D. Tex. Mar. 30, 2015).

Here, Plaintiff's proposed amendment is futile. Through the Proposed Amended Complaint (Dkt. 59), Plaintiff seeks to add five new claims for relief: declaratory judgment, violation of the Texas Theft Liability Act, unjust enrichment, misappropriation, and fraudulent conveyance. Dkt. 59 at ¶¶ 278-304. Those new claims are redundant to three original claims of alleged violation of the Anticybersquatting Consumer Protection Act, quiet title, and conversion. *Id.* at ¶¶ 260-77. And just like the original claims, the new claims are contradicted by the *Netsphere I* decision, whereby the Fifth Circuit addressed then-past, ongoing, and future domain name sales by the court-appointed receiver. 703 F.3d 296, 311-14 (5th Cir. 2012) ("No **further** sales of domain names or other assets are authorized." (emphasis added).

The new claims are futile. Plaintiff's new declaratory judgment claim, for example, asks the Court to declare that "Plaintiff is the lawful owner of the Subject Domain Names …" and that "Defendants do not have any right whatsoever to use, possess, or control the Subject Domain Names …." Proposed Amended Complaint at ¶ 279 (Dkt. 59). The *Netsphere I* decision negates such a claim because the Fifth Circuit allowed domain name sales that closed before December 18, 2012 to remain in effect. 703 F.3d at 311. Likewise, Plaintiff's new claim under the Texas Theft Liability Act alleges that "Defendants unlawfully appropriated the Subject Domain Names … without the Plaintiff's effective consent." Dkt. 59 at ¶ 284. That claim is also contradicted by the Fifth Circuit's *Netsphere I* decision as well this Court's pre-*Netsphere I*

3

orders allowing the Receiver to sell domain names and this Court's post-*Netsphere I* orders confirming the propriety of the Receiver's actions. *E.g., Netsphere II*, No. 3:09-CV-0988-F, 2013 WL 3327858, *16 (N.D. Tex. May 29, 2013) (finding receiver's actions, including domain name sales, "reasonable and prudent"). The new unjust enrichment, misappropriation, and fraudulent conveyance claims share the same fatal flaw and, thus, are similarly futile. None of these new claims overcome Defendants' arguments—collateral estoppel, lack of standing, absence of necessary parties— raised in the concurrently pending Defendants' Renewed Rule 12(b) Motion to Dismiss (Dkt. 47). In light of such futility, the Court should deny amendment under Rule 15(a)(2). *See Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000) (court may deny a motion to amend if it concludes that the proposed amendment would be futile).

### B.     It Is Too Late for Plaintiff to Rely on Rule 15(a)(1).

Plaintiff argues that the Proposed Amended Complaint is timely under Rule 15(a)(1) and thus operative as a matter of course. Pl.'s Br. at 2 (Dkt. 58). Plaintiff is mistaken. Rule 15(a)(1) allows a party to amend its pleading once as a matter of course "within (A) 21 days after serving [the original pleading], or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Plaintiff's Motion meets none of those deadlines.

First, Plaintiff filed its Motion more than 21 days after serving the original Complaint. This action is *in rem* and involves foreign defendants, so the Virginia court issued an order (Dkt. 6) allowing Plaintiff to give public notice of the action through publication in *The Washington Times*. Publication, which was in lieu of actual service, occurred on February 3, 2016. *See* Plaintiff's Notice of Declaration Regarding Publication (Dkt. 7). Thus, Plaintiff's Motion—filed

May 20th, three months after publication— does not meet the 21-day requirement under Rule 15(a)(1)(A).

Second, Defendants have not filed a responsive pleading.  Hence, the first portion of Rule 15(a)(1)(B)—"21 days after service of a responsive pleading"—is inapplicable.

Finally, Plaintiff filed its Motion more than 21 days after service of a motion under Rule 12(b).  Defendants filed their original Motion to Dismiss Complaint for Failure to Join a Necessary Party, Or in the Alternative, to Transfer Venue (Dkt. 30) on March 25, 2016.  Plaintiff does not cite to, and Defendants are not aware of, authority for the proposition that, by renewing their Rule 12(b) Motion, Defendants somehow reset the clock for Plaintiff to amend under Rule 15(a)(1)(B).  Plaintiff's Motion is too late to take advantage of Rule 15(a)(1).

### C. Plaintiff's Proposed Amended Complaint Is Unseemly.

Besides the above Rule 15 problems, Defendants object to Plaintiff's Proposed Amended Complaint because it is inappropriate.  By adding claims such as violation of the Texas **Theft** Liability Act and **fraudulent** conveyance, Plaintiff's hyperbole smears Defendants (bona fide purchasers) and the Court.  Plaintiff and its counsel know that the Court authorized the domain sales at issue.  Indeed, the Complaint says as much.  *See* Dkt. 1 at ¶¶ 240-41.  Plaintiff and its counsel also know of Fifth Circuit's decision regarding those sales in *Netsphere I,* 703 F.3d at 311-14.  Thus, for Plaintiff to allege that the Court-approved sales were theft or fraud goes too far.  Defendants defer to the Court whether to respond under Rule 11(c)(3).

### IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File Amended Complaint.

Dated: June 10, 2016 Respectfully submitted

By: */s/ Steven M. Geiszler*

| | |
|---|---|
| *Of Counsel:* | Steven M. Geiszler |
| Lora A. Brzezynski | Texas Bar No. 24032227 |
| Claire M. Maddox | Zunxuan D. Chen |
| Eric Y. Wu | Texas Bar No. 24059564 |
| **DENTONS US LLP** | **DENTONS US LLP** |
| 1900 K Street, NW | 2000 McKinney Avenue, Suite 1900 |
| Washington, DC 20006 | Dallas, Texas 75201-1858 |
| 202-496-7500 (phone) | T: (214) 259-0900 |
| 202-496-7756 (fax) | F: (214) 259-0910 |
| lora.brzezynski@dentons.com | steven.geiszler@dentons.com |
| claire.maddox@dentons.com | digger.chen@dentons.com |
| eric.wu@dentons.com | |

*Counsel for Domain Names 028.com, fny.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, pixie.com, qmh.com, sqg.com, vcz.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yqp.com, yqt.com, yrn.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com and Defendants Jinwu Chen, Xumin Huang, Feng Lu, Yuhua Jiang, Zhilong Chu, Yaoguang Zhu, Yanbin Lin, Yu Lin, Xiaofeng Lin, Fengjing Zheng, Xiaoying Li, Liwei Liu, Dongdong Xu, Teng Wang, Yang Gao, Xiaohang Shen, Feng Yan*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2016 I caused the foregoing document to be served on counsel of record via the Court's CM/ECF system.

*/s/ Steven M. Geiszler*
Steven M. Geiszler

99304514