**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division**

Associated Recovery, LLC,   )
                            )
          Plaintiff,      )
                            )   No. 3:16-cv-01025-L
   v.                       )
                            )
John Does 1-44,             )
                            )
          Defendants.     )
                            )

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
<u>LEAVE TO FILE AMENDED COMPLAINT</u>**

## INTRODUCTION

The Plaintiff submits the following reply in support of its Motion for Leave to File Amended Complaint (the "Plaintiff's Motion to Amend") and in response to the Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint (the "Defendants' Opposition.")

The Defendants' Opposition misreads Fed. R. Civ. P. 15(a)(1) and seeks to apply an improperly stringent standard in regard to futility of amendments under Fed. R. Civ. P. 15(a)(2). For the following reasons, and those set forth in the Plaintiff's Motion to Amend, the Plaintiff respectfully requests that the Court grant leave and permit the filing of the Plaintiff's Amended Complaint.

## PLAINTIFF'S MOTION IS TIMELY UNDER FED. R. CIV. P. 15(a)

As an initial matter, the Plaintiff's Motion is indeed timely under Fed. R. Civ. P. 15(a)(1), and as this is also the first amended complaint, the Plaintiff's Amended Complaint should be entered as a matter of course. The Defendants' argument to the contrary relies upon a "start date" from when the case was before the Eastern District of Virginia and an *in rem* matter. The Defendants' argument ignores the fact that after the case was transferred they filed a motion to dismiss in *this* Court. While counsel is not aware of any case law from the Fifth Circuit addressing a situation such as this one, other District Courts have held that when a case is transferred the 21 day provision in Rule 15(a)(1) relating to motions to dismiss runs from the date of the renewed motion to dismiss in the transferee court.

The instant case is strikingly similar to *Central States Southeast & Southwest Areas Pension Fund v. Cargo Carriers, Inc.,* 2013 U.S. Dist. LEXIS 101855, Case No. 1:11cv461

(M.D. N.C. July 22, 2013). In *Central States* the case originated in the United States District Court for the Northern District of Illinois. After the defendants filed various motions under Fed. R. Civ. P. 12(b), the Northern District of Illinois transferred the case to the Middle District of North Carolina. The Defendants then re-filed their 12(b) motions before the transferee Court, and the plaintiff moved for leave to file an amended complaint. *Id*. at *8. The Middle District of North Carolina held "Rule 15(a) of the Federal Rules of Civil Procedure appears to entitle Plaintiffs to amend their Complaint as a matter of course." *Id*. at *9. The Court then noted "Plaintiffs filed their instant Motion for Leave ten days after Defendants filed their instant Motions to Dismiss pursuant to Rule 12(b)(6), well within the 21-day time period allowed for amendment as a matter of course. Nothing in Rule 15(a) indicates that a plaintiff may not amend a pleading where, as here, the dismissal motions were refiled upon transfer to a new court." *Id*. at *9-10.

Also on-point is the decision by the District Court of New Jersey in *Healthy Source, LLC v. Surwilo*, 2011 U.S. Dist. LEXIS 81154, Civ. No. 10-3596 (DMC)(JAD) (D. N.J. July 25, 2011). In *Healthy Source* the defendants prevailed on a motion to dismiss for improper venue, and after the case was transferred to the District of New Jersey the defendants brought a motion under Fed. R. Civ. P. 12(b)(6). The plaintiffs "responded by filing an Amended Complaint within 21 days of service." In return, the defendants sought to strike the plaintiff's amended complaint as untimely. *Id*. at *3, 5. The Court denied the motion to strike, noting that "[t]he Amended Complaint is Plaintiff's first amendment as a matter of course. Given that Defendants have been given the opportunity to submit two motions to dismiss—one before transfer, and one

3

following— the Court cannot find that Plaintiff's filing of the Amended Complaint flouts the plain language of Rule 15(a)." *Id*. at *5.

As with *Central States* and *Healthy Source*, here the case originated in one court (the Eastern District of Virginia), the Defendants filed a Fed. R. Civ. P. 12(b) motion and the case was ultimately transferred to a new court (the Northern District of Texas). Then the Defendants refiled their motion under Fed. R. Civ. P. 12(b). The Plaintiff filed its Motion to Amend 21 days from the filing of the Defendants refiled Rule 12(b) motion[1]. Therefore, the Plaintiff's Amended Complaint, which is also the first amendment to the Complaint, is timely under Fed. R. Civ. P. 15(a)(1) and should be entered as a matter of course.

## THE PLAINTIFF'S PROPOSED AMENDMENTS ARE NOT FUTILE

The Defendants also argue that the new claims asserted in the Plaintiff's Amended Complaint are "futile" because the new claims are "redundant" to the existing claims and are "contradicted" by *Netsphere I* and *Netsphere II*. First, the Defendants' assertion of "redundancy" is both incorrect and irrelevant. The new claims asserted in the Amended Complaint are indeed for different causes of action than the original claims. While there may be some overlap in the causes of action that is neither unusual nor a bar to including the new claims. For example, parties will routinely include both federal and state or common-law counts for the same cause of action (i.e. unfair competition under the Lanham Act and also under state law).

---

[1] The Plaintiff notes that while the Defendants style their motion as "renewed" the Rule 12(b) motion filed before this Court includes substantive new arguments that were not in the Rule 12(b) motion filed by the Defendants in the Eastern District of Virginia such as lack of standing and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Parties will also routinely bring similar causes of action that are based on the same nexus of facts (i.e. trademark infringement under the Lanham Act and unfair competition).

Second, and as noted in the Plaintiff's Motion to Amend, the new counts in the Plaintiff's first Amended Complaint are relevant to the Defendants based upon their jurisdiction in this District and before this Court.

The Defendants' arguments regarding alleged "futility" in light of *Netsphere I* and *Netsphere II* and/or *Netsphere III* are incorrect. The Defendants appear to construe the Fifth Circuit's decision in *Netsphere I* as being some sort of affirmative approval of domain name sales that already occurred solely because the Fifth Circuit prohibited any additional domain name sales. *See* Dkt. 62, PageID #1043 (quoting *Netsphere I*: "No **further** sales of domain names or other assets are authorized.") The Fifth Circuit did not "address then-past" domain names sales by the court-appointed receiver by this statement, nor did the court "allow domain name sales that closed before December 18, 2012 to remain in effect." The Defendants' assertions are unsupported by the Fifth Circuit's decision in *Netsphere I*. The Fifth Circuit however did state that "the amount of all fees and expenses [paid to the Receiver] must be reconsidered by the district court. Any other payments made from the receivership fund may also be reconsidered as appropriate." 703 F.3d 296, 313.

None of the *Netsphere* cases have addressed the core issue in this matter, the return of property to its rightful owner. The Defendants' arguments regarding futility appear to be another version or attempt to argue its estoppel claim from its Rule 12(b) motion. The Plaintiff addressed the lack of estoppel in detail in its opposition thereto and as it will not inundate the

5

Court with repetition thereof, the Plaintiff refers to and incorporates its Opposition to Defendants' Renewed Rule 12(b) Motion. *See* Dkt. 57.

The Plaintiff also notes that the Defendants' affront at the use of the words "theft" and "fraud" in the new claims is absurd. These are the words used in the causes of action set by case law and the legislature. Moreover, these causes of action appear to the Plaintiff to be the most appropriate causes of action in light of the facts of this matter. The Plaintiff cannot rewrite the causes of action to avoid words the Defendants deem "unseemly."

Finally, the Plaintiff notes that the Defendants never bother to address the remaining factors considered under Fed. R. Civ. P. 15(a)(2). The Defendants do not refute the Plaintiff's argument that is not undue prejudice to the Defendants. Nor do the Defendants argue undue delay, bad faith or dilatory motive, or repeated failures to cure.

## CONCLUSION

The Plaintiff's Motion to Amend is timely under Fed. R. Civ. P. 15(a)(1), and therefore the Amended Complaint should be entered as a matter of course. Moreover, the proposed amendments are not futile and justice requires the entry of the Amended Complaint under Fed. R. Civ. P. 15(a)(2).

In light of the foregoing, and for the reasons set forth in the Plaintiff's Motion to Amend, the Plaintiff respectfully requests that the Court grant the Motion to Amend and permit the filing of the Plaintiff's first Amended Complaint.

Dated: June 24, 2016

Respectfully,

/s/ Anthony Farmer
Anthony Farmer
Texas Bar No. 24057844
THE FARMER LAW GROUP PLLC
400 South Zang Blvd., Suite 350
Telephone (214) 948-8333
afarmer@farmerlawgroup.com

*Of Counsel*:
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I, hereby certify that on June 24, 2016, I electronically filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Steven M. Geiszler
>Zunxuan D. Chen
>DENTONS US LLP
>2000 McKinney Avenue, Suite 1900
>Dallas, Texas 75201
>steven.geiszler@dentons.com
>digger.chen@dentons.com

>/s/ Anthony Farmer
>Anthony Farmer
>Texas Bar No. 24057844
>THE FARMER LAW GROUP PLLC
>400 S. Zang Blvd., Suite 350
>Telephone (214) 948-8333
>afarmer@farmerlawgroup.com
>
>Counsel for the Plaintiff
>**Associated Recovery, LLC**