**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division**

| | |
|---|---|
| Associated Recovery, LLC,    ) | |
|    ) | |
|       Plaintiff,    ) | |
|    ) | No. 3:16-cv-01025-L |
|    v.    ) | |
|    ) | |
| John Does 1-44,    ) | |
|    ) | |
|       Defendants.    ) | |
|    ) | |

In re:

| | | | |
|---|---|---|---|
| 744.COM | LNM.COM | VGJ.COM | YQT.COM |
| 028.COM | LUOHE.COM | WYD.COM | YRN.COM |
| 3DCAMERA.COM | MEQ.COM | XAQ.COM | YTE.COM |
| FNY.COM | OCU.COM | XFF.COM | YYG.COM |
| FX2.COM | PIXIE.COM | XSG.COM | ZDP.COM |
| FXF.COM | QMH.COM | YCX.COM | ZHD.COM |
| JTZ.COM | RUTEN.COM | YEY.COM | ZULIN.COM |
| KGJ.COM | SDU.COM | YGX.COM | ZZM.COM |
| KMQ.COM | SQG.COM | YJR.COM | |
| KOU.COM | TAOLV.COM | YJX.COM | |
| KXQ.COM | UHW.COM | YLZ.COM | |
| KXW.COM | VCZ.COM | YQP.COM | |

**PLAINTIFF'S OPPOSITION TO JTZ.COM, OCU.COM, AND YTE.COM'S
MOTION TO JOIN DEFENDANTS' RENEWED RULE 12(b) MOTION TO DISMISS**

The Plaintiff, Associated Recovery, LLC ("Plaintiff") files this response to JTZ.COM,

OCU.COM, and YTE.COM's Motion to Join Defendants' Renewed Rule 12(b) Motion to

Dismiss (Dkt. 74) (the "Motion to Join").

The Motion to Join the three "new Defendants" is moot because of the subsequent filing of the Plaintiff's Amended Complaint.  Additionally, this action is now an *in personam* action and the domain name transferees must join this action in person.  (Exhibit 1, E-Mail of August 9, 2016, to Defendants' Counsel Mr. Geiszler.)  The Defendants' Counsel, as explained below, represented to the Eastern District of Virginia that the prior transferees submitted to personal jurisdiction in order to obtain their requested transfer of this matter to the Northern District of Texas.

## 1.     The Motion To Join Is Moot

The Defendants' Motion to Join was filed July 25, 2016.  This motion was filed after the Court's July 18, 2016, Order granting Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 73) but before the Plaintiff's Amended Complaint was filed on August 1, 2016.  (Dkt. 59.)

It is the Plaintiff's position that its filing of the Amended Complaint established a new deadline for all Defendants to file a response to the Amended Complaint.  Therefore, the Defendants' Renewed Rule 12(b) Motion to Dismiss[1] and the instant Motion to Join are moot because the Defendants are required to provide an answer or new motion to dismiss to the Amended Complaint.

All of the Defendants (including the three new Defendants) are now required to submit a responsive pleading to the Amended Complaint pursuant to FED. R. CIV. P. 12.  The deadline for this new submission is calculated from the August 1, 2016, filing date of the Amended Complaint.

---

[1] The Defendants' Renewed Rule 12(b) Motion to Dismiss was filed on April 29, 2016. (Dkt. 47.)  The Plaintiff filed a response to the Defendants' Renewed Rule 12(b) Motion on May 31, 2016.  (Dkt. 57.)

**2.      The Defendants Must Join This Action In Person**

During a hearing on April 15, 2016, before Judge Trenga of the Eastern District of

Virginia on a motion to dismiss, the Plaintiff's Counsel made clear that it was her understanding

that the "Certain Defendants" represented by Defendants' Counsel at that hearing were

"stipulat[ing] to the personal jurisdiction and the jurisdiction of the Texas court to enter the

relief" and that "each individual defendant is stipulating to the jurisdiction of Texas," and "not

just that point person." (Exhibit 2, tr. p. 6, lines 18-22, p. 7, lines 3-9.)

In response to the Plaintiff's effort to clarify this point, the Court responded "That's what

I understand."  (Exhibit 2, tr. p. 7, line 10)

Immediately thereafter counsel for the "Certain Defendants" stated, "as to Xiaofeng Lin

... he is actually on the face of one of the domain name transfer agreements.  He has consented to

the personal jurisdiction of Texas; thus there's no *in rem* jurisdiction over him here because

there's *in personam* jurisdiction in Texas."  (Exhibit 2, tr. p. 7, lines 14-20).

Counsel for those "Certain Defendants" then continued that "[a]s for the remaining

domain names that I represent, my clients have stipulated that we will not challenge the

jurisdiction of the Northern District of Texas to order the domain registrar in Virginia to transfer

the domain names if we do not prevail in Texas."  The Court responded, "On the merits." and

counsel replied "On the merits, yes."  (Exhibit 2, Tr. p. 7, line 24 - p. 8, line 7).

Then, while discussing his reasoning for granting the transfer to the Northern District of

Texas, the Court included the following:

> [I]t appears in any event that there's no reason to think that personal
> jurisdiction cannot be obtained over these certain defendants who claim these
> domain names as evidenced by both plaintiff's claims in the Eastern District of
> Texas against certain of these certain defendants and also the certain defendants'

3

stipulation that they consent to the jurisdiction of the Northern District of Texas for the purposes of providing any remedy with respect to the transfer of these domain names.

In that regard, the anticybersquatting act specifically contemplates that such claims will be asserted where there is personal jurisdiction as the preferred course reserving *in rem* jurisdiction for those cases where personal jurisdiction is not obtainable.

(Exhibit 2, tr. p. 11, lines 8-23).

The Counsel for the three new Defendants agreed that the prior transferees are now before this Court in person.  Therefore, the Motion to Join attempts to improperly join the three new Defendants as "property" and not the domain name transferees.

**3.      Conclusion**

Should the Court determine that the Defendants' Renewed Rule 12(b) Motion to Dismiss is not moot, the Plaintiff objects to the motion based upon the facts and law explained in its response of May 31, 2016.

Dated:  August 15, 2016                              Respectfully,

/s/ Anthony Farmer
Anthony Farmer
Texas Bar No. 24057844
THE FARMER LAW GROUP PLLC
400 South Zang Blvd., Suite 350
Telephone (214) 948-8333
afarmer@farmerlawgroup.com

*Of Counsel*:
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560

4

Facsimile (202) 429-4564
mail@levygrandinetti.com

**Counsel for the Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on August 15, 2016, I electronically filed the foregoing PLAINTIFF'S

RESPONSE TO JTZ.COM, OCU.COM, AND YTE.COM'S MOTION TO JOIN

DEFENDANTS' RENEWED RULE 12(b) MOTION TO DISMISS  by using the CM/ECF

system, which will then send a notification of such filing (NEF) to the following:

> Steven M. Geiszler
> Zunxuan D. Chen
> DENTONS US LLP
> 2000 McKinney Avenue, Suite 1900
> Dallas, Texas 75201
> steven.geiszler@dentons.com
> digger.chen@dentons.com


> /s/ Anthony Farmer
> Anthony Farmer
> Texas Bar No. 24057844
> THE FARMER LAW GROUP PLLC
> 400 S. Zang Blvd., Suite 350
> Telephone (214) 948-8333
> afarmer@farmerlawgroup.com
>
> Counsel for the Plaintiff
> **Associated Recovery, LLC**