## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### Dallas Division

|  |  |  |
|---|---|---|
| ASSOCIATED RECOVERY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1025-L |
| | ) | (Consolidated with Civil Action Nos. |
| JOHN DOES 1-44 *et al.*, | ) | 3:17-cv-424-L and 3:17-cv-651-L) |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE FOR SUBSTITUTE SERVICE
## <u>AND TO EXTEND THE PERIOD FOR SERVICE AND BRIEF IN SUPPORT</u>

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION…………………………………………………………….. 1

II.     STATUS OF SERVICE AND RELEVANT FACTUAL
        BACKGROUND………………………………………………………….... 2

        A.      William Wolfson…………………………………………………… 4

        B.      Sol Perlstein……………………………………………………….. 5

        C.      Tobyclements.com LLC…………………………………………… 6

        D.      Jaano, LLC……………………………………………………..….. 6

        E.      Steve Fortuna…………………………………………………….... 7

        F.      Worldwide Retailing, LLC………………………………………… 8

        G.      Dharshinee Naidu…………………………………………………. 9

        H.      Kate Spade………………………………………………………….10

        I.      GoldRun, Inc. …………………………………………………..… 10

        J.      Media Options, Inc. …………………………………………….… 12

        K.      Floridians, LLC……………………………………………..….… 12

        L.      News, Ltd. ………………………………………………………… 13

        M.      Sylvia O'Donohoe………………..………………………………… 14

III.    MOTION FOR SUBSTITUTE SERVICE VIA PUBLICATION
        AND EMAIL…………………………..…………………………..……… 14

        A.      Applicable Legal Standards………………………………..…… 14

                1.      Federal Rules of Civil Procedure………………..……… 15

                2.      Law on Service Via Publication ………………………..……… 16

                3.      Law on Service via Email ……………………………… 16

        B.      Application of the Law to the Facts Supports Substitute Service
                Via Publication and Email ……………………………………………19

        C.      Request for Extension of Time ………………………………… 23

IV.     CONCLUSION …………………………………………………………… 23

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Baker Hughes Inc. v. Homa*, Civil Action No. H-11-3757,
2012 U.S. Dist. LEXIS 60224 (S.D. Tex. Apr. 30, 2012) ……………….……………….. 15

*Brookshire Bros. Ltd. v. Chiquita Brands Int'l*,
 2007 U.S. Dist. LEXIS 39495 (S.D. Fla. May 31, 2007) ……………………….…….……. 15

*Bullex v. Yoo*, Case No. 2:10-cv-668, 2011 U.S. Dist. LEXIS 35628
 (D. Utah Apr. 1, 2011) …………………………………………………..……… 16, 17, 21, 22

*Chanel, Inc. v. P'ship of Unincorporated Ass'ns*, Civil Action H-12-02085,
2013 U.S. Dist. LEXIS 138195 (S.D. Tex. Sept. 26, 2013) …………………………………… 17

*Chanel, Inc. v. Zhibing*, 2010 U.S. Dist. LEXIS 25709
(W.D. Tenn. Mar. 17, 2010) ……………………………………………………………… 18

*Coach, Inc. v. O'Brien*, 10 Civ. 6071, 2012 U.S. Dist. LEXIS 52565
(S.D.N.Y Apr. 13, 2012) ………………………………………………………………..…… 16

*Collins v. Doe*, Civil Action No. 3:07-885-HFF-JRM,
2008 U.S. Dist. LEXIS 56880 (S.D. Tex. July 31, 2008) …………………………………… 17

*D'Acquisto v. Triffo*, 2006 U.S. Dist. LEXIS 1225, (E.D. Wis. Jan. 6, 2006) …………..……… 19

*Delor v. Intercosmos Media Group, Inc.*, Civil Action No.: 04-3262,
2006 U.S. Dist. LEXIS 5053 (E.D. La., Feb. 9, 2006) …………………………………………… 16

*Facebook, Inc. v. Banana Ads, LLC*, No. 11-cv-03619-YGR,
2012 U.S. Dist. LEXIS 42160, at *6-8 (N.D. Cal. Mar. 27, 2012) ……..…………………… 18

*Gramercy Ins. Co. v. Kavanagh*, Civil Action No. 3:10-cv-1254-D,
2011 U.S. Dist. LEXIS 50003 (N.D. Tex. May 10, 2011) …………………………...……… 15

 *In re E.R.* 385 S.W.3d 552, 566 (Tex. 2012) …………………………………………..……… 15

*In re Int'l Telemedia Assocs.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000) …………………… 17

*Liberty Holdings, LLC v. Vingay.com*, No. 11-cv-280-PHX-LOA,
2011 U.S. Dist. LEXIS 153615 (D. Ariz. Dec. 28, 2011) ………………………………..… 16, 21

*McBride v. Wille*, Civil Action No. SA-13-cv-0986,
2013 U.S. Dist. LEXIS 195513 (W.D. Tex. Dec. 2, 2013) …………………….…………… 17

*MacLean—Fogg Co. v. Ningbo Fastlink Equip. Co.*, Civil Action No. 08-cv-2593,
2008 U.S. Dist. LEXIS 97241 (N.D. Ill. Dec. 1, 2008) …………………………...……..…… 17

*MPS IP Services Corp. v. Modis Communications, Inc.*, Case No. 3:06-cv-270-J-20HTS,
2006 U.S. Dist. LEXIS 34473, at *3 (M.D. Fla. May 30, 2006) ……...………………….…… 19

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317,
70 S. Ct. 652, 94 L. Ed. 865 (1950) …………………………………….…………………… 15

*Nabulsi v. Al Nahyan*, Civil Action No. N-06-2683, 2007 U.S. Dist. LEXIS 75077
(S.D. Tex. Oct. 9, 2007) ………………………………………………...………………… 17

*Rio Properties, Inc. v. Rio Int'l* Interlink, 284 F.3d 1007 (9th Cir. 2002) …….…………… 15, 17

*RPost Holdings, Inc. v. Kagan*, Civ. No. 11-238, 2012 U.S. Dist. LEXIS 7566
(E.D. Tex. Jan. 23, 2012) ……………………………………………….…………………… 18

*Selippos Tech., Ltd. v. First Mt. Bancorp*, Civil Action No. 4:12-cv-01508,
 2013 U.S. Dist. LEXIS 38731 (S.D. Tex. Mar 20, 2013) …………………………...……… 17

*Tishman v. The Associated Press*, Civil Action No. 05 Civ. 4278,
 2006 U.S. Dist. LEXIS 4622, (S.D. N.Y. Feb. 6, 2006) ……………………………….…… 17

*Williams v. Advertising Sex LLC*, 231 FRD 483, 486 (N.D. W. Va. 2005) …………………… 15

**Other Authorities**

Fed. R. Civ. P. 4(e) …………………………………………..………………… 1, 14, 15, 17

Fed. R. Civ. P. 4(f) …………………………………………...………………… 15, 17, 19

Fed. R. Civ. P. 4(h) …………………………………………...………………… 14, 15

Fed. R. Civ. P. 4(m) …………………………………………...………..……………… 23

Tex. R. Civ. P. 109 …………………………………………...………………… 14, 15, 21

Tex. R. Civ. P. 109(a) …………………………………….………...………………… 15, 16-17, 21

The Plaintiff, Associated Recovery, LLC ("Plaintiff"), files this memorandum in support of its Motion for Leave for Substitute Service for a limited number of defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rules 109 and 109a of the Texas Rules of Civil Procedure, and to extend the time to effectuate service until May 15, 2017, as follows. Through this Motion the Plaintiff also provides a response to the Court's Order of March 10, 2017 (the "Order"), to show good cause in writing for the failure or inability to effect service on certain defendants.  Case 3:17-cv-00651-L, Dkt. 142.

In light of the changes in the location of the case, and the upcoming Second Amended Complaint to be filed in the consolidated action, the Plaintiff respectfully requests an extension of time to serve the Non-Responsive Defendants until May 15, 2017.  This would permit the Plaintiff to provide the Non-Responsive Defendants with what will be the operative pleading in the consolidated action when service is conducted.  The Plaintiff will, upon permission of the Court, effect this service via personal service by a process server or mail (where a new address has been located) and via publication and email.

## I.   INTRODUCTION

The Plaintiff maintains that it has effected service on all defendants identified in the Order via a combination of personal service, service via the Texas Secretary of State (for all domestic defendants), and registered mail (for all foreign defendants).

However, in its recent efforts to confirm contact information for these defendants the Plaintiff has verified the email addresses for the defendants and located additional physical addresses for some of the defendants.  The Plaintiff requests leave to effect service on all the defendants, who have not yet appeared, via email and for the domestic defendants via publication

1

as well.  Such substitute service will be reasonably effective at providing the defendants who have not appeared with notice of this lawsuit.

The Plaintiff notes that the Order issued when Civil Action No. 3:17-cv-0651-L was its own case and had been recently transferred from the Eastern District of Texas.  Since the transfer of the initial case to this Court, the case has also recently been consolidated with another action. As a result, the matter originally filed in the Eastern District of Texas, and in which the underlying Order issued, is now proceeding under its third case number.  On March 23, 2017, the Court also ordered the Plaintiff to file a Second Amended Complaint for all defendants in the consolidated matters.  Additionally, with the transfer to the Northern District and recent consolidation, the summonses as originally issued for the defendants on whom the Plaintiff has not been able to effect personal service to-date and who have not yet appeared (collectively for this motion, the "Non-Responsive Defendants"), are no longer accurate and will need to be reissued under the new Court caption and case number.

In light of the changes in the location of the case and the upcoming Amended Complaint to be filed in the consolidated action, the Plaintiff respectfully requests an extension of time, to serve the few remaining Non-Responsive Defendants, until May 15, 2017.  This would permit the Plaintiff to provide the Non-Responsive Defendants with what will be the operative pleading in the consolidated action when service is conducted.  The Plaintiff will, upon permission of the Court, effect this service via process servers or mail (where a new address has been located) and via publication and email.

## II.    STATUS OF SERVICE AND RELEVANT FACTUAL BACKGROUND

On March 10, 2017, the Court issued an Order directing the Plaintiff to effect service "or show good cause for the failure or inability to effect service" on seventeen identified defendants.

1.     One of the identified defendants, Steve Parma, was dismissed from the case on August 29, 2016.  See Case 3:17-cv-00651-L, Dkt. 90.

2.     The Plaintiff effected service on two of these defendants (SocialBon, Inc. and JRS Holdings, LLC) and on one additional recently added defendant not identified by the Court (FantasySpin Game LLC).

The Plaintiff will file the proofs of service for these three Defendants with the Court prior to

March 30, 2017.

3.     The Plaintiff notes that two of the defendants identified by the Court in its Order are misidentified.  Ms. Vivian Rosenthal was removed as an individual defendant on June 16, 2016, with the submission of the Amended Complaint.  See Case 3:17-cv-00651-L, Dkt. 15.

4.     MOINC-US was also removed as a defendant, under this name, with the submission of the Amended Complaint.   Id. However, MOINC-US is another name for a current defendant, Media Options.

The status of the remaining defendants identified by the Court are as follows.

The remaining defendants were served in accordance with Texas law after the Amended

Complaint was filed but have not received personal service by a process server or appeared in

this actions (collectively for this motion, the "Non-Responsive Defendants"):

| | | | |
|---|---|---|---|
| 1. | William Wolfson; | 8. | Kate Spade; |
| 2. | Sol Perlstein; | 9. | GoldRun, Inc.; |
| 3. | Tobyclements.com LLC; | 10. | Media Options, Inc. |
| 4. | Jaano LLC; | 11. | Floridian, LLC |
| 5. | Steve Fortuna; | 12. | News, Ltd.; and |
| 6. | Worldwide Retailing, LLC; | 13. | Sylvia O'Donohoe. |
| 7. | Dharshinee Naidu; | | |

A summary of steps taken to effect personal service for each of the Non-Responsive Defendants

is set forth below, and a set of documents further establishing the steps taken to-date for each

Non-Responsive Defendant are also attached as Exhibits 1 through 12 (App. 1-100).

3

A.      **William Wolfson**

The Plaintiff hired a process server to effect personal service on William Wolfson at the address of record which the Plaintiff had identified at the time of filing the Complaint.  The process server reported that the man at the address stated he purchased the home "over 2 years ago and ha[d] no knowledge of the previous homeowners whereabouts."  The process server reviewed the records from the Pierce County Assessor-Treasurer which indicated the property had been sold May 17, 2013, and personal service was not possible.  (App. 4-6.)

The Plaintiff then hired a separate process server to effect service on Mr. Wolfson via certified mail.  The certified mail was returned "undeliverable."  (App. 7-8.)  The Plaintiff then hired a process server to effect service on Mr. Wolfson via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044.  (App. 9-10.)  As of the date of this filing no return has been received from the Secretary of State.

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for William Wolfson.  In March 2017, a representative of the Plaintiff conducted a WHOIS search for the domain name associated Mr. Wolfson.  (Declaration of Jeffrey Baron ("Status Decl.") App. 104, para. 2.)  The WHOIS results indicated the domain name had been transferred during the pendency of this proceeding.  (Id., and App. 113-119, Enclosure A.)  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Mr. Wolfson for the vhj.com domain name (drbill@lcin.com).  (Id., para. 3.)  A review of the recent WHOIS records for two of the domains identified the same email address and the physical address for Mr. Wolfson that was identified on the summons.  (See App. 120-132, Composite Enclosure B.)  These records state they were updated in October 2016.

4

## B.    Sol Perlstein

The Plaintiff hired a process server to effect personal service on Sol Perlstein at the address of record which the Plaintiff had identified at the time of filing the Complaint. The process server reported that the concierge at this location stated Mr. Perlstein was no longer at the address, and therefore personal service was not possible. (App. 16-17.) The Plaintiff then hired a separate process server to effect service on Mr. Perlstein via certified mail at address identified in the Complaint and a secondary address that was located. Both pieces of certified mail were returned "Addressee not known" or "Return to sender Unable to forward." (App. 14-15, 19-20.) The Plaintiff then hired a process server to effect service on Mr. Perlstein via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044. (App. 21-22.) As of the date of this filing no return has been received from the Secretary of State.

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Sol Perlstein. In March 2017, a representative of the Plaintiff conducted a WHOIS search for the domain name associated Mr. Perlstein. (App. 105, Status Decl., para. 5.) The recent WHOIS search shows that the record was updated on June 18, 2016. (Id., and App. 133-141, Enclosure C.) The address provided is the same as the address identified in the Complaint and used for service, and the email address remained the same as well (sol@internetholdings.com). Id. A "reverse" search was then conducted for other domain names registered to the email address originally associated with Mr. Perlstein. (App. 105, para. 6.) A review of the recent WHOIS records for two of the domains identified the same email address and the physical address for Mr. Perlstein that was identified on the summons. (See App. 142-148, Composite Enclosure D.) These records state they were updated in January and February 2017.

5

### C.    Tobyclements.com LLC

The Plaintiff hired a process server to effect personal service on Tobyclements.com LLC, at the address of record which the Plaintiff had identified at the time of filing the Complaint. The process server reported that the address was for a virtual office, and therefore personal service was not possible.  (App. 26.)  The Plaintiff then hired a separate process server to effect service on TobyClements.com LLC via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044.  The Secretary of State returned notice to the Plaintiff that the service was returned as "undeliverable."  (App. 27-29.)

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Tobyclements.com LLC.  In March 2017, a representative of the Plaintiff conducted a search to confirm the address or locate a new address for Tobyclements.com LLC.  A "reverse" search was conducted for other domain names registered to the email address originally associated with Tobyclements.com LLC domain name (admin@tobyclements.com).  (App. 105, para. 8)  A review of the recent WHOIS records for two of the domains identified two different addresses for TobyClements.com LLC than was previously known to the Plaintiff.  (Id., and App. 149-155, Composite Exhibit E.)  These records state they were updated in February 2013 and June 2016.

### D.    Jaano, LLC

The Plaintiff hired a process server to effect service on Jaano LLC at the address of record, which the Plaintiff had identified at the time of filing the Complaint, via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044.  The Secretary of State returned notice to the Plaintiff that the service was returned as "undeliverable."  (App. 33-35.)

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Janno LLC.  In March 2017, a representative of the Plaintiff conducted a WHOIS search for the domain name associated Jaano LLC.  (App. 106, Status Decl., para. 10.)  The recent WHOIS

search shows that the registrant for the domain name is being "cloaked" by Domain Protection Services, Inc.  (Id., and App. 15-158, Enclosure F.)  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Jaano LLC (admin@jaano.com).  (App. 106, para. 11.)  A review of the recent WHOIS records for two of the domains identified the same email address but a different physical address for Jaano LLC than was previously known to the Plaintiff.  (See App. 159-172, Composite Enclosure G.)  These records state they were updated in June 2016 and March 2017.

### E.    Steve Fortuna

The Plaintiff hired a process server to effect personal service on Steve Fortuna, at the address of record which the Plaintiff had identified at the time of filing the Complaint.  The process server reported that the address was for Mr. Fortuna's employer, but Mr. Fortuna works off site and is never at the location, and therefore personal service was not possible.  (App. 40-41.)  The Plaintiff then hired a separate process server to effect service on Mr. Fortuna via certified mail.  The certified receipt was returned to the process server, but was executed by someone other than Mr. Fortuna.  (App. 42-43.)  The Plaintiff then hired a process server to effect service on Mr. Fortuna via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044.  (App. 44-45.)  As of the date of this filing no return has been received from the Secretary of State.

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Steve Fortuna.  In March 2017, a representative of the Plaintiff conducted a search to attempt to confirm the address or locate a different address for Mr. Fortuna.  (App. 106, Status Decl., para. 13.)   The recent WHOIS search for the domain names associated with Mr. Fortuna show that the true registrants' identities for these domain names are "cloaked."  (Id. and App. 173-175,

7

Enclosure H.)  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Mr. Fortuna (steve@fortuna.net).  (App. 106-107, para. 14.)  A review of the recent WHOIS records for two of the domains identified the same email address, one record identified the same physical address for Mr. Fortuna that was identified on the summons and the other identified a different address for Mr. Fortuna than was previously known to the Plaintiff.  (See App. 176-181, Composite Enclosure I.)  These records state they were updated in 2014 and April 2016.  The same address for Mr. Fortuna as is in the summons was also identified in a search on the site isearchminnesota.com.  (App. 107, Status Decl., para. 15 and App. 182-185, Enclosure J.)

### F.    Worldwide Retailing, LLC

The Plaintiff hired a process server to effect personal service on Worldwide Retailing, LLC, at the address of record which the Plaintiff had identified at the time of filing the Complaint.  The address was a P.O. Box and therefore personal service was not possible.  However, the process server located a new service address and attempted service four times on a physical address.  The address was located behind a closed, gated area and the process server could not gain entry.  Additionally, the process server's efforts to reach anyone via telephone went to voicemail.  (App. 49-51.)  The Plaintiff then hired a separate process server to effect service on Worldwide Retailing at the address for the registered agent via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044.  The Secretary of State returned notice to the Plaintiff that the service was returned bearing the notation "Return to Sender, Unable to Forward."  (App. 52-54.)

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Worldwide Retailing LLC.  In March 2017, a representative of the Plaintiff conducted a

search to attempt to confirm the address, or locate a different address for Worldwide Retailing LLC by checking the status of the company with the Colorado Secretary of State. (App. 107, Status Decl., para. 17.) The Colorado Secretary of State lists the same address as was used for service via the Texas Secretary of State. (Id., and App. 186-191, Enclosure K.) A "reverse" search was then conducted for other domain names registered to the email address originally associated with Worldwide Retailing LLC (info@worldwideretailing.com). (App. 107, para. 18.) A review of the recent WHOIS records for two of the domains identified the same email address and the sane physical address for Worldwide Retailing LLC that was identified on the summons, and the same address that is identified by the Colorado Secretary of State. (See App. 192-206, Composite Enclosure L.) These records state they were updated in March 2016 and January 2017.

### G.   Dharshinee Naidu

The Plaintiff hired a process server to effect personal service on Dharshinee Naidu at the address of record which the Plaintiff had identified at the time of filing the Complaint. The process server reported that the address was a mail box at a UPS location. The process server inquired at the UPS location as to Ms. Naidu and was informed that there were no records of Ms. Naidu having a mail box there. Therefore, personal service was not possible. (App. 58.) The Plaintiff then hired a separate process server to effect service on Ms. Naidu via certified mail. The certified receipt was returned to the process server, but was executed by someone other than Ms. Naidu. (App. 59-62.) The Plaintiff then hired a process server to effect service on Ms. Naidu via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044. (App. 63-64.) As of the date of this filing, no return has been received from the Secretary of State.

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Dharshinee Naidu.  In March 2017, a representative of the Plaintiff conducted a search to attempt to confirm the address, or locate a different address for Ms. Naidu by conducting a WHOIS search for the associated domain name.  (App. 108, Status Decl., para. 20.)  The recent WHOIS search for the domain name indicates the registrant is still Ms. Naidu and the same address as was used for service.  (Id., and App. 207-209, Enclosure M.)  This WHOIS record states it was updated February 22, 2017.  Id.  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Ms. Naidu (creativedreams247@gmail.com).  (App. 108, para. 21.)  A review of the recent WHOIS records for two of the domains identified the same email address and the physical address for Ms. Naidu that was identified on the summons.  (See App. 210-224, Composite Enclosure N.)  These records state they were updated in February 2017.

## H.     Kate Spade

Upon reviewing the addresses used for service to confirm the addresses or attempt to locate new addresses, the Plaintiff realized the address for Kate Spade is incorrect.  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Ms. Spade (spade@mirmaco.com).  (App. 108, Status Decl., para. 23.)  A review of the recent WHOIS records for a domain identified the same email address and the same physical address for Ms. Spade as should have originally been identified in her summons.  (See App.225-230, Composite Enclosure O.)  These records state they were updated in July 2016.

## I.     GoldRun, Inc.

The records from the Massachusetts Secretary of State indicate that GoldRun, Inc. had been dissolved pursuant to a court order.  The principal at the time of the transfer in the

Complaint was Vivian Rosenthal.  The last identified resident agent for GoldRun, Inc. was John Doerst.  The Plaintiff hired a process server to effect personal service on GoldRun, Inc. at the addresses for both individuals via the Secretary of State pursuant to Texas Civ. Prac. & Rem. Code § 17.044, and Rule 29 of Texas Rules of Civil Procedure.  The Secretary of State returned notice to the Plaintiff that the service sent to the address associated with Ms. Rosenthal was returned as "undeliverable."  The Secretary of State then returned notice to the Plaintiff that as of September 21, 2016, no response had been received in regard to the service sent to the address associated with Mr. Doerst.  (App. 68-76.)

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for GoldRun, Inc.  In March 2017, a representative of the Plaintiff conducted a search to attempt to confirm the address, or locate a different address for GoldRun, Inc. by conducting a WHOIS search for the associated domain name (goldrun.com).  (App. 109, Status Decl., para. 25.)  The recent WHOIS search for the domain name returned results showing the same address for the "admin" information that was used for service "in care" of Ms. Rosenthal[1].  (Id., and App.231-234, Enclosure P.)  A "reverse" search was then conducted for other domain names registered to the email addresses associated with the current WHOIS record for GoldRun Inc., (austin@snapsapp.com).  (App. 109, para. 26.)  A review of the recent WHOIS records for two of the domains identified the same email addresses and the same physical addresses that were identified in the current WHOIS record for GoldRun, Inc., with one of those addresses being the same address as identified in the summons for GoldRun, Inc.  (See App. 235-240, Composite Enclosure Q.)  These records state they were updated in 2010 and 2012.

---

[1]  The results also showed a separate address for the administrator, who appears to be related to GoldRun, Inc, that is a different address than was previously used by the Plaintiff.  Id.

### J.    Media Options, Inc.

Media Options, Inc. is, upon information and belief, a Panamanian company.  The Plaintiff hired a process server to effect service on Media Options, Inc. via registered mail.  As of the date of this filing, the process server has not received any information from the Panamanian postal system to indicate the status, success, or failure of the registered mail.  (App. 80.)

Recently, the Plaintiff endeavored to confirm the address and other contact information for Media Options, Inc.  In March 2017, a representative of the Plaintiff conducted a search to attempt to confirm the address, or locate a different address for Media Options by conducting a WHOIS search for the associated domain names.  However, it appears that Media Options is not the current registrant for the names.  (App. 109, Status Decl., para. 28, and App. 241-245, Enclosure R.)  A "reverse" search was then conducted for other domain names registered to the email address originally associated with Media Options for the domain names at issue (info@mediaoptions.com).  (App. 109-110, para. 29.)  A review of the recent WHOIS records for two of domains, from each search, identified the same email address and the same physical address for Media Options that was identified on the summons.  (See App. 2416-250, Composite Enclosure S.)  These WHOIS records state they were updated in June and September 2016.  Id.

### K.    Floridians, LLC

The Plaintiff hired a process server to effect personal service on Floridian LLC, at the address of record which the Plaintiff had identified at the time of filing the Complaint.  The process server reported that Floridian LLC did not appear to have a location at the address, and therefore personal service was not possible.  (App. 84-86.)  The Plaintiff then hired a separate process server to effect service on Floridian, LLC, via the Secretary of State pursuant to Texas

Civ. Prac. & Rem. Code § 17.044.  The Secretary of State returned notice to the Plaintiff that as

of August 26, 2016, no response had been received by the Secretary of State.  (App. 87-89.)

Recently, the Plaintiff endeavored to confirm the address and other contact information

for Floridian LLC.  In March 2017, a representative of the Plaintiff conducted a search for

Floridians, LLC, including with the Florida Secretary State.  No results were returned.  (App.

110, Status Decl., para. 31.)  A "reverse" search was then conducted for other domain names

registered to the email address originally associated with the principal of Floridians, LLC

(j@rdan.co).  (Id., para. 32.)  A review of the recent WHOIS for a returned domain name

identified the same email and the same physical address for the principal.  (See App. 251-255,

Composite Enclosure T.)  This record states it was updated in July 2015.

### L.     News, Ltd.

News, Ltd. is, upon information and belief, a Seychelles company located in Australia.

The Plaintiff hired a process server to effect service on News, Ltd. via registered mail.  The

process server reported that the registered mail was returned.  (App. 93-94.)

Recently, the Plaintiff endeavored to confirm the address and other contact information

for News, Ltd.  In March 2017, a representative of the Plaintiff conducted a WHOIS search for

the domain names associated with News Ltd.  (App. 110, Status Decl. 34.)  The recent WHOIS

records indicate the domain names have either been transferred and/or "cloaked" during the

pendency of this litigation.  (Id., and App. 256-268, Composite Exhibit U.)  A "reverse" search

was then conducted for other domain names registered to the email address originally associated

with News Ltd.'s domain name (info@onsestore.com).  (App. 110-111, para. 35.)  A review of

the recent WHOIS records for two of the domains identified a different address than was

previously known to the Plaintiff.  (Id., and App. 269-274, Composite Exhibit V.)  These records state they were updated in June 2016 and January 2017.

### M.   Sylvia O'Donohoe

Sylvia O'Donohoe is, upon information and belief, an individual residing in Ireland.  The Plaintiff hired a process server to effect service on Ms. O'Donohoe via registered mail.  The process server reported that while the certified receipt was not returned, the USPS website showed that the mail was delivered.  (App. 98-100.)

Recently, the Plaintiff endeavored to confirm the address, and other contact information, for Ms. O'Donohoe.  In March 2017, a representative of the Plaintiff conducted a WHOIS search for the domain name associated with Ms. O'Donohoe.  (App. 111, Status Decl., para. 37.)  The recent WHOIS search shows that the identity of the registrant is now "cloaked."  (Id., and App. 275-278, Enclosure W.)   A "reverse" search was then conducted for other domain names registered to the email address originally associated with the Ms. O'Donohoe (sylviaodonohoe@eircom.net).  (App. 111, para. 39.)  No results were returned.

## III.   MOTION FOR SUBSTIUTE SERVICE VIA PUBLICATION AND EMAIL

### A.   Applicable Legal Standards

The Non-Responsive Defendants fall into two groups: (1) defendants which are located, or believed to be located, in a judicial district of the United States and (2) defendants which are located, or believed to be located in a foreign country.  While the relevant rules for service on domestic and foreign defendants varies, service via publication and email are recognized as appropriate avenues of substitute service for both types of defendants.

### 1. Federal Rules of Civil Procedure

Pursuant to Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A) service upon a defendant in a judicial district of the United States may be effected pursuant to the State Law.  According to Rules 109 and 109a of the Texas Rules of Civil Procedure, the Plaintiff may move this Court to allow service by publication or in any other manner which will be reasonably effective to give the Non-Responsive Defendants notice of this lawsuit.

Pursuant to Fed. R. Civ. P. 4(f)(3), and 4(h)(2), service upon the foreign Non-Responsive Defendants may be effected "by other means not prohibited by international agreement, as the court orders" in a manner reasonably calculated to give notice to the defendant.  There is no requirements in Fed. R. Civ. P. 4(f) that service of process be attempted by the methods in 4(f)(1) or (2) (i.e., through diplomatic channels or letters rogatory) prior to requesting the Court for alternative relief under Fed. R. Civ. P. 4(f)(3).  *See Rio Properties, Inc. v. Rio Int'l* Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also Brookshire Bros. Ltd. v. Chiquita Brands Int'l*, 2007 U.S. Dist. LEXIS 39495, at * 4-5 (S.D. Fla. May 31, 2007)(quoting *Rio Properties*); *Gramercy Ins. Co. v. Kavanagh,* Civil Action No. 3:10-cv-1254-D, 2011 U.S. Dist. LEXIS 50003 (N.D. Tex. May 10, 2011); *Baker Hughes Inc. v. Homa*, Civil Action No. H-11-3757, 2012 U.S. Dist. LEXIS 60224, at *50 (S.D. Tex. Apr. 30, 2012); *Williams v. Advertising Sex LLC*, 231 FRD 483, 486 (N.D. W. Va. 2005).  Therefore, a plaintiff needs only to demonstrate to the court that the facts and circumstances of the case require the district court's permission to allow for an alternative means of service under Fed. R. Civ. P. 4(f)(3).[2]

---

[2]  Similarly, due process only requires that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.,* 2007 U.S. Dist. LEXIS 39495, at * 4 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see also Gramercy Ins. Co.*, 2011 U.S. Dist. LEXIS 50003, at *2.

## 2.      Law on Service Via Publication

Texas Rules of Civil Procedure Rule 109 permits a party to seek service via publication. "[S]ervice by publication is authorized when 'it is not reasonably possible or practicable to give more adequate warning.'"  *In re E.R.* 385 S.W.3d 552, 566 (Tex. 2012) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).  A party seeking service by publication must "make oath that the residence of any party defendant is unknown to the affiant … and that after due diligence … the affiant ha[s] been unable to locate the whereabouts of such defendant…."  Tex. R. Civ. P. 109.

## 3.      Law on Service Via Email

According to regulations established by the Internet Corporation for Assigned Names and Numbers ("ICANN"), "all domain name registrants [are required to] provide accurate WHOIS information."  *Liberty Holdings, LLC v. Vingay.com*, No. 11-cv-280-PHX-LOA, 2011 U.S. Dist. LEXIS 153615 at * 30 (D. Ariz. Dec. 28, 2011) ("The Whois record for vinigay.com reflects that Defendant Paladeski was the registrant of vingay.com")  The ICANN Agreement requires that "The Registered Name Holder shall provide to Registrar accurate and reliable contact details and promptly correct and update them during the term of the Registered Name registration, including: the full name, postal address, email address, voice telephone number and fax number of available of the Registered Name Holder."  *Delor v. Intercosmos Media Group, Inc.*, Civil Action No.: 04-3262, 2006 U.S. Dist. LEXIS 5053, at * 6 (E.D. La., Feb. 9, 2006).

> When an individual registers a domain name, they are required by [ICANN] to provide an accurate email address in their registration documents.  Failure to do so results in a deficient application that will be revoked.  Thus, Defendant is required to maintain an accurate email address to purchase, maintain, or transfer his domain accounts.

> *Bullex v. Yoo*, Case No. 2:10-cv-668, 2011 U.S. Dist. LEXIS 35628, at *4 (D. Utah Apr. 1, 2011); *see also Coach, Inc. v. O'Brien*, 10 Civ. 6071, 2012 U.S. Dist. LEXIS 52565, at *33

16

(S.D.N.Y Apr. 13, 2012) (plaintiff's "counsel conducted a 'Whois' search to determine the name and contact information for the Website's registrant.")

Pursuant to Texas Rules of Civil Procedure, Rule 109a, "[w]henever citation by publication is authorized, the court may, on motion, prescribe a different method of substituted service, if the court finds, and so recites in its order, that the method so prescribed would be as likely as publication to give defendant actual notice."

Many courts have recognized that service of process by email is an authorized method of service under Fed. R. Civ. P. 4(e) and Fed. R. Civ. P. 4(f)(3) when this method is the most likely to notify the defendant of the pendency of the action.  *See Chanel, Inc. v. P'ship of Unincorporated Ass'ns*, Civil Action H-12-02085, 2013 U.S. Dist. LEXIS 138195, at *1 (S.D. Tex. Sept. 26, 2013) (Noting, in an order on default judgment, that plaintiff "served defendants with process via email or website publication."); *Selippos Tech., Ltd. v. First Mt. Bancorp*, Civil Action No. 4:12-cv-01508, 2013 U.S. Dist. LEXIS 38731 (S.D. Tex. Mar 20, 2013); *Collins v. Doe*, Civil Action No. 3:07-885-HFF-JRM, 2008 U.S. Dist. LEXIS 56880 (S.D. Tex. July 31, 2008) (holding email service is complete upon successful completion of the email transaction); *Nabulsi v. Al Nahyan*, Civil Action No. N-06-2683, 2007 U.S. Dist. LEXIS 75077 (S.D. Tex. Oct. 9, 2007); *Tishman v. The Associated Press*, Civil Action No. 05 Civ. 4278, 2006 U.S. Dist. LEXIS 4622, (S.D. N.Y. Feb. 6, 2006); *McBride v. Wille*, Civil Action No. SA-13-cv-0986, 2013 U.S. Dist. LEXIS 195513 (W.D. Tex. Dec. 2, 2013) (service via email on defendant located in Netherlands); *Rio Properties*, 284 F.3d at 1017; *Bullex v. Yoo*, 2011 U.S. Dist. LEXIS 35628 (D. Utah Apr. 1, 2011); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000); *MacLean—Fogg Co. v. Ningbo Fastlink Equip. Co.*, Civil Action No. 08-cv-2593, 2008 U.S. Dist. LEXIS 97241 (N.D. Ill. Dec. 1, 2008).

17

Fed. R. Civ. P. 4(f)(3) permits courts to allow alternative means of service so long as that means is not prohibited by international agreement.  Here, the foreign Non-Responsive Defendants are believed to be residents of Ireland, Panama, and Australia.

While Ireland is a signatory to The Hague Convention, Ireland does not prohibit service of process by email.  Indeed, Ireland specifically permits substitute service, "[w]here personal service … is required by these Rules of otherwise and it appears to the Court that prompt personal service cannot be effected, the Court may make an order for substituted or other service, or for the substitution for service of notice by letter, advertisement or otherwise."  Rules of the Superior Courts, Order 121, Rule 7.  *See also* Order 10, Rule 1.

Similarly, in Australia the Federal Court Rules, Order 7, Rule 9 states substitute service is permitted where "it is impractical to service a document in the manner set out in the Rules." Service by email has also been permitted in the Australian courts.  *See Equitrust Ltd v Bosiljevac* [2007] FCA 323 (Australia).[3]

Panama is not a signatory to the Hauge Conventions, and service of process is not prohibited in Panama. At least one other district court has held that service by email on a Panamanian defendant may be proper.  *See Facebook, Inc. v. Banana Ads, LLC,* No. 11-cv-03619-YGR, 2012 U.S. Dist. LEXIS 42160, at *6-8 (N.D. Cal. Mar. 27, 2012) (finding email service was best way to apprise defendants with domain names registered in Panama and other locations of the lawsuit).

Even when a defendant's foreign country of residence is a member of The Hague Convention, service by email is still warranted when the physical address for the defendant

---

[3]  A copy of this decision, taken from the Federal Court of Australia, federal law search portal, is attached hereto as Exhibit 13. (App. 101-103.)

cannot be confirmed as valid.  *See RPost Holdings, Inc. v. Kagan*, Civ. No. 11-238, 2012 U.S. Dist. LEXIS 7566 (E.D. Tex. Jan. 23, 2012); and *Chanel, Inc. v. Zhibing*, 2010 U.S. Dist. LEXIS 25709, at *3 (W.D. Tenn. Mar. 17, 2010).   Nor does The Hague Convention preclude service via email.  Therefore, The Hague Convention is not a bar to court-directed service of process via email under Fed. R. Civ. P. 4(f)(3).  *MPS IP Services Corp. v. Modis Communications, Inc.*, Case No.  3:06-cv-270-J-20HTS, 2006 U.S. Dist. LEXIS 34473, at *3 (M.D.  Fla.  May  30, 2006) (citing *D'Acquisto v. Triffo*, 2006 U.S. Dist. LEXIS 1225, (E.D. Wis. Jan. 6, 2006)).

### B.   Application of the Law to the Facts Supports Substitute Service Via Publication and Email

Counsel for the Plaintiff obtained several registered process servers to serve the summons and Amended Complaint on each of the Non-Responsive Defendants.  The process servers each attempted personal service on the domestic Non-Responsive Defendants but were prevented from perfecting service on the physical person or entity because the address of record for the Defendants was deceptive (e.g. a virtual office, post office box), unreachable (e.g. in a gated area for which access could not be obtained), or apparently no longer a valid address.  *See* App. 1-76, and App. 81-89, Exhibits 1 through 8, and 10.  A process server was also engaged to attempt service via registered or certified mail for all the Non-Responsive Defendants, domestic and foreign.  *See* App. 1-100, Exhibits 1 through 12.  The Plaintiff expected success for most if not all the Non-Responsive Defendants in this manner, particularly for those addresses which were inaccessible, virtual offices, or post office boxes.  Yet service was returned (sometimes "undeliverable" sometimes simply noting "return to sender") or the receipt was executed by someone other than the specific Defendant.  *Id*.  For one of the foreign Non-Responsive Defendants the status of the service by mail is unknown.  *See* App. 77-80, Exhibit 9.  In short, the attempts of the process servers to perfect service on each of these Non-Responsive

19

Defendants in person and/or by mail at their respective last known addresses were unsuccessful. *See* Sections II.A through M, *supra.*  For some of the Defendants (ID them) service was attempted at various addresses identified as associated with that Defendant.  These attempts were also unsuccessful.

Counsel for the Plaintiff then obtained another process server to serve the domestic Non-Responsive Defendants through the Texas Secretary of State.  *See* Sections II.A through I and K, *supra*.  The Texas Secretary of State has not received any response to two of these efforts for domestic companies, and the rest of the domestic companies were returned to the Texas Secretary of State in some manner.  *Id.*, Sections C, D, F, I, and K.  The status of the service on the individual domestic Non-Responsive Defendants is unknown.  *Id*., Sections A, B, E, G, and H.

Additionally, the Plaintiff has also taken steps to confirm the addresses and other contact information for each of the Non-Responsive Defendants.  In addition to the steps taken by process servers, the Plaintiff has recently conducted searches to confirm the contact information of each of the Non-Responsive Defendants on various WHOIS records.  *See* App. 104-111. These searches included records for domain names that are not at issue in this matter and therefore would not be presumed to have been altered to "hide" a registrant's location.  These email addresses are a reliable means of communicating since each domain name registrant is required by ICANN to provide, and maintain, an accurate email address.  Additionally, a domain name registrant uses its email address to communicate when it seeks to maintain, transfer, or conduct other business for that domain name.

The Plaintiff has made repeated and diligent efforts to locate and personally serve with a process server or serve via registered or certified mail[4], the Non-Responsive Defendants, but the Plaintiff has not yet been able to do so.  Consequently, the current whereabouts of the Non-Responsive Defendants are unknown to the Plaintiff.

Service of process by traditional means on the Non-Responsive Defendants is virtually impossible in this case.  The Non-Responsive Defendants have "cloaked" their locations associated with the domain names at issue and/or provided addresses at which service has been attempted but cannot be completed.  The Plaintiff's efforts to verify these addresses have uncovered, for a limited number of the Non-Responsive Defendants, previously unknown addresses.  The Plaintiff intends to attempt service on these addresses under Fed. R. Civ. P. 4 and Texas Rule 106, as discussed *infra*.  For the remaining Non-Responsive Defendants either no address could be located or the previously used address was confirmed.  For each of the Non-Responsive Defendants, the Plaintiff was able to verify that its email address has been used in the registration of multiple other domain names.  Since the Non-Responsive Defendants need to provide and maintain accurate email addresses with their respective domain name registrars, so that the registrars can communicate with them regarding issues related to their domain name accounts, these email addresses provide a reliable means of contacting the Non-Responsive Defendants.  Moreover, to register and maintain any of their domain name registrations each of the Non-Responsive Defendants is required by ICANN to provide and maintain a valid email address.  *Bullex v. Yoo*, 2011 U.S. Dist. LEXIS 35628, at * 4; *see also Liberty Holdings, LLC*, 2011 U.S. Dist. LEXIS 153615 at * 30.

---

[4]  Fed. R. Civ. P. 4(e)(1) permits service on individuals that complies with the appropriate state law.  Texas Rule of Civil Procedure 106(a)(2) permits service via registered or certified mail, return receipt requested.

The Plaintiff respectfully submits that, based on the facts and circumstances of this case, Rules 109 and 109a of the Texas Rules of Civil Procedure applies and service of the summons with the court-ordered Second Amended Complaint on each of the Non-Responsive Defendants should be permitted by publication and electronic mail, in accordance with requirements and in the manner provided by Rules 109 and 109a.  The Plaintiff therefore requests that the Court allow service to be made upon each of the Non-Responsive Defendants by publication of an appropriate order on a domain name trade message board (such as namepros.com or webhostingtalk.com) and by electronic mail to each of the last known addresses identified for each of the Non-Responsive Defendants.  In view of the nature of the dispute, and that domain names are at issue, the Plaintiff respectfully submits that such publication and service by email is a reasonably effective means of notifying the Non-Responsive Defendants of the action.

Here, service on the Non-Responsive Defendants via email will satisfy due process by notifying the Defendants of the pendency of the action and giving them an opportunity to answer the Plaintiff's claims.  The Defendants' physical locations have been concealed in a manner that both violated ICANN agreements and prohibits the Plaintiff from effecting personal service or service via mail.  The Non-Responsive Defendants can be contacted via the email addresses they provided to their respective registrars.  *See Bullex*, 2011 US Dist. LEXIS 35628.  The Plaintiff has recently verified the email addresses for the Non-Responsive Defendants by confirming the email address associated with other domain names that are involved in this matter.  This demonstrates that service via email would be effective and a reliable means of communicating with the Defendants.  Therefore, the Plaintiff respectfully submits that service by email is a reliable means of contacting and notifying the Non-Responsive Defendants *and* this is undoubtedly the method of service most likely to reach these Defendants.

22

Additionally, such service will benefit the Court and all parties by ensuring that the foreign Non-Responsive Defendants receive immediate notice of the pendency of this action, thereby allowing this case to move forward expeditiously.

### C.    Request for Extension of Time

Finally, the time to effect service pursuant to the Court's Order is March 30, 2017.  The Plaintiff further requests that the Court extend the time in which to serve Defendants, pursuant to Fed. R. Civ. P. 4(m).  Specifically, in light of the Court's recent order for the Plaintiff to file a Second Amended Complaint for the newly consolidated actions, the Plaintiff requests an extension of time until May 15, 2017, to effect service.  This would allow the Plaintiff to not only have the summons reissued to reflect the current District Court and case number of the matter, but, perhaps more importantly, serve what will be the operative pleading in the consolidated action.   The Plaintiff will attempt personal service and service by mail on any of the Non-Responsive Defendants for whom the Plaintiff recently located possible new addresses, *as well as* service via email for all Non-Responsive Defendants.

### IV.    CONCLUSION

WHEREFORE, in view of the foregoing, the Plaintiff respectfully requests that this Court grant it leave to serve the Non-Responsive Defendants by publication and electronic mail; to extend the deadline to serve such Defendant until after the filing of the Second Amended

Complaint, and specifically until May 15, 2017; and for such other and further relief as the Court shall deem just and appropriate.

Dated:  March 28, 2017                                        Respectfully,

                                                                        /s/ Anthony Farmer
                                                                        Anthony Farmer
                                                                        Texas Bar No. 24057844
                                                                        THE FARMER LAW GROUP
                                                                        400 South Zang Blvd., Suite 350
                                                                        Dallas, Texas 75208
                                                                        Telephone (214) 948-8333
                                                                        afarmer@farmerlawgroup.com

                                                                        *Of Counsel*:
                                                                        Paul Grandinetti
                                                                        Rebecca J. Stempien Coyle
                                                                        LEVY & GRANDINETTI
                                                                        1120 Connecticut Avenue, N.W., Suite 304
                                                                        Washington, D.C. 20036
                                                                        Telephone (202) 429-4560
                                                                        mail@levygrandinetti.com

                                                                        *Submitted for the Plaintiff*

## CERTIFICATE OF SERVICE

On March 28, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2)

                                                                        /s/ Anthony Farmer
                                                                        Anthony Farmer