IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| Associated Recovery, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-0424-M |
| | ) | |
| John Does 1-44 et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL
AND
FOR A CONDITIONAL 30-DAY STAY FOR PLAINTIFF TO
OBTAIN A SUCCEEDING ATTORNEY**

Counsel of record, Mr. Paul Grandinetti and Ms. Rebecca Stempien Coyle of the firm Levy & Grandinetti and Mr. Anthony Farmer of The Farmer Law Group, ("Counsel"), respectfully request leave of the Court to withdraw as counsel for the Plaintiff, Associated Recovery, LLC, pursuant to Local Rule CV 83.12.

Counsel of record relies upon its Declaration of Mr. Paul Grandinetti in Support of Plaintiff's Counsel's Motion to Withdraw as Counsel of March 16, 2017, filed in Case 3:17-cv-424-L. A redacted version of this declaration is attached for the Court's convenience.[1]

Associated Recovery requests an order granting the Plaintiff a conditional 30-day stay to obtain a succeeding attorney, if a succeeding attorney has not been retained by the filing Associated Recovery's amended complaint on April 24, 2017.

---

[1] The full declaration was filed under seal. Case No. 3:17-cv-424-L, Dkt. 92 as filed under Seal.

**1.     Consolidated Actions**

The original Complaint commencing this action was filed in the U.S. District Court for the Eastern District of Virginia (the "Virginia Court") through the firm Levy & Grandinetti. Certain Defendants, who appeared in the Virginia Court, caused the Virginia Court to transfer the matter to the U.S. District Court for the Northern District of Texas.

The firm Levy & Grandinetti agreed to be a "care taker" in this Texas action, while Associated Recovery found other counsel. The firm Levy & Grandinetti acquired the services of The Farmer Law Group to serve as local counsel until Associated Recovery found other Texas counsel.

Subsequently, Associated Recovery filed a separate Complaint through other counsel in the U.S. District Court for the Eastern District of Texas. (Civil Action No. 2:16-cv-00126-JRG-RSP.) The firm of Levy & Grandinetti served as a "care taker" in this action and eventually filed a Motion of Plaintiff's Counsel to Withdraw from Civil Action No. 2:16-cv-00126-JRG-RSP with the U.S. District Court for the Eastern District of Texas on February 8, 2017. (Dkt. 134.)

The Eastern District of Texas transferred this matter to the U.S. District Court for the Northern District of Texas on March 6, 2017. (Dkt. 140.) The Dallas Court granted the motion of the firm Levy & Grandinetti to withdraw on March 23, 2017. (Dkt. 151.)

The Eastern District of Texas action was merged with the Northern District of Texas action on March 23, 2017. (Dkt. 152.)

**2.     Basis for Withdrawal of Counsel**

The firm Levy & Grandinetti has an Engagement Letter with Associated Recovery to serve as local counsel in the Virginia Court. This Engagement Letter **specifically excludes**

providing substantive services to Associated Recovery for any other civil action without a "separately negotiated" engagement letter before the firm Levy & Grandinetti incurs "any additional obligations." Counsel of record has completed all of its obligations under this Engagement Letter and the matter before the Virginia Court is closed.

Counsel of record does not have an engagement letter with Associated Recovery for this matter in the Northern District of Texas, or any other matter in Texas. The firm Levy & Grandinetti does not have any attorney who is a member of any Texas bar.

The firm Levy & Grandinetti and the firm The Farmer Law Group, whether separately or jointly, do not have the capacity of qualified personnel or other resources to prosecute this consolidated action in the Northern District of Texas or any other court. A further explanation of underlying facts and circumstances are set forth in the Declaration of Mr. Paul Grandinetti, in Support of Plaintiff's Counsel's Motion to Withdraw As Counsel of March 16, 2017, filed in Case 3:17-cv-424-L.

Associated Recovery has been, and is, endeavoring to secure a succeeding attorney. At this time the succeeding attorney is not known.

This Court ordered Associated Recovery to file "an amended complaint that sets forth all of its claims against all Defendants in this consolidated action" by April 24, 2017. (Dkt. 96.)

Associated Recovery requests a conditional 30-day stay, if a succeeding attorney has not been retained by the filing Associated Recovery's amended complaint, to obtain such a succeeding attorney.

A copy of this Motion has been delivered to Associated Recovery in writing and by electronic mail.

Associated Recovery has had reasonable time to contact and obtain a succeeding attorney. Movants advised Associated Recovery as early as April 2016 that they did not have the personnel or resources to represent Associated Recovery in any federal action in Texas. Movants have also advised Associated Recovery of the pending deadlines in this case and assisted Associated Recovery in engaging and communicating with two different prospective succeeding attorneys. However, Associated Recovery has yet to retain a succeeding attorney at this time.

Regardless of the need to withdraw, the members of the firm Levy & Grandinetti believe in the merits of Associated Recovery's claim to title of the domain names at issue in these three actions.

**3.    Analysis**

Texas Rule of Professional Conduct 1.15 provides for the mandatory and permissive withdrawal of counsel. Rule 1.15 provides for permissive withdrawal where it becomes unreasonably difficult or impossible for Counsel to carry out the employment effectively, and Rule 1.01 provides that a "lawyer shall not accept or continue employment in" legal matters in which the lawyer is constrained from providing competent representation. Professional considerations have necessitated Counsel's withdrawal. Therefore, Counsel requests leave to withdraw as counsel in this matter. Counsel of record has conferred with the Plaintiff regarding the withdrawal as counsel.

Counsel of record relies upon the representations made in its Declaration of Mr. Paul Grandinetti in Support of Plaintiff's Counsel's Motion to Withdraw Declaration of Mr. Paul

Grandinetti in Support of Plaintiff's Counsel's Motion to Withdraw as Counsel of March 16, 2017, filed in Case 3:17-cv-424-L.

**4.     Conclusion**

Counsel of record respectfully requests leave to withdraw as counsel for Plaintiff in this matter, and Associated Recovery requests a conditional 30-day stay to obtain a succeeding attorney, if a succeeding attorney has not been retained by the filing of Associated Recovery's amended complaint on April 24, 2017.

Dated:  March 31, 2017                                        Respectfully,


 /s/ Anthony Farmer
Anthony Farmer
Texas Bar No. 24057844
THE FARMER LAW GROUP
400 South Zang Blvd., Suite 350
Dallas, Texas 75208
Telephone (214) 948-8333
afarmer@farmerlawgroup.com

Of Counsel:
Paul Grandinetti
Rebecca J. Stempien Coyle
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
mail@levygrandinetti.com

Submitted for the Plaintiff

## CERTIFICATE OF SERVICE

On March 31, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2)

/s/ Anthony Farmer
Anthony Farmer