**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-CV-1025-L** |
| | § | (Consolidated with Civil Action Nos. |
| **JOHN DOES 1-44,** *et al.*, | § | 3:17-CV-424-L and 3:17-CV-651-L) |
| | § | |
| Defendants. | § | |

**DEFENDANT, LOOKOUT, INC'S AMENDED BRIEF IN SUPPORT OF
<u>DEFENDANT, LOOKOUT, INC.'S AMENDED MOTION TO DISMISS UNDER R12(b)</u>**

# TABLE OF CONTENTS

Contentions of Law …………………………………………………………………………..1

    I. Lack of Standing…………………………………………………………………....1

    II. Failure to State a Claim……………………………………………………….…..7

    III. Failure to Join a Required Party…………………………………………….......18

Argument and Authorities…………………………………………………………….…..…..1

    I. Lack of Standing…………………………………………………………………....1

        A. Introduction – Legal Standards…………………………………………...1

        B. Res Judicata or Claim Preclusion………………………………………….2

        C. Collateral Estoppel or Issue Preclusion………………………………...5

        D. Conclusion – Lack of Standing………………………………….……...6

    II. Failure to State a Claim………………………………………………….…...7

        A.  Introduction………………………………………………………….…….7

        B.  Status of Domain Name Sales………………………….………………......7

        C.  This Court's Recognition of the Status of the Domain Name Sales……………9

        D.  Legal Standards - Failure to State a Claim…………………………….........11

        E.  Lookout as Third-Party Purchaser………………………………………….12

        F.  Claim based on Cyberpiracy Prevention…………………………………....14

        G.  Conclusion – Failure to State a Claim……………………………….......15

        H. Supporting Evidentiary Matters…………………………………………....17

    III. Failure to Join a Required Party …………………………………………...18

        A.  Introduction - Legal Standards………………………………….……..…18

        B.  Implication of Contract - Transfer / Assignment……………….……..19

C.  Joinder Not Feasible…………………………………………………………...21

D.  Dismissal Required…………………………………………………………….21

E.  Conclusion – Failure Join Required Party …………………………………….22

IV. Dismissal of Abandoned Claims…………………………………………………..23

Conclusion…………………………………………………………………………………...24

## TABLE OF AUTHORITIES

*Cases – Federal:*

*Akerblom v. Ezra Holdings Ltd.*, 509 Fed. Appx. 340
(5th Cir. [Tex.] 2013)……………………………………………………………………...23

*Allen v. McCurry,* 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)………………….....6

*Am. Grain Assoc. v. Lee-Vac, Ltd.,* 630 F.2d 245 (5th Cir. [La.] 1980)………………………13

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)………………11,16

*Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736
(5th Cir. [La.] 1993)…………………………………………………………………………..2

*Baron v. Vogel*, 2015 U.S. Dist. LEXIS 128812 (N.D. Tex. Sept. 25, 2015)……………......10

*Baron v. Vogel*, 2016 U.S. Dist. LEXIS 44294
(N.D.Tex. Mar. 31, 2016)……………………………………………………….....3,10,21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (U.S. 2007)……………………………………………………...11,15

*Boelens v. Redman Homes, Inc.,* 759 F.2d 504 (5th Cir. [Tex.] 1985)………………………...23

*Collins v. Morgan Stanley*, 224 F.3d 496, 498-99 (5th Cir. [Tex.] 2000)…………………17,18

*Croft v. Governor of Tex.*, 562 F.3d 735 (5th Cir. [Tex.] 2009)………………………………2,6

*Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367
(5th Cir. [Tex.] 1995)……………………………………………………………………..21

*Freeman v. Lester Coggins Trucking Co.*, 771 F.2d 860
(5th Cir. [Miss.] 1985)……………………………………………………………………..6

*Freeman v. Northwest Acceptance Corporation*, 754 F.2d 553, 559
(5th Cir. 1985)…………………………………………………………………………….20

*FW/PBS, Inc.* v. *Dallas*, 493 U.S. 215 107 L. Ed. 2d 603,
110 S. Ct. 596 (1990)……………………………………………………………………...7

*Gilchrist v. Westscott (In re Gilchrist)*, 891 F.2d 559, 560
(5th Cir. [Tex.] 1990)…………………………………………………………………13,14

*Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625
(5th Cir. [Miss.] 2009) *cert. denied*, 559 U.S. 904, 130 S. Ct. 1319,
175 L. ED. 2d 1074 (2010)………………...…………………………………………..…………22

*In re Dutch Inn of Orlando, Ltd.,* 614 F.2d 504 (5th Cir. [Fla.] 1980)………………………...13

*In re Schering Plough*, 678 F.3d 235 (3rd Cir. 2012)…………………………………………….2

*Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F3d 375
(5th Cir. [Tex.] 2008)…………………………………………………………………...10

*Jaffer v. Std. Chtd. Bank*, 301 F.R.D. 256 (N.D. Tex. 2014)…………………………………….20

*Keys v. Sawyer*, 353 F. Supp. 936 (S.D. Tex. 1973)……………………………………...…6,16

*Lawlor v. National Screen Service Corp.*, 349 U.S. 322,
75 S. Ct. 865, 99 L. Ed. 1122 (1955)………………………………………………………5

*Lovelace v. Software Spectrum*, 78 F.3d 1015 (5th Cir. [Tex.] 1996)………………….......17,18

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130,
119 L. Ed. 2d 351 (1992)…………………………………………………………...2,6

*Maness v. Meyers*, 419 U.S. 449, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975)……………………...9

*McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917 (Fed. Cir. 1995)……………………………14

*Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169 (5th Cir. [Miss.] 1994)……………………17

*Netsphere, Inc. v. Baron,* 703 F.3d 296 (5th Cir. [Tex.] 2012)…………………………..7,8,9,22

*Netsphere, Inc. v. Baron*, 2012 U.S. App. LEXIS 27248
(5th Cir. [Tex.] Dec. 31, 2012)……………………………………………………..8

*Netsphere, Inc. v. Baron*, 2015 U.S. Dist. LEXIS 39735 (N.D. Tex. Mar. 27, 2015)……….9,13

*Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. [Tex.] 2015)………………………12

*Newco Energy v. Energytec, Inc. (In re Energytec, Inc.)*,
739 F.3d 215 (5th Cir. [Tex.] 2013)……………………………………………………13

*Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322, 58 L. Ed. 2d 552,
99 S. Ct. 645 (1979)……………………………………………………………….9,16

*PEMEX Exploracion y Produccion v. Murphy Energy Corp.*,
923 F.Supp.2d 961 (S.D. Tex. 2013)……………………………………………2,5,6

v

*Petfinders, L.L.C. v. Sherman (In re Ondova Ltd. Co.)*, 620 Fed. Appx. 290
(5th Cir. [Tex.] 2015), *cert. denied, Petfinders, LLC v. Sherman*,
136 S. Ct. 982, 194 L. Ed. 2d 5, 2016 U.S. LEXIS 856 (2016)...…………………………14,15

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385 (5th Cir. [La.] 2004)………………………2

*Philippines v. Pimentel*, 553 U.S. 851, 128 S. Ct. 2180,
171 L. Ed. 2d 131 (2008)………………………………………………………19

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102,
19 L. Ed. 2d 936, 88 S. Ct. 733 (1968)……………………………...………………21

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305 (5th Cir. [La.] 2006)………………………19,21,22

*R2 Invs. LDC v. Phillips*, 401 F.3d 638 (5th Cir. [Tex.] 2005)………………………………..11

*Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284 (5th Cir. [Tex.] 1995)……………….............5,6

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. [Tex.] 2008)……………………..11

*Sage v. Railroad Company*, 96 U.S. 712, 24 L. Ed. 641 (1877)…………...………………12,13

*SEC v. Janvey*, 404 Fed.Appx. 912 (5th Cir. [Tex.] 2010)……………...………………13,14

*Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592 (E.D. Tex. 1994)……………...…17,18

*Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*,
163 F.3d 925 (5th Cir. [Tex.] 1999)……………………………..……………………2,6

*Southwest Airlines v. Texas International Airlines*, 546 F.2d 84
(5th Cir. [Tex.] 1977), *cert. denied*, 434 U.S. 832, 98 S. Ct. 117,
54 L. Ed. 2d 93 (1977)…………………………………………………………6

*Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 787 F3d 296
(5th Cir. [Tex.]  2015)………………………………………………………10

*Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161,
171 L. Ed. 2d 155 (U.S. 2008)…………………………………………………4

*Travelers Indemnity Company v. Household International, Inc.*,
775 F. Supp. 518 (D. Conn. 1991)……………………………………………20

*United States v. "A" Mfg. Co.*, 541 F.2d 504
(5th Cir. [Tex.] 1976)………………………………………………....…12,14,15

*Warth* v. *Seldin*, 422 U.S. 490, 45 L. Ed. 2d 343,
    95 S. Ct. 2197 (1975)…………………………………………………………..…..6

*Wehling v. CBS*, 721 F.2d 506 (5th Cir. [Tex.] 1983)…………………………….…..5

*W.F. Potts & Co. v. Cochrane*, 59 F.2d 375
    (5th Cir. [Fla.] 1932)…………………………………………………....8,10

***Cases – State:***

*Amstadt v. United States Brass Corp.*, 919 S.W.2d 644 (Tex. 1996)………………….…….4

*Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex. 1992)…………………………….16

*Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex. 1971)……………………………4

*Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex. 1984)………………………….5

*Texas Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768 (Tex. 1979)…………...16

***Statutes:***

Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)…………………………4

Bankruptcy Code, 11 U.S.C. §363(m)……………………………………………...13

***Rules:***

Fed. R. Civ. P. 10(c)…………………………………………………………..18

Fed. R. Civ. Proc. 12(b)…………………………………………………...1,2,22

    Fed. R. Civ. Proc. 12(b)(1)……………………………………………1,2,6

    Fed. R. Civ. Proc. 12(b)(6)…………………………………………...1,7

    Fed. R. Civ. Proc. 12(b)(7)……………………………………………1,22

Fed. R. Civ. Proc. 19……………………………………………………1,19,21,22

    Fed. R. Civ. Proc. 19(a)…………………………………………………19

    Fed. R. Civ. Proc. 19(b)………………………………………………19,21

    Fed. R. Civ. Proc. 19(c)…………………………………………………22

Fed. R. Civ. Proc. 41(b)………………………………………………………………..…24

Fed. R. Civ. Proc. 54(b)………………………………………………………………..24

Fed. R. Civ. Proc. 62(a)……………………………………………………………....7

Fed. R. Evid. 201………………………………………………………………………....18

## CONTENTIONS OF LAW

### I. Lack of Standing

Lookout contends that the court should dismiss the plaintiff's action as a matter of law pursuant to Fed. R. Civ. Proc. 12(b)(1) based on the plaintiff's lack of jurisdictional standing to complain of the alleged acts and to seek the requested relief against Lookout.

### II. Failure to State a Claim

Alternatively, Lookout contends that the court should dismiss the plaintiff's action as a matter of law pursuant to Fed. R. Civ. Proc. 12(b)(6) for the plaintiff's failure to state a claim upon which relief can be granted against Lookout.

### III. Failure to Join Required Party

Alternatively, Lookout contends that the court should dismiss the action as a matter of law pursuant to Fed. R. Civ. Proc. 12(b)(7) for the plaintiff's failure to join a required party under Fed. R. Civ. Proc. 19.

## ARGUMENT & AUTHORITIES

### I. Lack of Standing

#### A. Introduction – Legal Standards

1. Associated Recovery alleges in its third amended complaint in this consolidated action that Associated Recovery's predecessor-in-interest is Novo Point, LLC. Court Dkt. No. 122, pg.39, ¶34. Associated Recovery previously alleged in its second amended complaint that Novo Point, LLC's predecessor-in-interest is Jeffrey Baron. Court Dkt. No. 76, pg.2, ¶3. Associated Recovery in its capacity as purported assignee of the rights of Novo Point, LLC, and Jeffrey Baron lacks the jurisdictional standing to sue within the meaning of Fed. R. Civ. Proc. 12(b)(1).

1

2. A motion to dismiss for want of standing is properly brought under Fed. R. Civ. Proc. 12(b)(1) because standing is a jurisdictional matter. *In re Schering Plough*, 678 F.3d 235, 243 (3rd Cir. 2012). A party has standing to file suit if it can demonstrate (1) an injury in fact, that is, harm that is concrete and actual, not merely conjectural or hypothetical; (2) causation, that is, a traceable connection between the plaintiff's claimed injury and the defendant's alleged conduct; and, (3) redressability, that is, the likelihood that the requested relief will remedy the alleged injury. *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. [Tex.] 2009), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

3. Furthermore, since the assignee stands in its assignor's shoes, then the assignee's standing to assert an assigned claim is no greater than the standing of its assignor to satisfy the predicate jurisdictional requirements to assert those rights. *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F.Supp.2d 961, 965-66 (S.D. Tex. 2013). Associated Recovery lacks standing as assignee of Novo Point, LLC, and Jeffrey Baron, since Novo Point, LLC, and Jeffrey Baron themselves lack standing based on the res judicata effect of the prior proceedings.

**B. Res Judicata or Claim Preclusion**

1. To determine whether two suits involve the same claim or cause of action, the Fifth Circuit has adopted the transactional test of the Restatement (Second) of Judgments, §24. Under that test, the "critical issue is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. [Tex.] 1999), quoting *Bank of Lafayette v. Baudoin (In re Baudoin)*, 981 F.2d 736, 743 (5th Cir. [La.] 1993). If the facts on which the second lawsuit is based are the same as those prevailing at the time of the first lawsuit, the two lawsuits involve the same "claim or cause of action" for purposes of res judicata. *See also Petro-Hunt, L.L.C. v. United States*, 365

2

F.3d 385, 395-96 (5th Cir. [La.] 2004). Associated Recovery's case facially shares with the *Baron v. Vogel* case the same nucleus of operative facts, that is, the sale of the domain name assets by the receiver while the assets where the subject of the receivership established in the *Netsphere, Inc. v. Baron* case.

2. As this Court is aware, the subject domain name rights at issue in this case were the subject of a receivership as assets of Jeffrey Baron and Novo Point, LLC, which receivership was established by this Court, the Honorable Royal Furgeson then presiding, in its civil case no. 3:09-CV-988-F styled "*Netsphere, Inc., et al. v. Jeffrey Baron, et al.*" As this Court also is aware, Novo Point, LLC, and Jeffrey Baron subsequently brought a separate state court suit, styled *Jeffrey Baron, et al. v. Peter Vogel, et al.* (removed to this Court under civil case no. 3:15-CV-232-L), directly against the court-appointed receiver and his agent who had transferred the subject domain name rights, alleging claims essentially based on the theory of the wrongful appointment of the receivership. See case no. 3:15-CV-232-L, Court Dkt. No. 49, pg.1-2, *Baron v. Vogel*, 2016 U.S. Dist. LEXIS 44294 at *1-*2 (N.D.Tex. Mar. 31, 2016).

3. This Court in its memorandum opinion and order reported in *Baron v. Vogel, supra,* noted that "[v]irtually all of Plaintiffs' allegations and claims with respect to the [receiver] pertain to the receivership and Defendants' administration of the receivership." *Id*. at *19. This Court then went on to hold that "[a]ny contention by Plaintiffs, however, that Defendants engaged in wrongful or sanctionable conduct in the *Netsphere* or any of the related litigations brought by or against Baron and the LLCs could have and should have been brought to the court's attention in a Rule 11 motion or one of the many appeals filed with the Fifth Circuit regarding the receivership and fee orders, not as a separate collateral state court action." *Id*. at *20-21. Thus, "[f]or all of the reasons set forth herein, the court **grants** [defendants'] Motion to Dismiss Amended Complaint (Dkt. 39)

3

and **dismisses with prejudice** their [sic] claims . . ." *Id.* at *22 (emphasis original). The Fifth

Circuit Court of Appeals in its Appeal No. 16-10556 in its opinion filed Feb. 24, 2017, has affirmed

per curiam and adopted this Court's analysis in full. The *Baron v. Vogel* dismissal with prejudice,

therefore, is final and expressly affirmed on appeal.

4. Furthermore, this dismissal with prejudice in *Baron v. Vogel* is binding on Associated

Recovery. The Supreme Court in *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d

155 (U.S. 2008), noted that "nonparty preclusion may be justified based on a variety of pre-existing

'substantive legal relationship[s]' between the person to be bound and a party to the [prior]

judgment," and that "[q]ualifying relationships include . . . preceding and succeeding owners of

property . . . and assignee and assignor." *Id.* at 894. In the present case, Associated Recovery has a

"substantive legal relationship" with Novo Point, LLC, or Jeffrey Baron comparable to the qualifying

relationship identified by the Supreme Court in *Taylor*. Here, the common element linking

Associated Recovery with Novo Point, LLC, and Jeffrey Baron is, indeed, just such status both as

purported "preceding and succeeding owners of property . . . and assignee and assignor." *Accord:*

*Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996); *Benson v. Wanda*

*Petroleum Co.*, 468 S.W.2d 361, 362-63 (Tex. 1971).

5. In this instance, then, the considerations of due process are completely satisfied by the

substantive legal relationship of Associated Recovery with its predecessors in interest, Novo Point,

LLC, and Jeffrey Baron. Neither Novo Point, LLC, nor Jeffrey Baron could bring the instant

lawsuit, again, and neither can Associated Recovery as their purported assignee. Any claims in

this case - for declaratory judgment, conversion, unjust enrichment, violation of the

Anticybersquatting Consumer Protection Act, or unfair competition/common law trademark

infringement[1] - are all based on the underlying issue of wrongful receivership and, therefore, are all precluded from re-litigation by Associated Recovery under the doctrine of res judicata and, furthermore, against Lookout under the doctrine of collateral estoppel.

### C. Collateral Estoppel or Issue Preclusion

1. To establish collateral estoppel or issue preclusion under federal law, one must show: (1) that the issue at stake is identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action. *Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. [Tex.] 1995); *Wehling v. CBS*, 721 F.2d 506, 508 (5th Cir. [Tex.] 1983). *Accord, Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). The parties to the suits need not be completely identical, so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit. *Recoveredge, L.P. v. Pentecost, supra.*

2. In this instance, the identical issue – whether Novo Point, LLC, or Jeffrey Baron has a right to recovery of or for damages from the transfer of the domain name rights in receivership - has been adjudicated against them *with prejudice to its refiling*. *Baron v. Vogel, supra. See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 327, 75 S. Ct. 865, 99 L. Ed. 1122 (1955) (judgment dismissing suit "with prejudice" bars a later suit on the same cause of action). Associated Recovery's standing to assert any assigned claim is no greater than the standing of Novo Point, LLC, or Jeffrey Baron. *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, *supra*. Associated Recovery, thus, either cannot demonstrate the first element of standing – any cognizable legal injury, or else it cannot demonstrate the third element of standing – the likelihood

---

[1] Plaintiff's claims for breach of contract or for tortious contract interference facially do not apply to Lookout.

of redressability of its suit. *Croft v. Governor of Tex., supra*.

### D. Conclusion – Lack of Standing

1. Associated Recovery's complaint clearly is related to the *Netsphere* receivership and the *Baron v. Vogel* proceedings. The actions share the same nucleus of operative facts, that is, the issue of wrongful receivership. *Southmark Corp. v. Coopers & Lybrand, supra*. All of associated Recovery's claims are predicated on this common core issue of wrongful receivership. *See* Memorandum Order [granting venue transfer] in cause no. 3:17-CV-651-L, Court Dkt. No. 130, pgs.24-25: "But for the Receivership being created, the present action would not be in front of this Court now. . . . it is undeniable that the current suit is a controversy that 'arises from or relates to' the Receivership or actions of the Receiver or his professionals."

2. Either or both of Novo Point, LLC, and Jeffrey Baron, therefore, would be barred from bringing this lawsuit. *See also Allen v. McCurry,* 449 U.S. 90, 94-97, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (discussion of policies supporting *res judicata* and collateral estoppel). Associated Recovery as their purported assignee of their barred claims, thus, has no standing to bring the lawsuit, either. *PEMEX*, 923 F.Supp.2d at 965. *See also Freeman v. Lester Coggins Trucking Co.*, 771 F.2d 860, 864 (5th Cir. [Miss.] 1985), *quoting Southwest Airlines v. Texas International Airlines*, 546 F.2d 84, 95 (5th Cir. [Tex.] 1977), *cert. denied*, 434 U.S. 832, 98 S. Ct. 117, 54 L. Ed. 2d 93 (1977) (successor-in-interest barred). *See also Keys v. Sawyer*, 353 F. Supp. 936, 940 (S.D. Tex. 1973) ("judgment on the merits in a prior suit involving the same parties *or their privies* bars a second suit based on the same cause of action") (emphasis added). And, Associated Recovery is precluded from relitigating against Lookout the same common issue of wrongful receivership. *Recoveredge, L.P. v. Pentecost*, *supra*.

4. In any event, once Lookout properly raises a 12(b)(1) motion, the burden of establishing

jurisdiction lies with the plaintiff, Associated Recovery. *Lujan*, 504 U.S. at 561, citing *FW/PBS, Inc.* v. *Dallas*, 493 U.S. 215, 231, 107 L. Ed. 2d 603, 110 S. Ct. 596 (1990), and *Warth* v. *Seldin*, 422 U.S. 490, 508, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). Associated Recovery must affirmatively demonstrate to this Court's satisfaction that Associated Recovery has the jurisdictionally requisite standing to sue.

## II. Failure to State a Claim

### A. Introduction

1. Associated Recovery asserts its various claims in this consolidated action based on the premise of the vacatur of the receivership order in the underlying civil case no. 3:09-CV-988-F styled "*Netsphere, Inc., et al. v. Jeffrey Baron, et al.*" See, e.g., Court Dkt. No. 122, pg.39, ¶33, and pg.43, ¶46. Again, Associated Recovery in its capacity as purported assignee of the rights of Novo Point, LLC, and Jeffrey Baron fails to state any cognizable claim for relief within the meaning of Fed. R. Civ. Proc. 12(b)(6).

### B. Status of Domain Name Sales

1. Associated Recovery alleges that it was the effect of the Fifth Circuit Court of Appeals opinion that the domain name rights sales were void *ab initio*. See Court Dkt. No. 122, pgs.38-39, ¶¶29-33. The record patently does not support that assertion. In the first place, there is no automatic stay on appeal of an interlocutory order in a receivership, Fed. R. Civ. Proc. 62(a), and the court of appeals declined to grant Jeffrey Baron's motion to stay the receivership pending the interlocutory appeal of the order granting it, *Netsphere, Inc. v. Baron,* 703 F.3d 296, 304 (5th Cir. [Tex.] 2012). The court of appeals in its opinion did vacate the order appointing the receiver, *id*. at 311, and did stay the closing of any pending auction sales of domain name rights, *id*. at 314, fn.2, but it did not rescind any *private* sales of domain name rights. To the express contrary, the

7

court of appeals held that "[n]o *further* sales of domain names or other assets are authorized." *Id*. at 314 (emphasis added). The court of appeals *could* have but did *not* compel the receiver to make any restitution for the domain names that already had been sold, relying to the contrary on *W.F. Potts & Co. v. Cochrane*, 59 F.2d 375, 377-78 (5th Cir. [Fla.] 1932). Instead, the court of appeals considered that, under the extraordinary circumstances that Jeffrey Baron had brought upon himself, "[f]or these reasons, charging the current receivership fund for reasonable receivership expenses, without allowing any *additional* assets to be sold, is an equitable solution." *Netsphere, Inc*., 703 F.3d at 313 (emphasis added).

2. In other words, the court of appeals opinion makes no provision for return of the domain name rights assets already sold, just the cash proceeds, and even then the opinion makes the cash proceeds subject to a charge of the reasonable receivership expenses. The court of appeals opinion halts any *further* private sales or auction closings, and it remands the matter to the district court for the determination of the winding down of the receivership. *Id*. at 313-14. The court of appeals in a subsequent clarification order specifically pointed out that their opinion did *not* dissolve the receivership immediately and that it instead remanded the matter to the district court to manage the process of winding down the receivership. *Netsphere, Inc. v. Baron*, 2012 U.S. App. LEXIS 27248 (5th Cir. [Tex.] Dec. 31, 2012. Magistrate Judge Roy S. Payne for the Eastern District of Texas, Marshall Division, in his opinion signed on February 6, 2017, granting the transfer of that case, also specifically pointed out that the court of appeals opinion did *not* dissolve the receivership immediately. *See* Memorandum Order, cause no. 3:17-CV-651-L, Court Dkt. No. 130, parts I.B.-I.C., pgs.6-7: "In *Netsphere II*, while the Northern District of Texas recognized that the Fifth Circuit vacated the Receivership, it also understood that 'all Orders issued under the Receivership remain in effect until the Receivership is wound down.'" *Id*. at 7.

8

3. This recognition of the *de facto* continuance of the receivership is in accordance with the general effect of any order of a court, that it must be promptly obeyed: "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, *absent a stay*, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458-59, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975) (emphasis added). The receivership in fact continued in existence for over two years, until it was finally wound down by the district court in 2015. See case no. 3:09-CV-988-L, Court Dkt. No. 1447, *Netsphere, Inc. v. Baron*, 2015 U.S. Dist. LEXIS 39735 (N.D. Tex. Mar. 27, 2015). The Fifth Circuit in its Appeal No. 15-10341 in its unpublished opinion dated July 8, 2016, expressly affirmed the district court's fee awards contained in its final order dated March 27, 2015, winding down the receivership.

### C. This Court's Recognition of the Status of the Domain Name Sales

1. This Court, itself, subsequently interpreted the effect of the court of appeals' vacatur of the receivership order, in light of a motion to remand the removed separate collateral state court action, *Baron v. Vogel*. In its reported memorandum opinion and order denying the motion to remand, this Court drew on the distinction between lack of jurisdiction and excess of jurisdiction:

> "In *Netsphere*, the district court had subject matter jurisdiction over the action based on diversity jurisdiction * * * and the court determines that appointment of a receiver is a normal judicial function because, as the Fifth Circuit in *Netsphere I* recognized, a district court has authority to establish receiverships in certain circumstances. *See Netsphere, Inc.*, 703 F.3d at 305-307. A district court also has a number of tools at its disposal to manage its dockets and control the vexatious conduct of litigants such as Baron. *See id.* at 310-11. As explained in *Netsphere I*, however, Judge Furgeson simply fashioned the wrong remedy when he established a receivership over assets not at issue in the underlying litigation as a means of controlling Baron's disruptive conduct. The court in *Netsphere I* also held, based on the record before it, that "in creating the receivership there was no malice nor wrongful purpose, and only an effort to conserve property in which [the court] believed it was interested in maintaining for unpaid attorney fees and to control Baron's vexatious litigation tactics." *Netsphere, Inc.*, 703 F.3d at 313.
>
> The court, therefore, concludes that, even if Judge Furgeson acted beyond the district court's authority or in excess of its jurisdiction, he did not act in the clear absence of jurisdiction when he created the receivership in *Netsphere*."

Case no. 3:15-CV-232-L, court Dkt. No. 48, pg.13-14, *Baron v. Vogel*, 2015 U.S. Dist. LEXIS 128812 at *13-*14 (N.D. Tex. Sept. 25, 2015).

2. In other words, this Court determined in *Baron v. Vogel* that the order appointing the receiver in legal effect was voidable, not void *ab initio*, since the order subsequently was held to be unauthorized under the circumstances but it was not fundamentally outside the inherent power of the court initially to order a receivership. *Id.* The court of appeals similarly had noted in the cited case, *W.F. Potts & Co., supra*, that the district court generally has the power and the discretion within equitable limits to enter decrees in a receivership, just not to enter the specific decree that it did under the equitable principles applicable in that case. 59 F.2d at 377.[2]

3. In its reported subsequent memorandum opinion and order granting the motion to dismiss for failure to state a claim, this Court relied on such distinction to further hold that the receiver had the authority during the pendency of his receivership to manage the receivership assets. See case no. 3:15-CV-232-L, Court Dkt. No. 49, pg.16-20, *Baron v. Vogel*, 2016 U.S. Dist. LEXIS 44294 at *16-*20 (N.D.Tex. Mar. 31, 2016). This Court in effect determined that the derivative judicial immunity of the receiver during the pendency of the receivership was unaffected by the court of appeals reversal of the order appointing a receiver. *Id.*

4. This Court further determined that plaintiff's complaint failed to state a valid claim for any relief, since plaintiffs' allegations of purported bad faith actions outside of the receiver's authority were facially implausible. *Id.* And, this Court further determined that any such allegations also constituted an impermissible collateral attack on the Court's prior orders in the *Netsphere* case. *Id.* at *20-*21. Thus, this Court came to the ultimate conclusion that the removed

---

[2] Fifth Circuit adheres to the "rule of orderliness" – a panel will not overturn a controlling precedent unless there has been an intervening substantive change in the law. See *Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F3d 296, 305 (5th Cir. [Tex.] 2015), citing *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F3d 375, 378 (5th Cir. [Tex.] 2008).

separate collateral complaint should be dismissed *with prejudice* for failure to state a claim. *Id*. at *22. The Court should reach the same result in this case, that is, dismissal with prejudice of Associated Recovery's case against Lookout.

### D. Legal Standards - Failure to State a Claim

1. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. [Tex.] 2008), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (U.S. 2007). While the court must accept as true the allegations in the complaint and construe them in the light favorable to the plaintiff, the court need not strain to find favorable inferences and must not accept mere conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. [Tex.] 2005). The plaintiff's factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. As the Supreme Court has explained:

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. * * * Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The relevant inquiry for this Court then becomes what is the context-specific nature of Associated Recovery's claim.

2. In this case, Associated Recovery by proxy essentially is attempting to assert as the

11

purported assignee similarly conclusory allegations based on the issue of wrongful receivership that its assignor(s) attempted to assert in *Baron v. Vogel, supra,* and that were dismissed *with prejudice* in that case for failure to state a claim. Associated Recovery as purported assignee of Novo Point, LLC, or Jeffrey Baron stands in no better position in this case than its assignor(s) did in the *Baron v. Vogel* case or, for that matter, in the *Netsphere, Inc. v. Baron* case. Associated Recovery's factual allegations in this case are no more legally sufficient than Jeffrey Baron's or Novo Point, LLC's were in their case. Lookout as the purchaser of the subject domain name rights from the receiver while the asset was in receivership in the *Netsphere, Inc. v. Baron* case stands in at least no worse position than the receiver or his manager under the receivership did in the *Baron v. Vogel* case. This Court, therefore, should dismiss this suit for failure to state any claim upon which any relief can be granted.

### E. Lookout as Third-Party Purchaser

1. Furthermore, Lookout as a third-party purchaser in an arms-length transaction for value in fact stands in an even better position than the receiver or his manager: "The Supreme Court long ago in *Sage v. Railroad Company*, 96 U.S. 712, 714, 24 L. Ed. 641 (1877) stated that:

> We have often decided that a decree confirming a sale, if it is final, may be appealed from. . . . In this case *it is final, so far as title under the sale is concerned*. It cuts off the equity of redemption . . . *and passes the title to the purchaser*, subject to certain trusts already fixed by the court, over which the present appellants have control only through their appeal from the former decree. *No reversal of any order hereafter made will necessarily divest this title*. The proceedings hereafter will relate only to the disposition of the property acquired by the purchase and *the proceeds of the sale*. For relief against the sale, *resort can alone be had to an appeal from the decree of confirmation*. (Citations omitted)."

*United States v. "A" Mfg. Co.*, 541 F.2d 504, 506 (5th Cir. [Tex.] 1976) (appeal of order directing sale under receivership) (emphasis added).[3] Lookout, therefore, received title to the domain name

---

[3] Distinguished on other grounds in *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. [Tex.] 2015) (appealability of interlocutory receivership order).

rights it purchased from the receiver, regardless of the disposition on appeal of the order appointing the receiver. *Id*. As the Supreme Court said, "[t]he proceedings [t]hereafter will relate ***only*** to the disposition of . . . the ***proceeds*** of the sale." *Sage*, 96 U.S. at 714 (emphasis added). *See also SEC v. Janvey*, 404 Fed.Appx. 912, 915-16 (5th Cir. [Tex.] 2010) (good faith purchaser status trumps a challenge to an [un-stayed] order confirming the judicial sale of property).

2. By analogy, as cited in *SEC v. Janvey, supra*, the underlying principal of this rule is codified in the statutory bankruptcy provision contained in 11 U.S.C. §363(m) which protects, from later modification on appeal, an authorized sale by a trustee where the purchaser acted in good faith and the sale was not stayed pending appeal. *Gilchrist v. Westscott (In re Gilchrist)*, 891 F.2d 559, 560 (5th Cir. [Tex.] 1990). The same preference for finality and efficiency in the bankruptcy context codified in §363(m) - that is, providing good faith purchasers with a final order and removing the risks of endless litigation over ownership, see *Newco Energy v. Energytec, Inc. (In re Energytec, Inc.)*, 739 F.3d 215, 218-19 (5th Cir. [Tex.] 2013) - equally applies in the receivership context.

3. In particular, the fact that the purchaser knew about the pendency of an appeal is not dispositive, so long as the sale was not stayed pending the appeal. *Gilchrist*, 891 F.2d at 561 ("Gilchrist's failure to obtain a stay is fatal to his position"). *See also **Am. Grain Assoc. v. Lee-Vac, Ltd.,*** 630 F.2d 245, 247 (5th Cir. [La.] 1980) ("In the absence of a stay of a bankruptcy court's order affecting a debtor's property, a party appealing the order will not be heard to affect the rights of a third party who, pursuant to the order, acquired, in good faith, . . . the property"), *citing **In re Dutch Inn of Orlando, Ltd.,*** 614 F.2d 504, 506 (5th Cir. [Fla.] 1980) (mere knowledge that an aggrieved party has appealed the bankruptcy court's order does not deprive a third party of the protection afforded a good faith purchaser).

13

4. Lookout, thus, as a third-party purchaser in an arms-length transaction for value in an authorized sale by the receiver acquired the title to the domain name rights it purchased from the receiver, *regardless*, either of the fact of the pendency of an appeal or of the disposition on appeal of the order appointing the receiver. This is the same legal and equitable result as the express statutory effect of an authorized sale by a trustee in bankruptcy, *regardless*, so long as the authorizing order was not stayed on appeal. It does not matter what Lookout knew about the status of the receivership, so long as the sale was authorized at the time and the order was not stayed pending the appeal. *United States v. "A" Mfg. Co., supra; SEC v. Janvey, supra*. Lookout as a matter of law retains the title to the domain name rights that it acquired from the receiver.

5. Moreover, while Associated Recovery's predecessors, Novo Point, LLC, and Jeffrey Baron, had contested the sales of the domain name rights in the *Netsphere, Inc. v. Baron* case, Associated Recovery's predecessors never specifically contested in the district court the good faith of the purchasers such as Lookout, with regard to their purchase of the domain name rights from the receiver. Associated Recovery's predecessors, therefore, effectively waived any complaint about the good-faith status of the purchasers and the issue now is moot. *See Petfinders, L.L.C. v. Sherman (In re Ondova Ltd. Co.)*, 620 Fed. Appx. 290, 291 (5th Cir. [Tex.] 2015), *cert. denied, Petfinders, LLC v. Sherman*, 136 S. Ct. 982, 194 L. Ed. 2d 5, 2016 U.S. LEXIS 856 (2016), citing *In re Gilchrist, supra.*

### F. Claim based on Cyberpiracy Prevention

1. Furthermore, Associated Recovery's asserted claim to common-law trademark rights in the domain names is implausible on its face as against Lookout. The transfer of the domain name rights by the receiver to the purchaser implies the transfer of a license to use the name, regardless of whether the sale is voluntary or involuntary. *See McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d

917, 920 (Fed. Cir. 1995) (patent right). In addition, Lookout already had applied for and in due course subsequently had been issued domestic (and foreign) registration for its trademark name "Lookout" *prior* to the purchase of the subject domain name rights to "lookout.com." Sara A. Holman Decl. at ¶6-7.

2. If anyone has a claim for cyberpiracy prevention, it is Lookout against Associated Recovery for Associated Recovery's assertion of a putative claim to a domain name identical to Lookout's registered trademark under which Lookout actively conducts commerce. *See, e.g., Petfinders, L.L.C. v. Sherman (In re Ondova Ltd. Co.), supra*: "The [Bankruptcy] Court further heard convincing evidence that Discovery holds numerous trademark registrations on the word "petfinder" and that any use or sale by the Trustee of the Domain Name could lead to claims by Discovery of trademark infringement". Associated Recovery's assertion of its barred claim to the domain name rights to "lookout.com" potentially infringes on Lookout's registered trademark name rights in "Lookout."

### G. Conclusion – Failure to State a Claim

1. In any regard, Associated Recovery's **complaint does not contain "enough facts to state a claim to relief that is plausible on its face."** *Twombly,* 550 U.S. at 554. The amended complaint essentially attempts to conjure by a virtual sleight-of-hand an assigned claim that did not exist to be assigned: Associated Recovery on the one hand claims that it acquired the domain name rights from its predecessor(s)-in-interest, but then Associated Recovery on the other hand complains that the defendants acquired the domain name rights from the receiver in the course of the receivership (which they did). In the latter regard, then, Associated Recovery's claim is illusory, regardless of any purported assignment of it, since its predecessors-in-interest's claim would be limited to the proceeds of the sale, only, if at all. *United States v. "A" Mfg. Co., supra*.

2. Associated Recovery's claim that its assignment included the right to sue to recover the subject domain names and damages also is illusory: Associated Recovery's predecessors-in-interest, whether Novo Point, LLC, or Jeffrey Baron, and, hence, Associated Recovery, itself, are barred from re-litigating against the court-appointed receiver *or his transferees* any complaint based on transfer of the domain name rights while that asset was in receivership. This is because of the operation of the final orders in the receivership action, *Netsphere, Inc. v Baron, supra*, and because of the effect of the dismissal *with prejudice* in the subsequent lawsuit directly against the receiver, *Baron v. Vogel, supra*: "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties *or their privies* based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of *issues* actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co.* v. *Shore,* 439 U.S. 322, 326, n. 5, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979) (emphasis added.) *Accord, Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628-31 (Tex. 1992); *Texas Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979). *See also Keys v. Sawyer*, 353 F. Supp. at 940 (action barred by *res judicata* fails to state a claim).

3. In other words, either way, by *res judicata* or by collateral estoppel, Associated Recovery's complaint fails to state any claim based on wrongful receivership for which any relief can be granted against Lookout as to the transferred domain name rights. As the Supreme Court stated in *Ashcroft v. Iqbal, supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678. Associated Recovery's amended complaint fits that description to the proverbial "T." When it is specifically considered in context of the record, Associated Recovery's amended complaint wholly fails **to state a claim**

upon which any relief can be granted against Lookout: Associated Recovery is not asserting anything fundamentally new or different from what its predecessor(s) in interest tried to assert against the receiver, and Associated Recovery is not asserting anything else or fundamentally different against Lookout as the receiver's purchaser. Associated Recovery asserts "nothing more than [unfounded] conclusions" against Lookout. *Id*. Associated Recovery's suit, therefore, should be dismissed as to Lookout.

### H. Supporting Evidentiary Matters

1. As an evidentiary matter, this Court may consider Lookout's supporting declaration as well as the matters of public record in deciding the jurisdictional issue of standing. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. [Miss.] 1994). Lookout asserts that this Court even may consider the Transfer Agreement attached to the supporting declaration, *see Collins v. Morgan Stanley*, 224 F.3d 496, 498-99 (5th Cir. [Tex.] 2000), as well as take judicial notice of the relevant matters of public record, *see Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. [Tex.] 1996), in deciding whether a claim has been stated.

2. The point in urging this Court to consider these matters, particularly the relevant public record, even in the context of failure to state a claim, is not that this Court is being asked to make any merits-oriented determination of disputed facts, as in the context of a motion for summary judgment. *Cf. Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994). It is, rather, that this Court is being asked to consider related matters of record in a procedurally-oriented context, just as this Court is asked to consider the governing statutes and rules as well as the controlling and analogous case law. *Id.* These related matters in effect are the 'law of the case.' In so taking into account these matters of record, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether

a claim has been stated." *Collins*, 224 F.3d at 499. Associated Recovery, itself, has attached and incorporated selected matters of record in its prior pleadings. *See Sheppard,* 158 F.R.D. at 595, fn.6, citing Fed. R. Civ. P. 10(c): "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

3. Any plaintiff's complaint inherently incorporates matters explicitly or implicitly relied upon under the circumstances of the case as the bases for any alleged causes of action. In this case, Associated Recovery explicitly relies in its consolidated amended complaint upon the circumstances of the underlying receivership order and the court of appeals vacatur of it, as the basis for all of its alleged causes of action. This Court may take judicial notice of adjudicated facts at any stage of the proceeding. Fed. R. Evid. 201. *See Lovelace, supra*. And, when the plaintiff references a matter that is integral to the claim but that is contradictory of the complaint, the defendant may introduce the matter as part of the motion to dismiss. *See Sheppard, supra*. By explicating these matters of record, Lookout "merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, *supra*.

## III. Failure to Join a Required Party

### A. Introduction - Legal Standards

1. In this case, it is clear that a number of absent parties should be joined in this purported declaratory judgment action: for one, the receiver, Peter Vogel, and his manager, Damon Nelson; for another, the plaintiff's predecessors-in-interest, Novo Point, LLC, and Jeffrey Baron. The crux of Associated Recovery's complaint is the transfer of the domain name rights by the receiver, Peter Vogel, through his manager, Damon Nelson, in the name of Novo Point, LLC, to the third-party purchaser, Lookout. The purported standing of Associated Recovery is based on the after-the-fact

purported assignment of the same domain name rights by Novo Point, LLC, to Associated Recovery. Any disposition of Associated Recovery's complaint necessarily imports a determination of the relative rights, status, and legal relations of all of these parties.

2. Fed. R. Civ. Proc. 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. [La.] 2006). Rule 19 provides a two-step analysis for further deciding whether to dismiss an action for failure to join an absent party: first, Rule 19(a) provides a framework for deciding whether a given person should be joined; second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined. *Id*. As the Supreme Court has explained (following the 2007 amendment to the rule):

> Subdivision (a) of Rule 19 states the principles that determine when persons or entities must be joined in a suit. The Rule instructs that nonjoinder even of a required person does not always result in dismissal. Subdivision (a) opens by noting that it addresses joinder "if Feasible." Where joinder is not feasible, the question whether the action should proceed turns on the factors outlined in subdivision (b). The considerations set forth in subdivision (b) are nonexclusive, as made clear by the introductory statement that "[t]he factors for the court to consider include." Fed. Rule Civ. Proc. 19(b). The general direction is whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The design of the Rule, then, indicates that the determination whether to proceed will turn upon factors that are case specific, which is consistent with a Rule based on equitable considerations. This is also consistent with the fact that the determination of who may, or must, be parties to a suit has consequences for the persons and entities affected by the judgment; for the judicial system and its interest in the integrity of its processes and the respect accorded to its decrees; and for society and its concern for the fair and prompt resolution of disputes. For these reasons, the issue of joinder can be complex, and determinations are case specific * * * In all events it is clear that multiple factors must bear on the decision whether to proceed without a required person. This decision must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.

*Philippines v. Pimentel*, 553 U.S. 851, 862-63, 128 S. Ct. 2180, 171 L. Ed. 2d 131 (2008) (citations omitted).

### B. Implication of Contract - Transfer / Assignment

1. In the first place, parties to a contract are generally considered necessary to litigation concerning that contract. *Jaffer v. Std. Chtd. Bank*, 301 F.R.D. 256, 261 (N.D. Tex. 2014) (citations omitted). In this case, then, that is Novo Point, LLC, as the transferor of the domain name rights to Lookout, and Damon Nelson as the receiver's manager who executed the transfer agreement on behalf of Novo Point, LLC. It is the crux of Associated Recovery's complaint that it challenges the underlying transfer of the domain name rights in the receivership, that is, the contract between Novo Point, LLC, and Lookout. Associated Recovery's complaint, therefore, necessarily implicates a determination of the relative rights, status, and legal relations of Novo Point, LLC, Damon Nelson, and Peter Vogel as regards Lookout.

2. In the second place, by analogy to a corporate subsidiary, both Novo Point, LLC, as the plaintiff's predecessor-in-interest and the receiver (through his manager) as the defendant's predecessor-in-interest should be considered necessary parties that are required to be joined. *Id*. at 260, citing *Freeman v. Northwest Acceptance Corporation*, 754 F.2d 553, 559 (5th Cir. 1985). In a manner conflating the two principles, the district court in *Jaffer, supra*, cited *Travelers Indemnity Company v. Household International, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991), in which that district court held that an insurer's subsidiary that initiated a contract for an insurance policy constituted a necessary party to a lawsuit concerning that insurance policy, even though the subsidiary's parent company assumed all of the risks and liabilities of the policy. That district court had surveyed authority from several circuits and found that "the precedent supports the proposition that a contracting party is the paradigm of an indispensable party." *Id*. Associated Recovery's assignee status, therefore, also necessarily implicates a determination of the relative rights, status, and legal relations of Jeffrey Baron, and Novo Point, LLC, as regards Associated Recovery, itself, as well as regards Lookout.

**C. Joinder Not Feasible**

1. On information and belief, however, Jeffrey Baron is a local area resident and hence a citizen of Texas. It is not feasible, therefore, to join Jeffrey Baron as an involuntary plaintiff, since his joinder would deprive the court of complete diversity. *See, e.g., Pulitzer-Polster v. Pulitzer, supra*. Similarly, on information and belief, the receiver, Peter Vogel, and his manager, Damon Nelson, also are local area residents and hence citizens of Texas whose joinder would defeat complete diversity.

2. Additionally, it is not feasible to join the receiver or his manager since they have been adjudicated as entitled to derivative judicial immunity from the plaintiff's claims, as determined by this Court in civil case no. 3:15-CV-232-L styled *Baron v. Vogel,* Court Dkt. No. 49, pg.16-20, 2016 U.S. Dist. LEXIS 44294 at *16-*20 (N.D. Tex. Mar. 31, 2016), relying on *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 373-75 (5th Cir. [Tex.] 1995). Yet, Associated Recovery seeks a declaratory judgment regarding all of their actions and affecting all of their interests.

**D. Dismissal Required**

1. The relevant inquiry then becomes whether in equity and good conscience the action should proceed among the parties before the court, or whether the case should be dismissed to avoid manifest injustice. *Pulitzer-Polster v. Pulitzer*, 784 F.2d at 1312. The Supreme Court has stated that the factors enumerated in Rule 19(b) may be delineated as the interests that affect four categories of persons, one category being the defendant and the defendant's interest in avoiding "multiple litigation, or inconsistent relief, *or sole responsibility for a liability he shares with another.*" *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109-10, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968) (emphasis added). In this instance, the defendant, Lookout, certainly

has an interest in avoiding sole responsibility for the putative liability of the receiver or of the receiver's manager for their claimed wrongful transfer of the subject domain name rights. This Court, therefore, in equity and good conscience should dismiss this action under Fed. R. Civ. Proc. 12(b)(7). *Id.*

2. The Supreme Court further delineated one of the four categories of affected persons' interests as a broad public interest category, that is, "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Id*. at 111. As the court of appeals held in *Pulitzer-Polster v. Pulitzer*, "[t]his case is almost a paradigm of needless multiple litigation" and "[t]he public's interest therefore supports the district court's determination that the suit should be dismissed." 784 F.2d at 1313. This case likewise fits the particularly apt description of "needless multiple litigation." The Fifth Circuit labeled Associated Recovery's predecessor, Jeffrey Baron, a vexatious litigant in 2012. *Netsphere, Inc. v. Baron*, 703 F.3d at 311. The circumstances of all of the succeeding litigation, including this case, have not served to rehabilitate this characterization of Jeffrey Baron and his successor/assignee proxy, Associated Recovery. This Court, then, in considering these case-specific factors, in equity and good conscience should dismiss this action. *Pulitzer-Polster v. Pulitzer*, 784 F.2d at 1312-13. *See also Hood ex rel Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. [Miss.] 2009) *cert. denied*, 559 U.S. 904, 130 S. Ct. 1319, 175 L. Ed. 2d 1074 (2010).

### E. Conclusion – Failure Join Required Party

1. Once again, in any event, once Lookout properly demonstrates that a required party is absent, the burden of disputing this initial appraisal falls on the plaintiff. *Pulitzer-Polster*, 784 F.2d at 1309. Associated Recovery must identify (1) any absent person who is required to be joined if feasible and (2) the reasons for not joining that person. Fed. R. Civ. Proc. 19(c).

22

2. Additionally, on information and belief, the named defendants who have appeared and answered to date may not in every instance be the current domain name rights holders or registrants. See Associated Recovery's motion for leave for substitute service and an extension of time, Court Dkt. No. 103. It appears that there are additional current transferees, or at least other current registrants (as well as registrars) of the domain name rights, named in the consolidated amended complaint.

3. Furthermore, the status of service of all parties named in Associated Recovery's third amended complaint is not clear from the pleading. The Court's Dkt. No. 123 regarding filing of the third amended complaint reflects that "summons(es) not requested at this time." To the extent that Associated Recovery seeks a declaratory judgment affecting all of their interests, then Associated Recovery must identify the reasons for not joining such other named holders or registrants or their respective registrars as required parties.

## IV. Dismissal of Abandoned Claims

1. Associated Recovery's Third Amended Complaint omits any allegations of Associated Recovery's previously asserted claims for misappropriation, to quiet title, or for fraudulent conveyance.[4] The plaintiff's omission of a claim by an amended complaint constitutes a voluntary abandonment of the claim. *See Akerblom v. Ezra Holdings Ltd.*, 509 Fed. Appx. 340, 345 (5th Cir. [Tex.] 2013), citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir. [Tex.] 1985). As the court of appeals stated in *Boelens*: "[It is] the general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect [and] the plaintiff [therefore] must be held to the jurisdictional consequences of a voluntary abandonment of claims . . ." *Id.*

---

[4] See Amended Complaint in civil action no. 2:16-CV-126 styled *Associated Recovery, LLC v. Linda Butcher, et al.* in the U.S.D.C. for the E. Dist. of Tex., Marshall Div., transferred to N. Dist. of Tex., docketed as 3:17-CV-651-L, court Dkt. No. 15.

23

2. Lookout, therefore, at a minimum requests the court enter an interlocutory order of dismissal with prejudice of any claim for misappropriation, to quiet title, or for fraudulent conveyance, based on Associated Recovery's failure to prosecute any such claims. Fed. R. Civ. Proc. 41(b), 54(b).

## CONCLUSION

When the Court considers the totality of the circumstances of the case, the Court has any one of three valid grounds to dismiss the action as to Lookout: for plaintiff's lack of jurisdictional standing, for plaintiff's failure to state a claim upon which any relief can be granted as against Lookout, or for plaintiff's failure to join a required party.


June 14, 2017                           Respectfully submitted,

                                        **MANN | TINDEL | THOMPSON**
                                        300 West Main Street
                                        Henderson, Texas 75652
                                        (903) 657-8540
                                        (903) 657-6003 (fax)


                              By: _____*/s/ J. Mark Mann*_____
                                     **J. Mark Mann**
                                     State Bar No. 12926150
                                     mark@themannfirm.com
                                     **G. Blake Thompson**
                                     State Bar No. 24042033
                                     blake@themannfirm.com

                                     **ATTORNEYS FOR LOOKOUT, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document on June 14, 2017.


*/s/ J. Mark Mann*
**J. Mark Mann**