IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1025-L |
| | § | (Consolidated with Civil Action Nos. |
| **JOHN DOES 1-44,** *et al.*, | § | 3:17-CV-424-L and 3:17-CV-651-L) |
| | § | |
| Defendants. | § | |

**DEFENDANT, LOOKOUT, INC.'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S AMENDED MOTION TO DISMISS UNDER R12(b)**

1. Associated Recovery in its response continues to claim that the Fifth Circuit Court of Appeals' opinion in *Netsphere v. Baron* reversed any prior order of the district court granting the sale of domain names and rendered the sales void *ab initio*. Court Dkt. No.155, pgs.3-15, ¶¶14-15. The short answer is, no, it did not. The court of appeals' opinion does *not* address any specific order for the sale of the domain names. It does *not* specifically set aside the prior domain name sales. It does *not even* immediately set aside the receivership. It remanded the matter to the district court to wind-down the receivership, in the final analysis of which this court approved the actions of the receiver (which inherently included the prior domain name sales), apportioned the resulting cash proceeds of the sales, and discharged the receiver.

2. The foundation of Associated Recovery's consolidated amended complaint - this persistently fallacious interpretation of the legal effect of the court of appeals' opinion, that it purportedly voided any of the domain name sales that had been made under the receivership - already had been addressed *and rebutted* by this court in its post-appeal memorandum opinion and order on the receiver's application for final accounting, payment, and discharge in *Netsphere v. Baron*. The receivership as a matter of fact continued in existence *until* it was finally wound-

down in 2015. It was not voided *per se* by the court of appeals, and no prior sales were voided post-appeal by the district court.

3. The fact that the court of appeals considered Judge Ferguson's receivership order to be an abuse of discretion does not inherently mean that the order was jurisdictionally flawed. To the contrary, all of the court of appeals' subsequent opinions and of the district court's subsequent rulings, whether by Judge Ferguson or by this court, have inherently recognized the *de facto* continuation of the receivership and the validity of the prior domain name sales by the receiver.

4. Associated Recovery's assertion (¶33) regarding the *Baron v. Schurig* memorandum opinion, entered by this court in the context of the appeal of the bankruptcy court's summary judgment regarding attorney fee claims, is unfounded and the actual holding is entirely consistent in this regard. In *Baron v. Schurig*, this court had to determine whether Jeffrey Baron's former attorneys had standing as such to pursue an involuntary bankruptcy proceeding against him. In a nutshell, this court reasoned that: the court of appeals' opinion held it was improper for Judge Ferguson to impose a receivership in order to satisfy inchoate claims for unpaid attorney fees; therefore, it was improper for Judge Ferguson to enter an order for the payment of any amount for such attorney fees; thus, the attorneys lacked standing to file the involuntary bankruptcy proceeding against Jeffrey Baron since there was a bona fide dispute as to any liability for and the amount of such fees absent Judge Ferguson's attorney fee order; and, hence, the bankruptcy should be dismissed. "To avoid any ongoing confusion and to-and-fro," this court specifically vacated the attorney fee order. In comparison, this court in *Netsphere v. Baron* never determined that any domain name sales were void and this court never vacated any domain name sales.

5. Likewise, Associated Recovery's assertion (¶34) regarding the *Netsphere v. Baron* interim order, entered by this court in the context of the post-appeal winding-down of the

receivership, also is unfounded and the actual holding again is entirely consistent in this regard. This court in that order simply required the return of the *noncash* assets held in receivership, that is, the remaining *un*sold domain name rights, either to Baron or to Novo Point and Quantec, as this court was required to do so by the court of appeals' opinion. In the process of which, the court declined to entertain any purported competing claim by Baron to the ownership (in the name of another limited liability company) of all of Novo Point's and Quantec's remaining assets. The court, similarly "[t]o avoid confusion moving forward," removed the receiver's manager over Novo Point's and Quantec's remaining assets to be returned, and the court directed the receiver to proceed with the winding-down and final accounting. In the further process of which, the court finally apportioned the cash proceeds of the sales still held by the receiver, in accordance with the court of appeals' opinion. Again, this court subsequently never determined that any domain name sales were void and this court never vacated any domain name sales.

6. Whether Lookout knew of the pending appeal at the time it purchased the domain name rights is not dispositive, either, so long as the order appointing the receiver was not stayed during the appeal. Absent any stay, Lookout received title to the domain name rights in the sale from the receiver, regardless of the pendency of an appeal and regardless of the subsequent vacatur of the receivership order. Lookout's position as a purchaser for value from the receiver actually is stronger in legal effect than that of a bona fide purchaser as such, since notice of any appeal is immaterial if there was not any stay order in effect.

7. There is no legal or factual issue about this court's approval in *Netsphere v. Baron* of the final accounting and discharge of the receiver, specifically including the receiver's professionals such as the domain name portfolio manager. And, there is no legal or factual issue about this court's subsequent analysis in *Baron v. Vogel* that Associated Recovery's

predecessors-in-interest's claims failed to state a cause of action against the receiver or his professionals. Both have been affirmed on appeal. Since the domain name sales were not void *ab initio* and since they subsequently were not voided post-appeal, then Associated Recovery cannot collaterally attack by proxy in any subsequent litigation the sale of the domain name rights.

8. Associated Recovery purportedly got its property, that is, these certain internet domain name rights, by assignment from its direct predecessor-in-interest, Novo Point, which had the domain names taken from it in the receivership. But, if these domain names were taken from Novo Point in the receivership, whether rightfully or wrongfully, then Novo Point no longer had any domain names rights to assign to Associated Recovery. In point of fact, Associated Recovery is collaterally attacking the transfer of the domain names in the receivership and is trying to do by proxy on behalf of Novo Point just what Associated Recovery's own name implies, to recover the transferred domain names through associated litigation.

9. And, it is precisely that issue of the transfer of the domain names in the receivership which already has been resolved adversely to Associated Recovery's predecessor, Novo Point, and hence to Associated Recovery as a privy successor. Associate Recovery simply is attempting to "spin" the plain language of the court of appeals' opinion in *Netsphere v. Baron*, directly contrary to this court's affirmed subsequent order approving the receiver's final accounting and discharge in *Netsphere v. Baron* and directly contrary to this court's affirmed subsequent order granting the defendants' motion to dismiss in *Baron v Vogel*.

10. Associated Recovery's more particular assertion that Lookout cannot base a Rule 12(b)(6) motion to dismiss on a contention of res judicata is incorrect. As long as the court is not required to determine a disputed question of fact more properly addressed by motion for summary judgment, then it is entirely appropriate for the court to determine as a matter of law a

defense in bar raised by a motion to dismiss for failure to state a claim. In this case, the only arguable dispute is one of law regarding the effect of the court of appeal's vacatur opinion on the prior sales of the domain name rights. As a matter of law, the court of appeals' opinion did not set aside the prior sales and did not render them void *ab initio*.

11. Additionally, Associated Recovery's objections to any claimed "procedural improprieties" of Lookout's amended motion are specious. In particular, Associated Recovery's objection to "all matters outside of the pleadings" is inherently contradictory, since Associated Recovery itself expressly incorporates and even appends as exhibits to its consolidated amended complaint "matters outside of the pleadings," that is, select receivership orders and the court of appeals' opinion in the underlying *Netsphere v. Baron* case. In addition, Associated Recovery's objections to Lookout's declaration are nothing more than *pro forma* boilerplate challenges, which should be overruled as being too general. Lookout's declaration is sufficiently based on the personal knowledge of the declarant, does set out facts that would be admissible in evidence if the declarant were testifying in court, and does adequately show the declarant to be competent to testify on the matters stated.

12. Finally, as to the failure to join a party, the common nucleus of operative facts among all the parties in the lawsuit is the receivership in *Netsphere v. Baron*. That common issue necessarily implicates all of the factual circumstances and legal effects of the receivership in *Netsphere v. Baron*, as well as the legal interests of Novo Point, the receiver, and his professionals as parties required to be joined under Rule 19. But the receiver or his professionals cannot be joined, based on the factual circumstances and legal effects of the orders in *Baron v. Vogel*. So, that requires dismissal under Rule 12(b)(7).

13. For these reasons, as well as the reasons set out in its amended motion and supporting briefs, defendant, Lookout, Inc., requests the court dismiss the consolidated amended action as to Lookout, Inc.

Dated: August 11, 2017                    Respectfully submitted,

**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)


By: _____/s/ J. Mark Mann_____
   **J. Mark Mann**
   State Bar No. 12926150
   mark@themannfirm.com
   **G. Blake Thompson**
   State Bar No. 24042033
   blake@themannfirm.com
   **L. Nelson Hall**
   State Bar No. 08785800
   nhall@themannfirm.com

**ATTORNEYS FOR LOOKOUT, INC.**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on August 11, 2017.


*/s/ J. Mark Mann*_____
**J. Mark Mann**