IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ASSOCIATED RECOVERY, LLC,** | |
| Plaintiff, | **No. 3:16-CV-1025-L** |
| v. | (Consolidated with Nos. 3:17-CV-424-L and 3:17-CV-651-L) |
| **JOHN DOES 1-44,** *et al.,* | |
| Defendants. | |

**REPLY IN SUPPORT OF CONSOLIDATED**
**DEFENDANTS' RULE 12(b) MOTION TO DISMISS THIRD AMENDED COMPLAINT**

I.      **INTRODUCTION**

The motion to dismiss jointly filed by the Consolidated Defendants [ECF No. 135] should be granted. Not even Hammurabi's Code can help Plaintiff's pleadings survive because the premise underpinning every aspect of its lawsuit is demonstrably incorrect.

The Defendants here each purchased domain names authorized for sale by this Court in prior proceedings involving Plaintiff's alleged predecessor-in-interest. Plaintiff now wishes that the Fifth Circuit had undone such domain name sales; and has sued Defendants to recover those domain names on the theory that the Fifth Circuit did so. But Jeffrey Baron, the man behind Plaintiff and its alleged predecessor, already asked the Fifth Circuit to undo those sales. The Appellate Court did not. Instead, the Fifth Circuit ordered—and subsequently affirmed—that sale proceeds be used to pay receivership fees. Plaintiff's theory is that the Fifth Circuit did not mean what it ordered. That is a futile argument.

Defendants have demonstrated, several times over, why Plaintiff's claims fail. Plaintiff does not contest many of those arguments. And the points Plaintiff does make are, almost invariably, legally incorrect. By attacking Defendants for Court-ratified sales, Plaintiff seeks to relitigate decided issues. Plaintiff's complaint should be dismissed with prejudice and without any leave for further amendment because it is incurably flawed.

II.      **ARGUMENT AND AUTHORITIES**

      1.      ***Plaintiff is silent about the case-dispositive point.*** Even the Code of Hammurabi cited by Plaintiff provides that a voided sale is a two-way street: the property and the money paid are both returned. *See* [ECF No. 157] at 1. Here, the Fifth Circuit ordered the money raised through the domain name sales be used to pay receivership fees, *Netsphere, Inc. v. Baron*, 703 F.3d 296, 313 (5th Cir. Dec. 18, 2012), and it specifically exercised jurisdiction to affirm the implementation of that order. *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 2016 U.S. App. LEXIS 12627 (5th Cir. Jul. 8, 2016). Plaintiff's opposition effectively concedes that its entire case depends on the Fifth Circuit having voided the domain name sales (*see, e.g.*, [ECF No. 157]

at 11). But the Fifth Circuit never did so. The Fifth Circuit's rulings about using sale proceeds to pay receivership fees, which Plaintiff simply refuses to acknowledge, defeat Plaintiff's entire case. *See id.*; *see also Netsphere, Inc. v. Baron*, 2012 U.S. App. LEXIS 27248, at *4-5 (5th Cir. Dec. 31, 2012) (granting motion to clarify and stating: "We point out that our opinion did not dissolve the receivership immediately. We ordered a remand for an expeditious winding up of the receivership."); *Netsphere, Inc. v. Baron*, No. 3:15-CV-0988-L, 2015 U.S. Dist. LEXIS 39735 at *14, n.3 (N.D. Tex. Mar. 27, 2015) (noting the Fifth Circuit's December 31, 2012 clarification order, and stating that Jeffrey Baron's earlier "efforts to seize control of the domain name assets" were inconsistent with that clarification order). There is no basis for Plaintiff to collaterally re-attack earlier actions of the receiver, this Court, and the Fifth Circuit when Plaintiff's predecessor already lost this dispositive issue.

2. ***The Court may take judicial notice of all prior rulings relevant to Defendants' motion to dismiss.*** Plaintiff appears to suggest that the Court may not consider relevant rulings by the Fifth Circuit and this Court because they are "outside the pleadings." [ECF No. 155] at 20; [ECF No. 157] at 15-16. That is incorrect. On a motion to dismiss, the Court may take judicial notice of prior court rulings, and this does not convert the motion to one for summary judgment. *E.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record. Accordingly, the consideration of the consent judgment does not convert this motion into one for summary judgment.") (citations omitted); *Olaoye v. Wells Fargo Bank, NA*, No. 3:12-cv-04873-M(BH), 2013 U.S. Dist. LEXIS 140892, at *10 (N.D. Tex. Aug. 29, 2013) ("It is also clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") (internal quotation omitted).

3. ***The Court may consider the domain name transfer agreement submitted by Defendants.*** Plaintiff argues that the Court should not consider the domain name transfer agreement Defendants provided with their motion to dismiss. [ECF No. 155] at 19 (moving to

strike Defendants' Exhibit A).  It is understandable why Plaintiff does not like that document: it shows that Plaintiff's pleadings are mistaken when Plaintiff purports to state terms found in all such agreements.  *Compare* Defendants' Exhibit A [ECF No. 137] *with* Plaintiff's Third Amended Complaint [ECF No. 123] at ¶25.  Regardless, the Court may consider Defendants' exhibit because Plaintiff's pleadings raise it.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 791 (N.D. Tex. 2009) ("The Fifth Circuit has consistently stated that the Court may consider documents on a motion to dismiss without converting that motion into one for summary judgment where the documents are central to the plaintiffs' claims and are referred to in the complaint.").[1]

   **4.**  ***Plaintiff does not contest numerous dispositive arguments.*** Plaintiff says zero in response to the following arguments, which are dispositive in whole or in part:

- Plaintiff lacks standing because no injury occurred: Money was paid for the domain name transfers.  The amounts paid cannot be questioned in hindsight, as this Court already approved the sales and the Fifth Circuit affirmed using the proceeds to pay receivership fees.  Further, no Defendant caused any alleged injury, as the domain names were sold by a court-appointed receiver at prices set by the receiver in what were indisputably arms-length transactions with Defendants.  [ECF No. 136 at 18-20]

- Plaintiff's claims are time-barred for conversion/unjust enrichment, unfair competition/common law trademark infringement, intentional interference with contract, and

---

[1] At one point, Plaintiff even objects to the domain name transfer agreement as hearsay. [ECF No. 155] at 19.  That is also legally incorrect.  *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay"); *Brendel v. Meyrowitz*, No. 3:15-CV-1928-D, 2016 U.S. Dist. LEXIS 7954 at *12 n.5 (N.D. Tex. Jan. 25, 2016) (describing this rule as "well-settled").

Case 3:16-cv-01025-L   Document 163   Filed 08/11/17   Page 5 of 11   PageID 2825

breach of contract because Plaintiff pleads that the acts giving rise to these claims occurred before December 18, 2012. [*Id.* at 12-13]

- Plaintiff cannot state any facts to ground any "mark" claim because Plaintiff's only fact allegation is that domain names at issue were registered (by someone else) a long time ago. Such registration creates no "mark" rights by itself. [*Id.* at 14, 20-22]

- Plaintiff's Anticybersquatting Consumer Protection Act requires pleading facts concerning Defendants' alleged bad faith, and Plaintiff did not and cannot plead any such thing. [*Id.* at14-15]

- Plaintiff cannot plead a conversion claim because such claims concern only physical property. [*Id.* at 16-17]

Plaintiff's failure to even argue these points demonstrates the cavalier approach it has taken to pleading and trying to justify a wholly unfounded lawsuit.

  **5.** ***The Court may adjudicate the preclusive effect of prior rulings raised by a motion to dismiss.*** Plaintiff argues that collateral estoppel may not be raised by a motion to dismiss because it is an affirmative defense. [ECF No. 155] at 20, [ECF No. 157] at 15-16. That is incorrect. *See, e.g.*, *Larter & Sons v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir. 1952) ("With respect to specific affirmative defenses such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss."); *Jackson v. Deutsche Bank Trust Co.*, 583 F. App'x 417 n.1 (5th Cir. 2014) (quoting *Larter & Sons* for this proposition); *Caro v. City of Dallas*, No. 3:15-CV-1210-L, 2016 U.S. Dist. LEXIS 7955 at *10 (N.D. Tex. Feb. 1, 2016) (same).[2]

---

[2] Plaintiff similarly argues that statute of limitations cannot be raised because it is an affirmative defense. That is also legally incorrect. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling.")

4

6. ***The Court ruled, and the Fifth Circuit affirmed, that Plaintiff's theory is impermissible.*** This Court ruled unequivocally that "any claim by Plaintiffs based on the wrongful establishment or continuation of the receivership or payment of receivership expenses is an impermissible collateral attack of prior orders[.]" *Baron v. Vogel*, No. 3:15-CV-232-L, 2016 WL 1273465 at *6 (N.D. Tex. Mar. 31, 2016). The Fifth Circuit affirmed, adopting this Court's "analysis in full." 2017 U.S. App. LEXIS 3369 (5th Cir. Feb. 24, 2017). Plaintiff nonetheless argues that the Court did not make any such ruling. *See* [ECF No. 157] at 16-17. That is blind refusal to accept and respect the Court's words.[3]

7. ***The domain name transfer agreements are not quitclaim deeds.*** Quitclaim deeds concern real property, as 'deed' indicates, and as one of Plaintiff's cited cases explains. *Orca Assets, G.P. v. Burlington Res. Oil & Gas Co.*, 464 S.W.3d 403, 408-409 (Tex. App.—Corpus Christi 2015, pet. denied) (explaining that quitclaim deeds concern real property, citing Black's Law Dictionary) (cited at [ECF No. 157] p. 12). Against that backdrop, it makes sense that a purchaser of land "is charged with knowledge of the provisions and contents of recorded instruments." *See Tex. Dept. of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W. 3d 162, 169 (Tex. 2013) (also cited by Plaintiff). Here, by stark contrast, the domain name transfers did not convey real property. Moreover, they were executed through a Court-ordered receivership process, and specifically approved by the Court at the time—and again, the proceeds were subsequently ordered to be used to pay receivership fees. Plaintiff has no authority even remotely suggesting that purchasers under such circumstances are not "bona fide purchasers." *See E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 459 (5th Cir. 1982) ("A bona fide purchaser

---

[3] That Mr. Baron was a party to these prior opinions and is intimately involved in this case requires that he be added as a necessary party pursuant to Rule 19 if this matter proceeds. *See, e.g.*, [ECF No. 157] at 19 (conceding Baron's interest in this case). Otherwise, there is substantial risk to Defendants of further frivolous lawsuits by Baron. Plaintiff's argument that Baron's joinder is not feasible because it would deprive the Court of subject matter jurisdiction is incorrect. *See id.* at 19-20. Plaintiff's Third Amended Complaint raises federal questions, meaning this Court would retain subject matter jurisdiction regardless of party diversity.

. . . is one who buys property in good faith for valuable consideration and without knowledge (actual or imputed) of outstanding claims in a third party or parties.").

8.  *Any purchaser knowledge of the* **Netsphere** *appeal is immaterial.*  Plaintiff argues that Defendants knew Jeffrey Baron's appeal in 2010 could establish that the domain name transfers were inoperative after the fact.  Plaintiff offers no facts to support this irrelevant allegation.  Even if that were true, Plaintiff also offers no authority for the proposition that any knowledge of Baron's appeal changes anything.  *See* [ECF No. 157] at 7.  To the contrary, here, Baron actually sought—multiple times—to stay the receivership, but the Fifth Circuit denied him each time.  *Netsphere, Inc. v. Baron*, 703 F.3d at 304 ("Baron appealed to the Fifth Circuit Court of Appeals and five days later moved for a stay.  While 'express[ing] no view on the ultimate merits,' we held on December 20, that he had made an inadequate showing for a stay.  Baron renewed his motion on occasion but was never granted a stay.").  Absent a stay, the domain name purchasers were fully entitled to rely on the seller's court-given authority to sell the domain names.  *See generally Hovey v. McDonald*, 109 U.S. 150, 160-62 (1883) (receiver case; explaining that absent a stay, district court orders are operative).

9.  *Plaintiff should not be granted leave to further amend.*  Since this case began, Plaintiff has cycled through numerous counsel, filed multiple amended complaints, and received numerous lengthy extensions.  During that time, Plaintiff's position has only worsened as this Court and the Fifth Circuit have issued additional rulings that defeat its claims, on top of earlier rulings that also defeat its claims.  Plaintiff's case is futile.  The time has come to dismiss it with prejudice.  Defendants respectfully reserve the right to seek fees and costs at such time.

//

//

//

Dated:  August 11, 2017                               Respectfully submitted,

| | |
|---|---|
| /s/ *Joel C. Boehm*<br>Joel Christian Boehm (pro hac vice)<br>Texas Bar No. 24069393<br>WILSON SONSINI GOODRICH & ROSATI<br>900 South Capital of Texas Hwy<br>Las Cimas IV, Fifth Floor<br>Austin, TX 78746-5546<br>T:  (512) 338-5400<br>jboehm@wsgr.com<br><br>Clyde M. Siebman<br>Texas Bar No. 18341600<br>Siebman, Burg, Phillips, and Smith LLP<br>4949 Hedgcoxe Rd., Suite 230<br>Plano, Texas 75024<br>Telephone: 214-387-9100<br>Facsimile: 214-387-9125<br>clydesiebman@siebman.com<br><br>**Counsel for Slice Technologies, Inc.**<br><br>/s/ *Brian H. Pandya*<br>David Weslow (pro hac vice)<br>Brian H. Pandya (pro hac vice)<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, DC 20006<br>(202) 719-7457<br><br>Clyde M. Siebman<br>Texas Bar No. 18341600<br>Siebman, Burg, Phillips, and Smith LLP<br>4949 Hedgcoxe Rd., Suite 230<br>Plano, Texas 75024<br>Telephone: 214-387-9100<br>Facsimile: 214-387-9125<br>clydesiebman@siebman.com<br><br>**ATTORNEYS FOR TELEPATHY, INC.** | /s/ *Lora A. Brzezynski*<br>Lora A. Brzezynski<br>DENTONS US LLP<br>1900 K Street NW<br>Washington, DC 20006<br>Telephone:  (202) 496-7239<br>Facsimile:   (202) 496-7756<br>lora.brzezynski@dentons.com<br><br>Adam Pierson<br>Texas Bar No. 24074897<br>Patrick Doll<br>Texas Bar No. 24078432<br>DENTONS US LLP<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201-1858<br>T: (214) 259-0900<br>F: (214) 259-0910<br>adam.pierson@dentons.com<br>patrick.doll@dentons.com<br><br>**Counsel for in rem Defendants 028.com, 744.com, fny.com, jtz.com, kgj.com, kmq.com, kxq.com, kxw.com, lnm.com, luohe.com, meq.com, ocu.com, pixie.com, qmh.com, sqg.com, vcz.com, vgj.com, wyd.com, xaq.com, xff.com, xsg.com, ycx.com, ygx.com, yjr.com, yjx.com, yqp.com, yqt.com, yrn.com, yte.com, yyg.com, zdp.com, zhd.com, zulin.com, zzm.com and Defendants Creation Media LLC, Fantasy Spin Game LLC, ONIG LLC, Strong Inc., Strong, Adam, True Magic LLC, Tumult Inc., and Virtual Investments LLC** |

*/s/ M. Scott Fuller*
M. Scott Fuller
Texas Bar No. 24036607
Paul D. Lein
Texas Bar No. 24070133
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800
sfuller@lockelord.com
plein@lockelord.com

**ATTORNEYS FOR
CBRE GROUP, INC.**

*/s/ Brian Casper*
Brian Casper
Texas State Bar No. 24075563
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
P. 214.367.6017
F. 214.367.6001
brian.casper@klemchuk.com

**ATTORNEYS FOR DEFENDANT
ALANSIS.COM, INC.**

/s/ *Michael Hassett*
Michael Hassett
Texas Bar No. 00796722
JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
mhassett@tarrantbusinesslaw.com

**ATTORNEYS FOR ALL-PRO
FASTENERS, INC.**

*/s/ Franklin M. Smith*
Franklin M. Smith (MI Bar No. P76987)
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
T: (248) 433-7393
F: (844) 670-6009
fsmith@dickinsonwright.com

**Counsel for Priveco, Inc.**

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas State Bar No. 24002418
Aaron D. Davidson
Texas State Bar No. 24007080
Tim Craddock
Texas State Bar No. 24082868
KLEMCHUK LLP
8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
P. 214.367.6000
F. 214.367.6001
darin.klemchuk@klemchuk.com
aaron.davidson@klemchuk.com
tim.craddock@klemchuk.com

**ATTORNEYS FOR DEFENDANT
RADICAL INVESTMENTS
MANAGEMENT, LLC**

/s/ *Mark Levine*
Mark Levine
Texas Bar No. 00791102
WEYCER, KAPLAN, PULASKI &
ZUBER P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
T: (713) 961-9045
mlevine@wkpz.com

**Counsel for Quinn Veysey**

| | |
|---|---|
| */s/ Bobby Lamb*<br>William Robert Lamb<br>GILLAM & SMITH<br>303 S. Washington Avenue<br>Marshall, Texas 75670<br>T: (903) 934-8450<br>wrlamb@gillamsmithlaw.com<br><br>**Counsel for Power Home Technologies, LLC and Electronic Arts Inc.**<br><br>*/s/ R. William Beard, Jr.*<br>R. William Beard, Jr. (pro hac vice)<br>SLAYDEN GRUBERT BEARD PLLC<br>401 Congress Ave., Suite 1900<br>Austin, TX 78701<br>Telephone: (512) 402-3556<br>Facsimile: (512) 402-6865<br>wbeard@sgbfirm.com<br><br>Stephanie R. Barnes<br>State Bar No. 24045696<br>Siebman, Burg, Phillips, and Smith LLP<br>4949 Hedgcoxe Rd., Suite 230<br>Plano, Texas 75024<br>Telephone: 214-387-9100<br>Facsimile: 214-387-9125<br>stephaniebarnes@siebman.com<br><br>**ATTORNEYS FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | */s/ Jason Richerson*<br>Jason Richerson<br>State Bar No. 24049207<br>Richerson Law Firm<br>210-B South Cedar Ridge Drive<br>Suite 101-A<br>Duncanville, Texas, 75116<br>Tel: (214) 935-1439<br>Fax: (214) 935-1443<br>info@richersonlawfirm.com<br><br>**Attorney for Defendants DBG Partners, Inc. and Linda Butcher** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 11, 2017, the foregoing was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in the case. Accordingly, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on this date.

*/s/ Joel C. Boehm*
**Joel C. Boehm**