IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASSOCIATED RECOVERY, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 3:16-cv-01025-L |
| | ) |
| JOHN DOES 1-44, | ) |
| | ) |
| *Defendants in rem.* | ) |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant, Ye Yu, joins the arguments of the other defendants' replies and briefs as they have elegantly and succinctly summarized the relevant and salient points to request the Court to grant the Motion to Dismiss Complaint.

## ARGUMENTS AND THROUGHTS

Plaintiff's latest amended complaint depends on a single point which purported that USCA5 voided the domain name sales. However that's only Plaintiff's own interpretation. Defendant argues that Plaintiff is wrong, and

examine this from several angles pertaining to the topic of "auction covered legal expense", which is the most relevant to the "domain sales".

**A.   USCA5 did not order Plaintiff to repay auction covered legal expenses in concert with vacating the receivership.**

A theoretical fair domain transaction reversal would require Plaintiff to pay out what purchasers have paid plus the financial damages Plaintiff incurred as a reverse exchange, after all Plaintiff's actions resulted in the auction, wasted everyone else's time.

Since the Court is upholder of justice and fairness, it would be common sense to deduce that USCA5 definitely would never order Plaintiff to go get domains while enjoy the auction proceed and its benefits.

The fact that USCA5 didn't order Plaintiff to repay the auction proceed and its benefits, provides enough basis to reason with common sense that USCA5 deemed domain sales to be valid and factual, therefore unnecessary to ask for repayment from Plaintiff.

**B.   Plaintiff never offered to voluntarily repay auction covered legal expenses in the entirety of the USCA5 Appeal filings.**

Anyone with basic concept of fairness in mind would recognize that the intentional refusal to pay legal expenses was the genesis to the receivership and auction. A normal party would try to remedy this as the foundation to move forward. But apparently it either never crossed plaintiff mind, or was conveniently forgotten.

But we are not surprised as we have learned what kind of party the Plaintiff is, in previous filings, Defendant has shown that Plaintiff operated a disreputable business of domain squatting, web traffic stealing by registering similar domains to popular online destinations, ie: aplle.com, at a massive scale. Even with his "success", either greed or other unfathomable reasons still drove Plaintiff to steal domains from his previous partner Munish Krishan as we learned in Case 3:09-cv-00988-F, "Netsphere Inc. vs Baron", in which Plaintiff lost.

**C.   Plaintiff never offered to compensate Defendants in exchange for domains in entirety of the current case.**

Two Plaintiff counsels offered settlements to defendant at different occasions. In our exchange over the phone, Plaintiff counsels expressed that it would be fair for Defendant to pay an agreed amount to get "title" and be released from the case.

Plaintiff never offered to pay defendant in exchange for the domain. Plaintiff seems don't understand that Defendants all have paid money either directly or indirectly already, which benefited Plaintiff in his previous case. What plaintiff is asking in this complaint is equivalent of robbery. He is demanding something valuable while offering nothing.

**D.   Plaintiff never addressed or explained the topic surrounding auction covered legal expenses in the entirety of the current case.**

Defendant brought this subject up multiple times. Plaintiff just never explained why and how he deserves the domains back without first addressing the auction covered legal expenses.

In Conclusion, after so many amends on the complaint, several counsels, quite a few delays. Plaintiff and counsels still haven't been able to focus on and provide convincing evidence and arguments on that one kernel issue - whether the domain sales is void.

If the domain sales is not void, Plaintiff counsel's lengthy analysis and arguments on auction contract terms in the response filing of Dkt 157 amounts to nothing but distraction and diversion.

USCA5 implied the validity of domain sales through not ordering Plaintiff to repay the domain auction covered legal expenses, which makes Plaintiff's claims completely baseless.

WHEREFORE, Defendant respectfully requests that the Court to dismiss the Complaint with prejudice.

Dated: August 14, 2017               Respectfully submitted,

                                     /s/ Ye Yu

                                     _____
                                     Ye Yu
                                     5001 Wilshire Blvd, #112-528
                                     Los Angeles, CA 90036
                                     Phone: 818-919-5619
                                     Email: info@yespire.com

## CERTIFICATE OF SERVICE

On <u>August 14, 2017</u> I mailed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, through mail carrier. I hereby certify that I have served all counsel and/or pro se parties of record by mail or by electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Ye Yu*

Ye Yu
5001 Wilshire Blvd, #112-528
Los Angeles, CA 90036
Phone: 818-919-5619
Email: info@yespire.com

