IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ASSOCIATED RECOVERY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1025-L** |
| | § | (Consolidated with Civil Action Nos. |
| **ADAM STRONG, *et al.*,** | § | 3:17- CV-424-L and 3:17-CV-651-L) |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court is Plaintiff's Motion for Voluntary Dismissal (Doc. 153), filed April 11, 2018. Instead of filing an amended complaint by April 11, 2018, as required by the court's March 28, 2018 opinion to cure the deficiencies noted with respect to its remaining breach of contract claim against Defendants SocialBon, Inc.; Floridians, LLC; Media Options, Inc.; Telepathy, Inc.; News, Ltd.; JRS Holdings, LLC; Sylvia O'Donohoe; Virtual Investments, LLC; and Quinn Vesey, Plaintiff requests that the court dismiss without prejudice his remaining contract claim and related request for attorney's fees against these Defendants. Plaintiff asserts that dismissal without prejudice is appropriate because none of these Defendants has asserted counterclaims against Plaintiff. Plaintiff's motion does not include a certificate of conference as required by the court's Local Civil Rules, so it is unclear whether these Defendants oppose dismissal of Plaintiff's remaining contract claim and related request for attorney's fees.

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss an action without court order, subject to certain provisions of Rule 23, by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. Fed. R. Civ. P.

41(a)(1)(A)(i).   Rule 41(a)(1)(B) further provides that, unless the notice or stipulation states otherwise, the dismissal is without prejudice.  No answer or motion for summary judgment has been filed by any Defendant that is the subject of Plaintiff's motion, and Rule 23 is inapplicable.  Except for three Defendants named in Plaintiff's motion (Telepathy, Inc.; Virtual Investments, LLC; and Quinn Vesey) that filed motions in this and related actions to transfer and dismiss Plaintiff's contact and other claims, the other Defendants against whom Plaintiff seeks dismissal of its contract claim and request for attorney's fees have either not been served or have not filed answers after being served.  Consequently, no order by the court is technically required under Rule 41(a)(1)(A)(i) for Plaintiff to voluntarily dismiss its remaining contract claim and request for attorney's fees against these Defendants, even though it is unclear whether these Defendants oppose dismissal of Plaintiff's remaining contract claim and request for attorney's fees.  The court, therefore, **grants** Plaintiff's Motion for Voluntary Dismissal (Doc. 153) and **dismisses without prejudice** Plaintiff's remaining contract claim and related request for attorney's fees against Defendants SocialBon Inc.; Floridians LLC; Media Options Inc.; Telepathy Inc.; News Ltd.; JRS Holdings LLC; Sylvia O'Donohoe; Virtual Investments LLC; and Quinn Vesey.

The parties shall bear their own costs with respect to Plaintiff's contract claim and related request for attorney's fees; *however, in the interest of justice, given the length of time this action and related actions have been pending against the Defendants that filed motions to transfer and motions to dismiss Plaintiff's contract claim and request for attorney's fees (Telepathy, Inc.; Virtual Investments, LLC; and Quinn Vesey) , the court orders that, if Plaintiff files another action asserting the same or similar claims against these Defendants based on the facts of this case, it will be required to pay all or part of the attorney's fees and costs that these Defendants reasonably incurred*

*in this action with respect to Plaintiff's contract claim and related request for attorney's fees, and*

*Plaintiff will not be allowed to proceed with a new action against these Defendants until such*

*attorney's fees and costs, as the court determines, are paid.  See Fed. R. Civ. P. 41(d).  Further, if*

*Plaintiff files another action asserting the same or similar claims against these Defendants based*

*on the facts of this case and dismisses that action, such dismissal will operate as an adjudication*

*on the merits under Rule 41(a)(1)(B).* As no further claims by Plaintiff remain in this action, the

court will enter judgment by separate order pursuant to Rule 58(a) of the Federal Rules of Civil

Procedure.

**It is so ordered** this 12th day of April, 2018.


Sam A. Lindsay
United States District Judge

**Order - Page 3**